UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 1 2002

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA,
   Petitioner,

v.

JOHN ASHCROFT, UNITED STATES
   ATTORNEY GENERAL et al.

)
)
)
)
)
)
)
)
)

C.A. B-02-107

## POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR HABEAS CORPUS

Petitioner, through counsel, hereby files the instant Points and Authorities, in support of his petition for writ of habeas corpus, seeking a determination that he is not subject to the "mandatory detention" provisions of 8 U.S.C. §1226(c), and that, in the alternative, that said provision is unconstitutional as applied to him. In that context, he would advise this Honorable Court of the decision of the Board of Immigration Appeals dated June 25, 2002, affirming, without opinion, the results of the decision of the Immigration Judge, to wit, that the Immigration Court lacked jurisdiction to set a bond in his case, due to §1226(c). (Petitioner's Exhibit B, incorporated by reference).. [1]

### I. THE FACTS

Petitioner Larin has resided in the U.S. since approximately 1981. He became a temporary resident in approximately 1987, and an LPR in 1989. His wife is a naturalized U.S. citizen, as is his adult daughter. He has a number of significant equities in the United States, including his business, and other family ties. On March 28, 2000, Mr. Larin was convicted in Wichita, Kansas, on his plea of guilty, of the offense of aggravated battery, in violation of

---

[1] As previously noted, Petitioner Larin is also a member of the putative class in *Reyna-Montoya et al v. Trominski et al*, C.A. B-02-026, which class has not yet been certified.

K.S.A. 21-3414(a)(1)(C), a level 7 offense, (on a scale of 1 to 10,
of which 10 is the least serious). The Complaint/Information
originally charged an offense under K.S.A. 21-3414(a)(1)(A), a
level 4 offense, but it was amended by interlineation, pursuant to
a plea bargain, to a lesser offense, K.S.A. 21-3414(a)(1)(C).
Simultaneously, the "4" of "Level 4" was crossed out, and replaced
with a "7," the level of the less serious offense. Unfortunately,
however, the preprinted statutory charge was not changed
correspondingly, and continued to (erroneously) charge an offense
under K.S.A. 21-3414(a)(1)(A). *See,* Exhibit A.

Even more unfortunately, prior counsel apparently did not notice
this error, and "admitted" that Mr. Larin had been convicted of an
offense under 21-3414(a)(1)(A). *Id.* [2] As a result, the Immigration
Judge found that he had been convicted of an aggravated felony, and

---

[2]   K.S.A. 21-3414(a)(1)(C) requires only that the defendant
have "intentionally caus[ed] physical contact ... in [a] manner
whereby great bodily harm, disfigurement or death can be
inflicted." This section was interpreted by the Kansas Supreme
Court in *State v. Esher,* 922 P.2d 123 (1996), as follows:

> The language of 21-3414(a)(1)(C) simply requires proof
> that the defendant *intentionally* caused physical contact
> with another person. The statute, thus, incorporates the
> general intent required by 21-3201. Notably, however, the
> statute does not identify or require a further particular
> intent which must accompany the prohibited acts.

"Physical contact" is not "force" as used in 18 U.S.C. §16(b)
under *U.S. v. Rodriguez- Guzman,* 56 F.3d 18,20 n.8 (5th Cir. 1995):

> The clear import of defining a "crime of violence" is
> that "force" as used in the definition is synonymous with
> destructive or violent force.

Therefore, K.S.A. 21-3414(a)(1)(C) would not be a §16(b) crime of
violence under *U.S. v. Chapa-Garza,* 243 F.3d 921 (5th Cir. 2001)
("substantial risk that physical force ... may be used"
contemplates only reckless disregard for the probability that
*intentional* force may be employed). Therefore, it is not an
aggravated felony, under 8 U.S.C. §1101(a)(43)(F).

2

concluded that he lacked jurisdiction to set a bond. A timely appeal was filed with the BIA by prior counsel, and a brief in support thereof was filed by current counsel on June 10, 2002, (Petitioner's Exhibit C, herein incorporated by reference). [3]

For the same reasons, on May 22, 2002, the Immigration Judge concluded that Mr. Larin was subject to removal, and ineligible for any relief. On June 11, 2002, a timely appeal from that decision was filed. (Petitioner's Exhibit E, incorporated by reference). Said appeal is still pending. But on June 25, 2002, in a two-line per curiam decision, a single member of the Board affirmed, without opinion, the results of the bond ruling below. (Exhibit B).

