UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 2 2002

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA,          )
                           )
v.                         )   C.A. B-02-107
                           )
JOHN ASHCROFT et al.       )
_____)

### PETITIONER'S SUPPLEMENTAL POINTS AND AUTHORITIES

Petitioner, through counsel, hereby files Supplemental Points and Authorities, in light of Respondents' admission, first acknowledged at the Status Conference on July 19, 2002, that Mr. Larin was not convicted under K.S.A. 21-3414(a)(1)(A), and the fact that it appears that the plea may have been under 21-3414(a)(1)(B) (also a level 7 offense),[1] rather than 21-3414(a)(1)(C), as Petitioner had believed. Petitioner would herein rebut Respondents' claim that subsection (B) is a "crime of violence" under 18 U.S.C. §16, and thus an aggravated felony for purposes of 8 U.S.C. §1226(c).

K.S.A. 21-3414(a)(1)(B) provides as follows:

> (B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted;

This is a divisible statute, in that it encompasses two offenses in the alternative: those committed with a deadly weapon, and those committed in a manner whereby great bodily harm, etc., can be inflicted. From the language of interlineated complaint, "in a manner whereby," it is clear that the latter option is involved.

---

[1] The undersigned still does not have access to the record of the bond proceedings. Through the Freedom of Information Act, she just received the (undated) plea agreement, discussed at the Status Conference, attached hereto as Petitioner's Exhibit F. The instant pleading is being filed in advance of the deadline, to give Respondents an opportunity to respond in their upcoming brief, and Petitioner would also reserve the right to reply, if appropriate, to any arguments made by the Government in response hereto.

The phrase "great bodily harm or disfigurement" further limits the offense, by excluding death as one of the potential consequences. In other words, Mr. Larin was convicted of: "intentionally causing bodily harm to another person ... [in a] manner whereby great bodily harm, [or] disfigurement ... can be inflicted." He submits, however, that this is not a crime of violence under 18 U.S.C. §16.

## ARGUMENT

**A. SAID OFFENSE IS NOT A §16(a) CRIME OF VIOLENCE BECAUSE THE USE OF FORCE IS NOT AN ELEMENT THEREOF.**

First, K.S.A. 21-3414(a)(1)(B) is clearly not a crime of violence under 18 U.S.C. §16(a) because the "use of force" is not an element of the offense. Under Fifth Circuit precedent, "force" as used in 18 U.S.C. §16 "is synonymous with destructive or violent force." *U.S. v. Rodriguez*, 56 F.3d 18, 20,n.8 (5th Cir. 1995). One can cause bodily injury to another in a myriad manners, without the use of "destructive or violent force," such as by putting poison in a person's beverage, or refusing access to lifesaving medications. And under the categorical approach mandated by Fifth Circuit precedent, it is likewise not a crime of violence under §16(b).

**B. K.S.A. 21-3414(a)(1)(B) IS NOT A §16(b) CRIME OF VIOLENCE: IT ENCOMPASSES BOTH OFFENSES WHICH *DO* ENTAIL A SUBSTANTIAL RISK OF THE USE OF FORCE, AND OFFENSES WHICH *DO NOT* ENTAIL SUCH A RISK, AND THE STATUTE DOES NOT DELINEATE THE DIFFERING ELEMENTS OF THESE OFFENSES**

In order to comprise a "crime of violence" under 18 U.S.C. §16(b), the offense must be one which, *by its nature,* (as determined by the elements of the offense), carries a substantial risk that force will be used during its commission. This is conceptually distinct from offenses defined in terms of the injuries inflicted. Notably, it was this distinction which was initially overlooked by the Fifth Circuit in addressing the issue of whether DWI is a §16(b) crime of violence. Initially, the Court concluded that DWI was such an

2

offense. *Camacho-Marroquin v. INS*, 188 F.3d 649, 652 (5th Cir. 1999), *withdrawn*, 222 F.3d 1040 (5th Cir. 2000) (emphasis added):

> Camacho's assertion is not persuasive given the federal courts' recognition of the substantial risk that force may be used by drunk drivers. *See e.g., Michigan State Police v. Sitz*, 496 U.S. 444, 451, ... (1990) (noting that drunk drivers annually cause over 25,000 deaths, approximately one million personal injuries and more than $5 billion in property damage); *United States v. Rutherford*, 54 F.3d 370, 376 (7th Cir.1995) ("[d]runk driving, by its nature, presents a serious risk of physical injury.") ... **For these reasons, we hold that Texas felony DWI is a crime of violence, involving a substantial risk that harm may be used.** [sic]

The Court revisited the issue in *U.S. v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), and, on a thoughtful, opinion, concluded as follows, *id.* at 927 (emphasis added):

> [A] crime of violence as defined in 16(b) requires recklessness as regards the substantial likelihood that the offender will intentionally employ force against the person or property of another **in order to effectuate the commission of the offense**.