As previously shown, the Immigration Judge erred in concluding that he had been convicted of a "crime of violence," and therefore, of an aggravated felony. Under Fifth Circuit precedent, an offense which requires only that the defendant "intentionally caus[es] physical contact with another person ... in a ... manner whereby great bodily harm, disfigurement or death can be inflicted" is not a crime of violence within the meaning of 8 U.S.C. §1101(a)(43)(F), which is based on 18 U.S.C. §16. *See, U.S. v. Rodriguez,* 56 F.3d 18, 20,n.8 (5th Cir. 1995) ("force" as used in 18 U.S.C. §16 "is synonymous with destructive or violent force") and *U.S. v. Chapa-Garza,* 243 F.3d 921 (5th Cir. 2001) ("substantial risk that physical force ... may be used" contemplates only reckless disregard for the probability that *intentional* force may be employed).

Therefore, it is urged that Mr. Larin, a lawful permanent resident, is not subject to the mandatory detention provisions of 8 U.S.C. §1226(c), and that this Court should vacate the BIA's decision.

---

[3]   The brief in support of the bond appeal was sent with the notice of appeal on the merits, which was received on June 10, 2002. (Petitioner's Exhibit D, herein incorporated by reference).

3

## 2. REQUEST THAT COURT EITHER SET A REASONABLE BOND, OR ORDER THAT MR. LARIN BE IMMEDIATELY RELEASED FROM CUSTODY

Mr. Larin also requests that this Court either set a reasonable bond, or order that he be immediately released from the unlawful custody of which he complains. *See, e.g., Mapp v. Reno,* 241 F.3d 221 (2nd Cir. 2001) (federal courts have inherent authority to admit to bail individuals properly within their jurisdiction, including habeas petitioners being detained by INS; district court acted within its power when it considered whether alien was entitled to release on bail; and district court was not required to defer to INS in considering alien's bail request).

If the Court were simply to remand the case with instructions that the Board grant Mr. Larin's bond appeal, and remand the case to the Immigration Judge for the purpose of conducting a bond hearing, Mr. Larin's unlawful detention would continue for an unacceptable period, while Respondents decided whether to appeal, and even if no appeal were filed, while the record was transmitted back to the BIA, and an order issued by the Board, which, in turn, would have to be sent back to the Immigration Judge, who would have to schedule and conduct a new bond hearing. This could take weeks, if not months, during which Mr. Larin would continue to be unlawfully detained, even though he is not subject to removal at all. [4]

In *Mapp v. Reno, supra* at 226, the Second Circuit quoted its prior

---

[4] Significantly, the legal issue presented by the bond appeal is identical to that presented in his case in chief. The charge that his conviction was for an aggravated felony is the sole basis for removal proceedings. Therefore, for the same reasons that he is not subject to mandatory detention, (that the offense is not an aggravated felony), he is not subject to removal. Since the Board must issue a transcript and briefing notice, and await the parties' briefs, before considering that appeal, Mr. Larin has no hope of rapid resolution of the case. To the contrary, the adverse ruling in the bond appeal, with no consideration of the issues, renders it likely that the BIA may take similar action on the case in chief.

4

decision in *Ostrer v. U.S.*, 584 F.2d 594,596,n.1 (5th Cir. 1978),
for the proposition that, while the federal courts have "inherent
authority" to admit a prisoner to bail:

> ... a habeas petitioner should be granted bail only in
> unusual cases, or when extraordinary or exceptional
> circumstances exist which make the grant of bail
> necessary to make the habeas remedy effective.

In *Mapp*, the Second Circuit ultimately vacated the order admitting
the petitioner to bail, on the grounds that the District Court had
not articulated why this was necessary to "make the habeas remedy
effective." *Id.*, at 231. However, this is where the different
legal and factual postures of the case are pertinent.

In *Mapp*, the petitioner argued that INS had incorrectly deprived
him of the opportunity to seek relief under §212(c) of the Act, and
requested that he be released during the pendency of the habeas
proceedings. He did not urge that INS lacked the authority to
detain him. Here, Respondents have no authority to detain Mr.
Larin, because the legal basis for the detention is identical to
that for denying him bond, and is clearly incorrect as a matter of
law. In other words, the immigrant in *Mapp* was not claiming that
he was not subject to deportation, (and therefore, to detention),
but only that he should be permitted to seek discretionary relief,
(and bond, while he sought to establish his right to relief).

By contrast, Mr. Larin argues, and has demonstrated, that he is not
subject to removal, and therefore, not subject to detention, at
all. But it will be months before the BIA addresses that issue,
assuming, *arguendo*, that the Board does indeed address it, and not
simply dismiss Mr. Larin's appeal from the removal order in a
manner similar to the dismissal of his bond appeal.