The Fifth Circuit has also repeatedly held that, in determining whether a conviction is for a specific type of offense, be it a crime of violence, as defined by 8 U.S.C. §1101(a)(43)(F), or an offense involving moral turpitude, within the meaning of 8 U.S.C. §1227(a)(2)(A), the categorical approach is used. Specifically, it is the elements of the offense which control, not the underlying conduct. *Chapa-Garza, supra* at 924. Where, as here, the statute is divisible into discrete subsections, other restrictions apply. *Hamdan v. INS*, 98 F.3d 183,187 (5th Cir. 1996) (emphasis added):

> As a general rule, if a statute encompasses both acts that do and do not involve moral turpitude, the BIA cannot sustain a deportability finding on that statute.

3

> *Matter of Short*, Interim Dec. 3125, slip op. at 3 (BIA 1989). **An exception to this general rule is made if the statute is divisible into discrete subsections of acts that are and those that are not CIMTs.** If a petitioner has been convicted of a subsection that has been determined to be a CIMT, that conviction may be used to sustain a finding of deportability.

Here, the statute is divisible into several "discrete subsections." And, as discussed above, Mr. Larin was apparently convicted of:

> intentionally causing bodily harm to another person ... [in a] manner whereby great bodily harm, [or] disfigurement ... can be inflicted.

This is the most "discrete subsection" of K.S.A. 21-3414(a)(1)(B) of which it can be said that Mr. Larin was convicted. However, this still encompasses some offenses which do entail the use of force, or substantial risk of the use of force, and some which do not.

**In this context, it is important to distinguish between two similar, but conceptually very different, situations. Specifically, one must distinguish between 1) specific offenses which often, but do not always, entail force or a substantial risk that force will be employed, and 2) statutes which are not divisible into discrete subsections, but which nonetheless encompass some offenses which would qualify as crimes of violence, and others which would not. The former are §16(b) crimes of violence; the latter are not.**

For example, the Fifth Circuit has held that the offense of indecency with a child by sexual contact, in violation of Texas Penal Code §21.11(a)(1),[2] is a §16(b) crime of violence, because

---

[2] §21.11 PENAL. Indecency With a Child.
(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
    (1) engages in sexual contact with the child ...

4

there is "a significant likelihood that physical force *may be used to perpetrate the crime*." *U.S. v. Velazquez-Overa*, 100 F.3d 418,422 (5th Cir. 1996), *cert. den.*, 520 U.S. 1133 (1997) (emphasis added). Thus, it is in the "nature" of the acts which constitute the elements of the offense of indecency with a child by sexual contact, that physical force may be used. By contrast, K.S.A. 21-3414(a)(1)(B) is defined not by the **acts** necessary to accomplish the offense (e.g., striking someone, engaging in non-consensual sexual contact, etc.), but by the **results** of those actions, (e.g., "intentionally causing bodily harm to another person"). These results, bodily harm, can be accomplished by means which do, and by means which do not, involve the "use of force," or substantial risk that force will be used in committing the offense. The use of poison, or HIV tainted body fluids, are examples of the latter.

This distinction is underscored by *U.S. v. Chapa-Garza*, *supra*. Even Judge Barksdale's dissenting opinion from the denial of *en banc* reconsideration was based on the specifics of that offense, (DWI), and the fact that the potential harm that might occur would result, if at all, from a forceful event, to wit, an automobile accident. *U.S. v. Chapa-Garza*, 262 F.3d 479,481-82 (5th Cir. 2001):

> *Chapa-Garza* contrasts § 4B1.2(a)(2)'s reference to a *risk of injury* to § 16(b)'s mention of a *risk of force*. *Chapa-Garza*, 243 F.3d at 925. This distinction is immaterial, because it merely distinguishes the cause from the effect. An injury would only result from the use of force (be the application of force intentional, reckless, unintentional), and the use of force could result in injury. *But see Dalton*, 257 F.3d 200, 206 (distinguishing "risk of injury" and risk of the "use of physical force", reasoning "[t]here are many crimes that involve a substantial risk of injury but do not involve the use of force").