Consequently, in order for the habeas remedy to be effective, in

5

the sense of curtailing what is clearly unlawal detention, Mr. Larin should, at the very least, be admitted to bail, if not released outright.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586                    Fed. ID. 1178
(956) 421-3226                          Texas Bar 03052800
(956) 421-3423 (fax)

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibits B, C, D, and E, was personally served on the office of Nancy Masso, AUSA, Brownsville, Texas, on this 1st day of July, 2002.   I further certify that copies of the same were this day mailed, first class postage prepaid, to Paul Fiorino, (Attorney for Respondents in *Reyna-Montoya et al v. Trominski et al*, CA B-02-026), OIL, Box 878 Ben Franklin Sta. Wash. D.C. 20044.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION


| | | |
|---|---|---|
| JUAN LARIN-ULLOA, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. B-02-107 |
| | ) | |
| JOHN ASHCROFT, et al. | ) | |
| _____ | ) | |


## EXHIBIT "B" IN SUPPORT OF
## PETITION FOR WRIT OF HABEAS CORPUS

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Brodyaga, Lisa S., Esquire**                     **Office of the District Counsel/PI**
**17891 Landrum Park Road,**                       **P.O. Box 1711**
**San Benito, TX 78586-0000**                      **Harlingen, TX 78551**

**Name: LARIN-ULLOA, JUAN**                            A92-800-131

**Date of this notice: 06/25/2002**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Lori Scialabba*

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
      GRANT, EDWARD R.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A92 899 131 - Harlingen

Date:

In re:   JUAN LARIN-ULLOA

JUN 2 5 2002

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   James S. Phillips Jr., Esquire

ON BEHALF OF SERVICE:      Thomas M. Bernstein, Assistant District Counsel

ORDER:

PER CURIAM.  The Board affirms, without opinion, the result of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 3.1(a)(7).

FOR THE BOARD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JUAN LARIN-ULLOA,                    )
   Petitioner,                       )
                                     )
v.                                   )        C.A. B-02-107
                                     )
JOHN ASHCROFT, et al.                )
_____)


EXHIBIT "C" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

| TYPE OF PROCEEDING | | | DATE 6/6/02 |
|---|---|---|---|
| ☐ Deportation | ☒ Bond Redetermination | ☐ Disciplinary | ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable) |
| ☐ Removal | ☐ Motion to Reopen Reconsider | | |
| ☐ Exclusion | ☐ Rescission | | A92 800131 |

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s)

| NAME   (First) | (Middle Initial) | (Last) |
|---|---|---|
| Juan Larin-Ulloa | | |

| ADDRESS   (Number & Street) | (Apt No ) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|
| c/o | | | | |

Please check one of the following

☒ 1    I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia

Name(s) of Court(s)
Texas

State Bar No  (if applicable)
03052800

(Please use space on reverse side to list additional jurisdictions )

I ☐ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice law.

☐ 2    I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization) _____

☐ 3    I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C F R § 292  (Explain fully on reverse side )

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | TELEPHONE NUMBER (Include Area Code) | DATE |
|---|---|---|---|
| | | 956-421 3226 | 6/6/02 |

| NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT) | ADDRESS | ☐ Check here if this is a new address |
|---|---|---|

Certificate of Service

I Lisa Brodyaga  mailed or delivered a copy of the foregoing on 6/6/02 to the Immigration and Naturalization Service at PO Box 1711 Harlingen Tx 78551

(Name) (Date)
(Address)

Signature of Attorney or Representative

OMB#1125-0005

FORM EOIR-27
August 99

(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re

JUAN LARIN-ULLOA
A92 800 131

SUPPLEMENTAL POINTS AND AUTHORITIES SUBMITTED BY NEW COUNSEL
IN SUPPORT OF PENDING BOND APPEAL
AND MOTION FOR LEAVE TO FILE SAME

Comes Respondent, through the undersigned, and respectfully advises this Honorable Board that he will henceforth be represented by the undersigned.  Simultaneously, he seeks leave to file the instant points and authorities in support of his pending bond appeal.  In that context he would note that, although the bond record is at the Board, and the undersigned has not had an opportunity to review it, from the review of the record of proceedings in his removal case it appears that prior counsel missed an extremely important point with respect to the offense to which he pled guilty.

Specifically, it appears that prior counsel did not notice the error on the complaint, which had been amended by interlineation to charge a lesser offense, (one which, it is submitted, is **not** a crime of violence), as is more fully discussed below.

## I.  ISSUES PRESENTED

A.  IT IS CLEAR FROM THE REDACTED COMPLAINT THAT RESPONDENT WAS NOT CONVICTED UNDER KANSAS STATUTES ANNOTATED 21-3414(a)(1)(A), BUT UNDER K.S.A. 21-3414(a)(1)(C), A LESSER INCLUDED OFFENSE.

B.   K.S.A. 21-3414(a)(1)(C), AS INTERPRETED BY THE KANSAS SUPREME COURT, IS NOT A "CRIME OF VIOLENCE" UNDER FIFTH CIRCUIT CASE LAW.