Unlike DWI, where the underlying **cause**, the act of driving while

5

intoxicated, is an element of the offense, K.S.A. 21-3414(a)(1)(B) defines the offense in terms of the **effect** of unspecified actions, to wit, by specified types of injury.[3]

WHEREFORE, it is urged that, under cases such as *Hamdan v. INS*, *supra*; *U.S. v. Rodriguez*, *supra*, and *U.S. v. Chapa-Garza*, *supra*, K.S.A. 21-3414(a)(1)(B) is not a "crime of violence" as defined by 18 U.S.C. §16, and therefore, not an "aggravated felony" within the meaning of 8 U.S.C. §1101(a)(43)(F). The use of force is neither an element of the discrete subsection under which Mr. Larin was convicted, nor do the elements of that discrete subsection define an offense which, **by its nature**, carries a substantial risk that the offender will resort to force "in order to effectuate the commission of the offense." *U.S. v. Chapa-Garza*, *supra*.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. ID. 1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2002 the foregoing, with Exhibit F, was personally served on the office Nancy Masso, AUSA, at Brownsville, Texas.



---

[3] It might constitute a "crime involving moral turpitude," but since it did not occur within five years of his entry, in 1981, and he has been convicted of only one such offense, this would not subject him to removal. *See*, 8 U.S.C. §1227(a)(2)(A)(i) and (ii).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN LARIN-ULLOA, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. B-02-107 |
| | ) | |
| JOHN ASHCROFT, et al. | ) | |
| _____ | ) | |

**EXHIBIT "F" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CRIMINAL DEPARTMENT

99CR2312

| THE STATE OF KANSAS, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 99CR2312 |
| | ) |
| JUAN * LARIN, | ) |
| | ) |
| Defendant, | ) |

## DEFENDANT'S ACKNOWLEDGMENT OF RIGHTS AND ENTRY OF PLEA

**COMES NOW**, the Defendant Juan * Larin, and upon questioning by this Court, and upon receiving counsel from his attorney, Thomas T. Inkelaar, Attorney at Law, who also appears herein, does freely and voluntarily give such Court to understand as follows:

1. My true name is Juan * Larin, and I am also known as _____ I am ____ years of age and have completed ____ years of schooling.

2. Plea negotiations have been conducted, with my consent through my attorney, and I understand the plea bargain with the District Attorney to be as follows:

That the State will file an amended information charging me with one count of aggravated battery, contrary to K.S.A. 21-3414(a)(1)(B), a severity level 7, person felony. I will enter a plea of guilty. The State will recommend that I be sentenced to the mid number in the appropriate gird block. This offense involved the use of a firearm and the sentence is presumed imprisonment. The State will not oppose my attempt to have the court impose an optional nonprison sentence by establishing that a nonprison sanction will serve community safety interests by promoting offender reformation pursuant to K.S.A. 21-4704(h).

3. I understand from my discussions with my attorney, and have been advised by the Court, that the following criminal charges remain against me pursuant to the plea bargain between myself, through my attorney, and the District Attorney:
Count (s) 1: Aggravated Battery, contrary to K.S.A. 21-3414(a)(1)(B).

4. I understand that the Kansas Sentencing Guidelines Act will apply. Under this Act, a presumptive sentence will be determined by the court, by combining the severity level of the current crime of conviction and my prior criminal history. I have been informed by the State, at the time of my plea, that my criminal history is believed to be a criminal history category "I". I understand that if additional criminal history is discovered before sentencing, that it can be used to increase my sentence.

Under some circumstances the court my depart from the presumptive sentence. The court may sentence me to a longer or shorter sentence than the presumptive sentence. The court may give me probation when prison is presumed. The court may order me to prison when probation is presumed.