## II.  ARGUMENT

**A.  IT IS CLEAR FROM THE REDACTED COMPLAINT THAT RESPONDENT WAS NOT CONVICTED UNDER KANSAS STATUTES ANNOTATED 21-3414(a)(1)(A), BUT UNDER K.S.A. 21-3414(a)(1)(C), A LESSER INCLUDED OFFENSE.**

As seen from the Notice to Appear as found in the record of proceedings, with the notes made by the Immigration Judge as to how Respondent pled to the allegations, (all of which were admitted), that prior counsel made an extremely important error, one which was also overlooked by the Immigration Judge.   Apparently, counsel admitted that Respondent's conviction was under Kansas Statutes Annotated 21-3414(a)(1)(A), and the Immigration Judge followed that erroneous admission, finding that the Respondent had been convicted of an aggravated felony.   (*See*, Respondent's Exhibit A, herein incorporated by reference).

This is incorrect.   The Complaint showed on its face that it had been redacted by interlineation, and the offense to which the Respondent pled guilty was **not** K.S.A. 21-3414(a)(1)(A), but a lesser included offense, under K.S.A. 21-3414(a)(1)(C). *Id.*   Said offense is not a crime of violence under Fifth Circuit precedent.

The redacted Complaint reads that the Respondent did "unlawfully, intentionally, in a manner whereby [the defendant?] could have .. cause[d] great bodily harm or disfigurement to another person, to wit, Isarael Rosas."   Even though the statutory section of the printed form was not amended, when the Complaint is viewed in the context of Kansas Statutes 21-3414, it is clear that while it initially charged a violation of 21-3414(a)(1)(A), intentionally causing great bodily harm, (a level 4 offense), it was amended, by interlineation, to charge a violation of 21-3414(a)(1)(C) (a level 7 offense), to wit:

> (C) intentionally causing physical contact with another person when done in a ... manner whereby great bodily harm, disfigurement or death can be inflicted

This is consistent with the fact that the language of the Complaint, as amended, is a grammatical non sequitur.   It has no verb, and does not say **what** it was that the Respondent did, "in a

2

manner which could have... cause[d] greatly bodily harm or
disfigurement" to Mr. Rosas.  Under the statute, 21-3414(a)(1)(C),
all that was required was that he "intentionally caus[e] physical
contact" in a manner which **could have** caused great harm.  However,
it is clear from the Complaint that said harm never materialized,
as would be required for an offense to have been committed under
21-3414(a)(1)(A).  Nor is it required that his intentional physical
contact have been performed with the **knowledge** that it might cause
such harm, or even that he was reckless with respect to the fact
that such harm might occur, let alone with the **intention** to cause
this harm.  *See, State v. Esher,* 922 P.2d 123 (1996):

> The language of 21-3414(a)(1)(C) simply requires proof
> that the defendant *intentionally* caused physical contact
> with another person. The statute, thus, incorporates the
> general intent required by 21-3201. Notably, however, the
> statute does not identify or require a further particular
> intent which must accompany the prohibited acts. Esher
> contends that 21-3414(a)(1)(C) should be read to require
> an "intent to injure." This contention is without merit.
> Although the pre-1993 version of the aggravated battery
> statute required proof of "the unlawful touching or
> application of force to the person of another *with intent
> to injure* that person or another," K.S.A. 21-3414 (Ensley
> 1988), the legislature deleted the "intent to injure"
> language when it adopted the current version of the
> statute. "When the legislature revises an existing law,
> it is presumed that the legislature intended to change
> the law as it existed prior to the Page 785 amendment."
> *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799
> P.2d 1011 (1990). Moreover, when a statute is plain and
> unambiguous, an appellate court must give effect to the
> intention of the legislature as expressed rather than
> determine what the law should or should not be.

Not all "physical contact" is violence. In *U.S. v. Rodriguez-
Guzman*, 56 F.3d 18,20 n.8 (5th Cir. 1995), the Fifth Circuit
defined the term "force" as used in 18 U.S.C. §16(b):

> We perforce interpret "force" to mean more than the mere

3

    asportation of some property of the victim.    The clear
    import of defining a "crime of violence" is that "force"
    as used in the definition is synonymous with destructive
    or violent force.

Therefore, it is not a "use of force" as used in 18 U.S.C. §16 for
a medical technician to take a blood sample, or for a dentist to
use a pick in cleaning someone's teeth  But under the Kansas
statute, it could be an offense if the medical technician, or the
dentist knowingly, or negligently, used "dirty" equipment.  In such
cases, even if the accused did not know that the patient on whom
the equipment had previously been used was HIV positive, and that
equipment was contaminated with that person's blood, an offense
would have been committed. The touching was intentional, the
touching occurred in a "manner whereby great bodily harm,
disfigurement or death [could] be inflicted," and by virtue of the
knowing, reckless, or negligent use of "dirty" equipment, the
required "general" criminal intent would have been present.