I understand from discussions with my attorney, and have been advised by the court, that the following are the range of sentences and fines which may be imposed against me by the court if I choose to enter plea(s) of guilty or *nolo contendere* (no contest) to the criminal charge(s) pending against me.
Count(s) 1: 11 to 34 months and a fine of up to $100,000.00.

I understand that if I am entering plea(s) of guilty or *nolo contendere* (no contest) to more than one offense, the court may, in its discretion, order that the sentence imposed for each offense be served concurrently or consecutively. The length of the total sentence imposed, however, may not exceed twice the base sentence.

I understand that in addition to the penalties described above, upon the completion of any prison term, I will be required to serve a term of postrelease supervision. The length of the required postrelease supervision will depend upon the severity level of the offense and the amount of good time earned while imprisoned.

5. I understand that if I am ordered to serve my sentence, I may receive a credit of up to fifteen percent for good time. I understand that the decision of whether I receive good time credits is not within the power of the sentencing judge.

6. I understand that if I am not now a United States citizen, a conviction of a criminal offense may result in deportation from the United States, incarceration by immigration officials for an indefinite period until I am deported, exclusion form admission to the United States and/or denial of naturalization and citizenship in the United States.

7. I understand from discussion with my attorney, and I have been advised by the court, that regardless of the plea agreement between myself, through my attorney, and the District Attorney, this court is not bound to agree to, nor to accept, the terms of the plea agreement. I further understand that if I enter a plea of guilty or *nolo contendere* (no contest), this court may impose against me any or all of the maximum penalties and the maximum fines in combination; will order the payment of court costs against me; may require that I pay full restitution and reparations for all personal injury, property loss or damage; may impose administrative costs of a probation program; will require me to reimburse the state for my reasonable attorney fees, if I am represented by appointed counsel; and may take whatever other action the court deems appropriate and which is permitted by law, to ensure the public safety.

8. I understand from discussions with my attorney, and have been advised by the court, that by entering a plea of guilty or *nolo contendere* (no contest), that I am surrendering and waiving the following legal rights which I would be able to exercise if I chose to go to trial:

>A plea of guilty is an admission of guilt to the crimes charged and relieves the State of Kansas of its burden to prove my guilt.

8

A plea of *nolo contendere* (no contest) is an admission that the State of Kansas has sufficient evidence to prove my guilt and that I will not contest such evidence. Such a plea would require the prosecutor to advice the court of the evidence which the State would present to prove my guilt, and once my plea is accepted by the court, my plea of *nolo contendere* (no contest) is treated by the court as if I had entered a plea of guilty.

I have a right to a trial where my guilt or innocence on all of the criminal charges against me would be determined by a jury, or if I choose to waive a jury, by a judge.

At a trial, I would have the right to confront the witnesses against me and have them cross-examined by my attorney.

At a trial I would have the right to compel the attendance of witnesses who may have information favorable to me and to call these witnesses to testify on my behalf.

At a trial I would have the right to compel documentary and physical evidence favorable to me

At a trial, it would be the burden of the State of Kansas to prove, beyond a reasonable doubt, each element of the charge(s) against me before I could be found guilty.

At a trial, the judge and the jury would presume that I am innocent unless and until the State of Kansas proved otherwise, beyond a reasonable doubt.

At a trial, I alone would have the final decision, after consulting with my attorney, whether I would testify on my own behalf, and I understand that I would not be required to testify or to present any evidence to prove my innocence. If I enter a plea of guilty, I waive the right to remain silent, and the court may require me to tell the court the facts known to me which would show that I am guilty.

If I were to be convicted of any offenses int his court, I would have the right to ask the court for a new trial based on any legal errors which may have denied me my right to a fair trial or which may have otherwise prejudiced me in my defense.

If I were to be convicted of any offenses in this court, and if my motion for a new trial were denied, I would have the right to appeal my conviction(s) and sentence(s) to a Kansas appellate court where I would be entitled to have such court review the transcripts and record of my trial for any prejudicial error.

During any such appeal, I would be entitled to the services of a competent appellate attorney and to the transcripts of my trial or to the proceedings which might be necessary to my appeal, If I could not afford an attorney or transcripts, t h e y would be provided to my by the court.

If I go to trial, I retain the right to appeal from any adverse ruling or order made against me by the court or jury, including the legal sufficiency of the evidence presented against me to prove my guilt, any legal defects in the criminal proceedings, the sentences or other penalties imposed, and the denial of probation.