Such a scenario would not constitute a "crime of violence" under
*U.S. v. Chapa-Garza,* 243 F.3d 921 (5th Cir. 2001) ("substantial risk
that physical force ... may be used" contemplates only reckless
disregard for the probability that *intentional* force may be
employed).  In the above hypothetical, there would be "reckless
disregard" for the possibility of serious injury, but not that
"intentional force" would be employed. Under the categorical
approach, 21-3414(a)(1)(C) is therefore not an aggravated felony.

Therefore, Respondent's bond appeal should be sustained, and the
record remanded to the Immigration Judge, so that he may be given
a bond hearing, and released, while the Board reviews his appeal
from the order of removal, and, hopefully, terminates proceedings.

Respectfully Submitted,

*[signature: Lisa S. Brodyaga]*

4

Lisa S. Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
(956) 421-3226
June 6, 2002


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibit, was mailed,
first-class postage prepaid, to the Office of the INS General
Attorney, PO Box 1711, Harlingen, TX 78551, on June 6, 2002.



EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS


In re

JUAN LARIN-ULLOA
A92 800 131

EXHIBIT "A" IN SUPPORT OF

SUPPLEMENTAL POINTS AND AUTHORITIES SUBMITTED BY NEW COUNSEL
IN SUPPORT OF PENDING BOND APPEAL
AND MOTION FOR LEAVE TO FILE SAME

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

In the Matter of:

File No:     A 92 800 131

Inmate Number:

Respondent:     Juan LARIN-Ulloa aka           currently residing at:

C/O    SEDGWICK COUNTY DETENTION FACILITY WICHITA, KS.

                     (Number, street, city, state and ZIP code)                              (Area code and phone number)

    You are an arriving alien.

    You are an alien present in the United States who has not been admitted or paroled.

✔    You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that:

1. You are not a citizen or national of the United States

2. You are a native of     **El Salvador**     and a citizen of     **El Salvador**

3. You entered the United States at or near     **El Paso, Texas**    on or about     **May 11,1981**     ;

4. You were not admitted or paroled after inspection by an immigration officer;

5. Your status was adjusted to that of Lawful Permanent Resident on November 28, 1989 under section 245(A) of the I&N Act;

6. You were, on March 28, 2000, convicted in the District Court of Sedgwick County, at, Wichita, Kansas for the offense of Aggravated Battery, in violation of K.S.A. 21-3414(a)(1)(A), for which a 12 month sentence was imposed

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act.

*Denice on 3-14-02 ∓*

*found by Ct based on Xt 2 on 3-14-02 ∓*

PORT ISABEL, TEXAS
2002 FEB 14 A 10: 42

   ☐   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

   ☐   Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

9747 N. Conant Ave, Kansas City, Missouri 64153
(Complete Address of Immigration Court, Including Room Number, if any)

on     to be set     at     to be set     to show why you should not be removed from the United States based on the
         (Date)                      (Time)

charge(s) set forth above.

                             (Signature and Title of Issuing Officer)       Deputy District Director

Date:        January 24, 2002                Kansas City, Missouri
                                                (City and State)

E.O.I.R.
EXHIBIT #
DATE
HRG. LOCATION
IMMIGRATION JUDGE

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

IN THE DISTRICT COURT OF KANSAS
EIGHTEENTH JUDICIAL DISTRICT
SEDGWICK COUNTY, CRIMINAL DEPARTMENT

| | |
|---|---|
| THE STATE OF KANSAS | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| JUAN * LARIN, | ) |
| H/M, DOB: 05/15/55, | ) |
| SSN: 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, | ) |
| Defendant | ) |
| | ) |

Case No. **99CR2312**

## COMPLAINT/INFORMATION
### COUNT ONE

**COMES NOW** MARGARET A. MCINTIRE, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of said State gives the court to understand and be informed that in the County of Sedgwick, and State of Kansas, and on or about the 22nd day of August, 1999, A D , one JUAN * LARIN did then and there unlawfully, intentionally *in a manner whereby I could have heard* cause great bodily harm or disfigurement to another person, to-wit: Isaraeal Rosas;

*Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, Severity Level 4, Person Felony*

all of the said acts then and there committed being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Kansas

*99CR2312*

_____
MARGARET A. McINTIRE, #13207
Assistant District Attorney

State Of Kansas    )
                   ) ss:
Sedgwick County    )

M. E. SILVA, being first duly sworn, states that I have read the above and foregoing Complaint/Information and know the contents thereof, and that the same is true in substance and in fact.