9. After fully discussing my potential defenses to the charges in this case, the legal options available to me in these proceedings, and the above-mentioned matters with my attorney, I advise this court that I understand it is my decision, alone, whether to accept or reject the plea agreement and whether to enter a plea of guilty or *nolo contendere* (no contest) to the charge(s) herein. My decision to accept the plea agreement and change my plea is completely voluntary without anyone having threatened me or promised me anything of benefit, and is without duress or coercion other than that which the plea agreement provides.

10. I understand that despite my plea of guilty or *nolo contendere* (no contest), I retain a limited right to appeal the sentence which may be imposed. If the sentence imposed is the presumptive sentence the appellate court will only have jurisdiction to hear appeals based on the accuracy of my criminal history score, the accuracy of the crime severity level determination. If the sentence imposed is not the presumptive sentence, claims of partiality, prejudice, oppression or corrupt sentence imposed is that agreed to in the plea agreement, the appellate court will not review my sentence. I understand that any appeal must be filed within 10 days of the date my sentence is pronounced in court and that if I cannot afford an attorney or the costs of an appeal, the court will appoint counsel to represent me and will order that a transcript of the necessary portions of the transcript be provided to my counsel.

11. I have read this "Defendant's Acknowledgment of Rights and Entry of Plea", or have had it read to me, and I fully understand its contents; I fully and completely understand the consequences of my plea(s) pursuant to the plea agreement, and I accept that the plea agreement in consideration of what I believe is in my best welfare and in my own best interests.

12. I have not been taking any drugs or medication, during the past 48 hours, except _____. Any such drugs or medications do not impair my mental faculties or judgement. I remain in full control of my mental faculties or judgement.

**WHEREFORE**, and for the reasons states above, I hereby advise this Court that I wish to withdraw my plea(s) of Not Guilty to Count(s) 1 as amended, and enter plea(s) of guilty to Count(s) 1 as amended.

Signed in open court on this _____ day of _____, 19___.

_____
Defendant

**CERTIFICATE OF COUNSEL**

lb

2000 0002 009 2590

We affirm that the above statement of the plea agreement is correct and approved both by counsel for the defendant and for the State of Kansas. Defense counsel further affirms that he has read this document, has fully discussed the same with the defendant, and that to the best of his knowledge knows the contents of the same to be true.

_____
Thomas T. Inkelaar #13504
Attorney for Defendant

_____
Barry K. Disney #13284
Assistant District Attorney

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.
Dated this _____ day of January 2002
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

2000 0002 009 2591

FOR CLERK'S USE ONLY

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CRIMINAL DEPARTMENT

99 CR 2312
FILED
DOCKET NO. ____
FEB 2  10 25 AM '00

STATE OF KANSAS
_____
PLAINTIFF,

VS.

Juan Lavin
_____
DEFENDANT

CASE NO. 99 CR 2312

## RECORD OF TRIAL OR PLEA

On this __1-31__, 19 __2000__, this matter comes on for ☐ trial ☐ plea, defendant being present in person and by counsel __Thomas Inkelaar__
State being present by counsel __Barry Disney__

TRIAL

Thereupon, the case proceeds to ☐ Jury Trial ☐ Bench Trial, and after hearing all of the evidence and statements of counsel, a verdict is returned on _____, 19 ____, finding the defendant:

Count One _____  ☐ Guilty  ☐ Not Guilty
Count Two _____  ☐ Guilty  ☐ Not Guilty
Count Three _____  ☐ Guilty  ☐ Not Guilty
or. The Court Declares a _____  ☐ Mistrial

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court. Dated this ___ day of January 2002
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

PLEA:

The defendant announces that he pleads ☒ Guilty ☐ Nolo Contendere to __Amended__
Count One __Aggravated Battery S.L. 7 Person Fel__
Count Two _____
Count Three _____

P.S.I. The Court orders a presentence investigation to be made, and schedules sentencing for __28 March__ 19 __2000__ at __1:30__ P. M.    Judge Owens

_Paul W Clark_
Judge, Div. __09__

Record Taken By _Mary Ann Shilling_
1st Copy: Court Files
2nd Copy: Judge
3rd Copy: PSI

Form No CR 1. (Rev 5/89)

12

2000 0002 009 2582