_____  1389
M. E SILVA
Complaining Witness

SUBSCRIBED AND SWORN to before me on this 24th day of August, 1999.

DONNA J. MONAREZ
NOTARY PUBLIC
ST. OF KANSAS
My Appt. Exp. 1-9-2003

_____
NOTARY PUBLIC

State Of Kansas    )
                   ) ss:
Sedgwick County    )

MARGARET A. McINTIRE, Assistant District Attorney for the 18th Judicial District of Kansas, within and for said State, being first duly sworn states that I have read the above and foregoing Complaint/Information and know the content thereof, and that the same is true in substance and in fact to my best information and belief.

_____
MARGARET A. McINTIRE, #13207
Assistant District Attorney

SUBSCRIBED AND SWORN to before me on this 24 day of Aug, 1999.

_____
JUDGE OF THE DISTRICT COURT

STATE WITNESSES:
CW: DET. M. E. SILVA, #1389, WPD (99C78280)

[STATE'S WITNESS LIST CONTINUED]

SEAL

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or recorded in this court.
Dated this _____ day of January 2002
_____
CLERK OF THE DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS

14

*21-3414.* Aggravated battery. (a) Aggravated battery is:
(1) (A) Intentionally causing great bodily harm to another person or disfigurement of another person; or
(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
(C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
(2) (A) recklessly causing great bodily harm to another person or disfigurement of another person; or (B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.

(b) Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in subsection (a)(2)(B) is a severity level 8, person felony. A person convicted of aggravated battery shall be subject to the provisions of subsection (h) of K.S.A. 21-4704 and amendments thereto.

*21-4707.* Sentencing; crime severity scale for nondrug crimes, application to specific crimes; ranking offenses, provision; unranked offenses; unclassified felonies; prior convictions discovered after the plea. (a) The crime severity scale contained in the sentencing guidelines grid for nondrug crimes as provided in K.S.A. 21-4704 and amendments thereto consists of 10 levels of crimes. Crimes listed within each level are considered to be relatively equal in severity. Level 1 crimes are the most severe crimes and level 10 crimes are the least severe crimes. If a person is convicted of two or more crimes, then the severity level shall be determined by the most severe crime of conviction. (b) When the statutory definition of a crime includes a broad range of criminal conduct, the crime may be subclassified factually in more than one crime category to capture the full range of criminal conduct covered by the crime. (c) The provisions of this subsection shall be applicable with regard to ranking offenses according to the crime severity scale as provided in this section: (1) When considering an unranked offense in relation to the crime severity scale, the sentencing judge should refer to comparable offenses on the crime severity scale. (2) Except for off-grid felony crimes, which are classified as person felonies, all felony crimes omitted from the crime severity scale shall be considered nonperson felonies. (3) All unclassified felonies shall be scored as level 10 nonperson crimes. (4) The offense severity level of a crime for which the court has accepted a plea of guilty or nolo contendere pursuant to K.S.A. 22-3210 and amendments thereto, or of a crime of which the defendant has been convicted shall not be elevated or enhanced for sentencing purposes as a result of the discovery of prior convictions or any other basis for such enhancement subsequent to the acceptance of the plea or conviction. Any such prior convictions discovered after the plea has been accepted by the court shall be counted in the determination of the criminal history of the offender. **History:** L. 1992, ch. 239, §§ 7; L. 1993, ch. 291, §§ 257; L. 1994, ch. 291, §§ 52; July 1.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JUAN LARIN-ULLOA,                    )
   Petitioner,                       )
                           )
v.                                   )    C.A. B-02-107
                           )
JOHN ASHCROFT, et al.                )
_____)


EXHIBIT "D" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**LARIN-ULLOA, JUAN**                    **Office of the District Counsel/PI**
**C/O PISPC**                            **P.O. Box 1711**
**LOS FRESNOS, TX 78566-0000**           **Harlingen, TX 78551**


**Name: LARIN-ULLOA, JUAN**                    **A92-800-131**


**Type of Proceeding: Removal**                **Date of this notice: 06/11/2002**

**Type of Appeal: Case Appeal**                **Filed by:  Alien**

<u>**FILING RECEIPT FOR APPEAL**</u>

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee
waiver request (where applicable) on 06/10/2002 in the above-referenced case.


<u>**PLEASE NOTE**</u>:

In all future correspondence or filings with the Board, please list the name and alien registration
number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers
for <u>each</u> family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's
<u>Practice Manual and Questions and Answers</u> at www.usdoj.gov/eoir.

<u>Proof of service on the opposing party at the address above is required for ALL submissions to the
Board of Immigration Appeals</u> -- including correspondence, forms, briefs, motions, and other
documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel
for the INS at the address shown above.  Your certificate of service must clearly identify the
document sent to the opposing party, the opposing party's name and address, and the date it was

92-800-131

sent to them.  <u>Any submission filed with the Board without a certificate of service on the opposing party will be rejected.</u>

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**


| | |
|---|---|
| **JUAN LARIN-ULLOA,** ) | |
|    **Petitioner,** ) | |
| ) | |
| **v.** ) | **C.A. B-02-107** |
| ) | |
| **JOHN ASHCROFT, et al.** ) | |
| _____) | |


**EXHIBIT "E" IN SUPPORT OF**
**PETITION FOR WRIT OF HABEAS CORPUS**

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB #1105-0065
Notice of Appeal to the Board of Immigration
Appeals of Decision of Immigration Judge

| 1. | List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s): | For Official Use Only |
|---|---|---|

Juan Larin-Ulloa

A 92 800 131

**!** **WARNING TO ALL APPLICANT(S)/RESPONDENT(S):** Names and "A" Numbers of everyone appealing the order must be written in Item #1.

2.  Applicant/Respondent is currently  ☒ DETAINED  ☐ NOT DETAINED.

3.  Appeal from the Immigration Judge's decision dated __5/22/02__.

4.  State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

**!** **WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

See attached.

Further errors will be identified upon receipt of transcript and ROP.

(Attach more sheets if necessary)

*Staple Check or Money Order Here. Include your name(s) and "A" number(s)*

**(Form continues on back)**
Form EOIR - 26
Revised April 1996

5.    I   ☒ do
          ☐ do not          desire oral argument before the Board of Immigration Appeals.

6.    I   ☒ will
          ☐ will not        file a separate written brief or statement in addition to the "Reason(s) for
                            Appeal" written above or accompanying this form.

**! WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

| ✍ SIGN HERE → | 7.  X  _Jesus S. Brodyaga_                         _6/6/02_ |
|---|---|
| | Signature of Person Appealing              Date |
| | *(or attorney or representative)* |

8.                                              9.

| Mailing Address of Applicant(s)/Respondent(s) | Mailing Address of Attorney or Representative |
|---|---|
| _Juan Larin - Ulloa_ | Lisa Brodyaga, Attorney |
| (Name) | (Name) |
| C/O   Lisa Brodyaga, Attorney | REFUGIO DEL RIO GRANDE |
| REFUGIO DEL RIO GRANDE | 17891 Landrum Park Road |
| 17891 Landrum Park Road | San Benito, Texas 78586 |
| San Benito, Texas 78586 | (Street Address) |
| (Apartment or Room Number) | (Suite or Room Number) |
| (City, State, Zip Code) | (City, State, Zip Code) |

**! WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

## CERTIFICATE OF SERVICE
### (Must Be Completed)

10.
I  _Lisa S. Brodyaga_                    mailed or delivered a copy of this notice of appeal
   (Name)

on _6/6/02_            to  _INS_
   (Date)                       (Opposing Party)

at  _PO Box 1711    Harlingen Tx   78551_
                 (Address of Opposing Party)

| ✍ SIGN HERE → | X _____ |
|---|---|
| | Signature of Person Appealing |
| | *(or attorney or representative)* |

### Have You?

☐ Read all of the General Instructions
☐ Provided all of the requested information
☐ Completed this form in English
☐ Provided a certified English translation for all non-English attachments

☐ Signed the form
☐ Served a copy of this form and all attachments on the opposing party
☐ Completed and signed the Certificate of Service
☐ Attached the required fee or fee waiver request

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

TYPE OF PROCEEDING

☐ Deportation          ☐ Bond Redetermination       ☐ Disciplinary
☒ Removal              ☐ Motion to Reopen/Reconsider
☐ Exclusion            ☐ Rescission

DATE  6/6/02

ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable)

A 92 800 131

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

NAME  (First)          (Middle Initial)          (Last)

Juan #    Larin-Ulloa

ADDRESS (Number & Street)    (Apt No)    (City)    (State)    (Zip Code)

c/o    Lisa Brodyaga, Attorney
       REFUGIO DEL RIO GRANDE
       7891 Landrum Park Road
       San Benito, Texas 78586

Please check one of the following:

☒ 1    I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory (ies), Commonwealth, or the District of Columbia

Name(s) of Court(s)          State Bar No (if applicable)

Texas                        03052800

(Please use space on reverse side to list additional jurisdictions )

☒ I am not (☐ I am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law *currently* and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice law

☐ 2    I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization)

☐ 3    I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C F R  § 292  (Explain fully on reverse side )

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

SIGNATURE OF ATTORNEY OR REPRESENTATIVE    EOIR ID#

TELEPHONE NUMBER (Include Area Code)    DATE
956 · 421 · 3226                         6/6/02

NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT)    ADDRESS    ☐ Check here if this is a new address

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas  78586

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

Certificate of Service

I  Lisa Brodyaga  mailed or delivered a copy of the foregoing  on _____  to the Immigration
  (Name)                                                      (Date)
and Naturalization Service at  PO Box 1711  Harlingen  Tx 78551
                               (Address)

OMB#1125-0005                    X _____    FORM EOIR-27
                                 Signature of Attorney or Representative    August 99

(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)

Juan Larin-Ulloa
A92 800 131

Addendum to Notice of Appeal

Prior counsel erred in admitting that Respondent's conviction was under Kansas Statutes Annotated 21-3414(a)(1)(A), and the Immigration Judge erred in following that erroneous admission, and finding that the Respondent had been convicted of an aggravated felony. The Complaint showed on its face that it had been redacted by interlineation, and the offense to which it was reduced was not under 21-3414(a)(1)(A), and was not a crime of violence.

The redacted Complaint reads that the Respondent did "unlawfully, intentionally, in a manner whereby [the defendant?] could have .. cause[d] great bodily harm or disfigurement to another person, to wit, Isarael Rosas." Even though the statutory section of the printed form was not amended, when the Complaint is viewed in the context of Kansas Statutes 21-3414, it is clear that while it initially charged a violation of 21-3414(a)(1)(A), intentionally causing great bodily harm, (a level 4 offense), it was amended, by interlineation, to charge a violation of 21-3414(a)(1)(C) (a level 7 offense), to wit:

> (C) intentionally causing physical contact with another person when done in a ... manner whereby great bodily harm, disfigurement or death can be inflicted

This is consistent with the fact that the language of the Complaint, as amended, is a grammatical non sequitur. It has no verb, and does not say **what** it was that the Respondent did, "in a manner which could have... cause[d] greatly bodily harm or disfigurement" to Mr. Rosas. Under the statute, 21-3414(a)(1)(C), all that was required was that he "intentionally caus[e] physical contact" in a manner which **could have** caused great harm. However, it is clear from the Complaint that said harm never materialized, as would be required for an offense to have been committed under 21-3414(a)(1)(A). Nor is it required that his intentional physical contact have been performed with the **knowledge** that it might cause such harm, let alone with the **intention** to cause this harm. *See, State v. Esher*, 922 P.2d 123 (1996):

> The language of 21-3414(a)(1)(C) simply requires proof that the defendant *intentionally* caused physical contact with another person. The statute, thus, incorporates the general intent required by 21-3201. Notably, however, the statute does not identify or require a further particular intent which must accompany the prohibited acts. Esher contends that 21-3414(a)(1)(C) should be read to require

an "intent to injure." This contention is without merit.
Although the pre-1993 version of the aggravated battery
statute required proof of "the unlawful touching or
application of force to the person of another *with intent
to injure* that person or another," K.S.A. 21-3414 (Ensley
1988), the legislature deleted the "intent to injure"
language when it adopted the current version of the
statute. "When the legislature revises an existing law,
it is presumed that the legislature intended to change
the law as it existed prior to the Page 785 amendment."
*Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799
P.2d 1011 (1990). Moreover, when a statute is plain and
unambiguous, an appellate court must give effect to the
intention of the legislature as expressed rather than
determine what the law should or should not be.

Not all "physical contact" is violence. In *U.S. v. Rodriguez-Guzman*, 56 F.3d 18,20 n.8 (5th Cir. 1995), the Fifth Circuit
defined the term "force" as used in 18 U.S.C. §16(b):

> We perforce interpret "force" to mean more than the mere
> asportation of some property of the victim.  The clear
> import of defining a "crime of violence" is that "force"
> as used in the definition is synonymous with destructive
> or violent force.

Therefore, it is not a "use of force" as used in 18 U.S.C. §16 for
a medical technician to take a blood sample, or for a dentist to
use a pick in cleaning someone's teeth  But under the Kansas
statute, it could be an offense if the medical technician, or the
dentist knowingly used "dirty" equipment.  In such cases, even if
the accused did not know that the patient on whom the equipment had
previously been used was HIV positive, and that equipment was
contaminated with that person's blood, an offense would have been
committed. The touching was intentional, the touching occurred in
a "manner whereby great bodily harm, disfigurement or death [could]
be inflicted," and "general" criminal intent was present.

Such a scenario would not constitute a "crime of violence" under
*U.S. v. Chapa-Garza,* 243 F.3d 921 (5th Cir. 2001) ("substantial risk
that physical force ... may be used" contemplates only reckless
disregard for the probability that *intentional* force may be
employed).  In the above hypothetical, there would be "reckless
disregard" for the possibility of serious injury, but not that
"intentional force" would be employed. Under the categorical
approach, 21-3414(a)(1)(C) is therefore not an aggravated felony.

2