*/4*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 2 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN LARIN-ULLOA | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. B-02-107 |
| | * | |
| DEPARTMENT OF JUSTICE | * | |
| IMMIGRATION AND | * | |
| NATURALIZATION SERVICE, | * | |
| Respondent. | * | |

**PRELIMINARY STATEMENT OF THE GOVERNMENT**
**PURSUANT TO COURT'S STATUS CONFERENCE REQUEST**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States Department of Justice, Immigration and Naturalization Service

("INS"), Respondent herein, submits this Preliminary Statement of its position to this Court for

consideration.

As indicated to the Court and counsel on July 19, 2002, Special Assistant U.S. Attorney,

Lisa Putnam, was considered lead counsel on this case. Unfortunately, due to illness, Ms.

Putnam is presently unable to cover the matters at hand and the undersigned has been asked to

assist with the coverage of this case. Since appearing before this Court, the undersigned has

learned that the United States Department of Justice, Office of Immigration Litigation, intends to

take an active role in this litigation. In addition, the undersigned learned the summons that was

served upon the Government indicated that the government has sixty days from the date of

service to formally submit its response to the allegations in this Petition. As further described in

this Court's docket sheet, Harlingen INS District Director, E.M Trominski, was served with the

Petition herein on June 24, 2002; therefore, the Government's formal response is not due until

August 23, 2002. For the Court's convenience, copies of these items have been attached as

Exhibits "A" and "B".

Therefore, in filing this Preliminary Statement, the Respondent does not waive any

defenses or legal arguments it may raise in its formal response--which is not due until August 23,

2002; rather, this Preliminary Statement is provided to the Court to address those immediate

concerns raised by the Court at the status conference held on July 19, 2002.

## I. BACKGROUND

This Petitioner was arrested and detained by the INS on January 24, 2002. The INS alleged that:

- Petitioner was not a citizen or national of the United States;
- Petitioner was a native and citizen of El Salvador;
- Petitioner entered the United States on or about May 11, 1981 without inspection;
- Petitioner's status was adjusted to that of Lawful Permanent Resident on November 28, 1989; and,
- Petitioner had been convicted on March 28, 2000 in the District Court of Wichita County, Kansas for the offense of Aggravated Battery in violation of K.S.A. 21-3414(a)(1)(A) for which a twelve-month sentence was imposed.

Based on these allegations, the INS charged the Petitioner with being removable for having been convicted of an "aggravated felony". (See Notice to Appear, attached hereto as Exhibit "C"). *See also*, 8 U.S.C. §1227(a)(2)(A)(iii).

On February 27, 2002, March 14, 2002, April 1, 2002, and May 22, 2002, the Petitioner appeared before the Immigration Judge, with counsel. On March 14, 2002, the Petitioner admitted to the allegations as contained in the Notice to Appear. The charge, however, was denied by the Petitioner. After hearing, the Immigration Judge found that the charge had been sustained by the INS upon presentation of the conviction documents. (Conviction Documents attached as Exhibit "D").

On the same date, the Immigration Judge found that he had no jurisdiction to set a bond because the Petitioner had been convicted of an aggravated felony. The Petitioner appealed the Immigration Judge's Decision to deny bond; the BIA affirmed the Immigration Judge's Decision to deny bond on June 25, 2002..

On May 22, 2000, the Immigration Judge denied the Petitioner's applications for relief in the form of Withholding of Removal and Relief under the Convention Against Torture Claims. The Petitioner was represented and allowed to present his claim. Petitioner's claim was denied, and Petitioner was ordered removed to El Salvador. The Petitioner's counsel reserved appeal and an appeal was filed to the Board of Immigration Appeals on June 10, 2002. This appeal is still pending.

**ARGUMENT**

1.  <u>Petitioner is an Aggravated Felon.</u>

   A.    **An Overview of Section 236(c)**

   Congress enacted Section 236(c) of the Immigration and Nationality Act as a part of legislative reforms under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"). The legislative history shows that there were several legitimate purposes underlying Section 236(c): (1) to prevent criminal aliens from absconding so that they can be removed as required by law; (2) to protect the public from the presence of potentially dangerous criminal aliens; (3) to correct the failure of the prior bond procedures, under which more than 20 per cent of criminal aliens absconded prior to their proceedings; and (4) to repair the serious damage to the American immigration system caused by the Government's inability to detain criminal aliens pending deportation and remove them promptly.[1] The Senate Governmental Affairs Committee, for example, found that criminal aliens "often fail[ed] to appear for their actual deportation" and that in New York during fiscal year 1993, 88% of all aliens who were ordered to surrender for deportation absconded. S. Rep. No. 48, 104th Cong., 1st Sess. 24 (1995); <u>see also id</u>. at 23 (as of 1992, nearly 11,000 aliens convicted of aggravated felonies had failed to appear for their deportation hearings).

   Controlling Supreme Court precedent confirms that a reviewing court's inquiry into the constitutionality of an immigration statute like Section 236(c) is limited to determining whether the statute rationally relates to legitimate legislative ends. <u>Carlson v. Landon</u>, 342 U.S. 524, 532-33 (1952); <u>see also</u> <u>Mathews v. Diaz</u>, 426 U.S. 67, 82-83 (1976). Insuring that removable criminal aliens are available during their removal proceedings to facilitate a final administrative decision and expeditious removal, and preventing them from absconding or committing further crimes in the interim, are not only legitimate, but substantial and compelling, governmental goals.

   Three years after it was passed, the constitutionality of Section 236(c) was sustained by the Seventh Circuit in <u>Parra v. Perryman</u>, 172 F.3d 954 (7th Cir. 1999). In <u>Parra</u>, the Court held that mandatory pre-order detention does not impermissibly infringe on an alien's due process rights under

---

[1]<u>See</u> S. Rep. No. 48, 104th Cong., 1st Sess. (1995) (1995 WL 170285 (Leg.Hist.) at 1-6, 9, 18-23).

the Fifth Amendment. 172 F.3d at 958. The Seventh Circuit's analysis weighed several critical factors: (1) the Government's compelling interests in lessening the risk of flight by an alien in removal proceedings whose removal was almost certain because of his serious criminal conviction; (2) the alien's diminished legal status as a person who is removable because of his criminal conviction; and (3) the alien's significantly curtailed opportunity to avoid removal because of IIRIRA's legislative reforms, which made discretionary relief from removal largely unavailable for criminal aliens. Id.

The Seventh Circuit ultimately concluded that the balance of these factors favored the Government, and that considering Congress's and the Executive Branch's plenary authority in the immigration arena, longstanding judicial precedent upholding the Attorney General's authority to detain aliens pending deportation proceedings, and Congress's express intent to expedite the removal of criminal aliens under the 1996 legislative reforms, Section 236(c) is constitutional. Id.

The Seventh Circuit also analyzed the constitutionality of Section 236(c) under the Mathews v. Eldridge due process standard. 424 U.S. 319 (1976). "The due process calculus . . . requires the court to evaluate the private interest, the probability of error (and the effect of additional safeguards on the rate of error), and the government's interest in dispensing with those safeguards, with a thumb on the scale in favor of the statute's constitutionality." Parra at 958 (emphasis added). The Seventh Circuit resolved this issue in the Government's favor. The court described the private interest not as liberty in the abstract, but as liberty to remain "in the United States by someone no longer entitled to remain in this country but eligible to live at liberty in his native land . . . ." Accordingly, the court concluded that Section 236(c) is constitutional.[2]

In the case at bar, it should be noted that the Petitioner is already under a deportation order and determined to be an aggravated felon. And, although this issue is presently pending appeal

---

[2]To date, three Circuit Courts of Appeals have held Section 236(c) unconstitutional, and in two of these cases – dealing with lawful permanent residents – Petitions for Certiorari are pending before the Supreme Court. The two lawful permanent resident cases are Kim v. Ziglar, 276 F.3d 523 (9th Cir. 2002), and Hoang v. INS, 282 F.3d 1247 (10th Cir. 2002); both struck down Section 236(c) as violative of the substantive due process rights of lawful permanent resident aliens. The United States Supreme Court has accepted cert on Kim v. Ziglar, 276 F.3d 523 (9th Cir. 2002).

4

before the BIA, the likelihood of Petitioner absconding is increased given that there is already an order of deportation entered.

      B.    **The Kansas Conviction**

The Conviction documents show that Petitioner was convicted under K.S.A. 21-3414(a)(1)(A), with a security level of 7. The executed plea memorandum shows that the Petitioner was pleading guilty to K.S.A. 21-3414(a)(1)(B), with a security level of 7, also a person felon under Kansas law.

The statute clearly shows that a guilty plea under 21-3414(a)(1)(B) is as much a "crime of violence" which is an "aggravated felony" as charged by the INS. (A copy of the Kansas statute at issue is attached as Exhibit "E").

In the case at bar, the Petitioner is attempting to collaterally attack a state court conviction. Petitioner can not attack the validity of the State of Kansas' conviction in this action. *See*, *Contreras vs. Schiltgen*, 151 F. 3d 906 (9th Cir. 1988). However, even assuming that Petitioner could use a Section 2241 petition to challenge his state court conviction, the petition should be dismissed for failure to exhaust his state court remedies. See, *Taveras-Lopez vs. Reno*, 127 F.Supp.2d 598, 605 (M.D.Pa.2000); see also, *Byrdak vs. I.N.S.*, 2001 WL 800098, N.D.Ill., July 13, 2001.

As far as the section under which Petitioner was charged, the documents are consistent. It is the Petitioner, with the assistance of counsel, who plead to the criminal offense in Kansas. It was the Petitioner, with the assistance of counsel, who admitted the conviction before the Immigration Judge. As such, if an error was made, it is the Petitioner and his counsel who must correct the error through the remedies and procedures provided under the laws of the State of Kansas.

Finally, this is an issue that Petitioner has brought before the Board of Immigration Appeals. Until that appeal is decided, the Petitioner has failed to exhaust the administrative remedies available to him; therefore, this matter is not properly set forth before the District Court.

2.      Petitioner was properly detained under 8 U.S.C. §1226(c)(1).

The Petitioner was convicted of an aggravated felony for immigration purposes on March 28, 2002. The Immigration Judge considered the entire conviction record when finding Petitioner removable as an aggravated felony. Petitioner did not plead guilty to K.S.A. 21-3414(a)(1)(C) as alleged by Petitioner. The conviction document is clear as to what offense the Petitioner was

5

charged with and to what offense he plead, both with the same severity level and both aggravated felonies. Additionally, mandatory detention of aliens who have been convicted of an aggravated felony is required by 8 U.S.C. §1226(c)(1) and there has been no precedent decision within the Fifth Circuit finding such detention unconstitutional.

<strong>CONCLUSION</strong>

Accordingly, at this point in time, Respondent avers that:

1.  Petitioner is not entitled to a bond;

2.  No action regarding Petitioner's requested relief be taken until such time as the Respondent is permitted to formally respond on August 23, 2002, as reflected in this Court's Docket Entry No. 6 entered on July 8, 2002.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
For: Lisa Putnam, SAUSA
Assistant U. S. Attorney
Southern District of Texas
600 East Harrison Street, #201
Brownsville, Texas 78520
(956) 548-2554/Fax (956) 548-2549
TX State Bar #00800490/Federal ID #10263

<strong>CERTIFICATE OF SERVICE</strong>

I hereby certify that a copy of the true and foregoing Memorandum in Support of Respondent's Motion mailed to Lisa Brodyaga, Attorney at Law, Landrum Park, San Benito, TX 78586 via Certified Mail, Return-Receipt Requested on this the 23rd day of July, 2002.

NANCY L. MASSO
Assistant U. S. Attorney

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_Southern_ _____ DISTRICT OF _____ _Texas_

Juan Lavin-Ulloa

v.

E. M. Trominski, INS District Director, and
John Ashcroft, U.S. Attorney General

SUMMONS IN A CIVIL ACTION

CASE NUMBER:  CA B-02-107

TO: (Name and Address of Defendant)

John Ashcroft
950 Pennsylvania Ave NW  #5111
Washington, DC  20530-0001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ____60____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

Lourdes Mardis
BY DEPUTY CLERK

DATE  6-21-02

GOVERNMENT
EXHIBIT
"A"

39-74-1999

911

JUL - 9 2002

Docket as of July 17, 2002 8:00 pm                    Web PACER (v2.3-TXSD)

# U.S. District Court
## TXS – Southern District of Texas (Brownsville)

## CIVIL DOCKET FOR CASE #: 02-CV-107

### Larin-Ulloa v. INS

Filed: 05/23/02
Assigned to: Judge Hilda G Tagle
Referred to: Magistrate Judge Felix Recio
Demand: $0,000
Nature of Suit: 530
Lead Docket: None
Jurisdiction: US Defendant
Cause: 28:2241 Petition for Writ of Habeas Corpus

| | |
|---|---|
| JUAN LARIN-ULLOA<br>    petitioner | Juan Larin-Ulloa<br>[COR LD NTC] [PRO SE]<br>INS Dtn. Center<br>Buena Vista Drive<br>Rt. 3, Box 341<br>Los Fresnos, |
|    v.<br>DEPARTMENT OF JUSTICE<br>IMMIGRATION AND NATURALIZATION<br>SERVICE<br>    respondent | Lisa M Putnam<br>956-389-7057 fax<br>[COR LD NTC]<br>Attorney at Law<br>P O Box 1711<br>Harlingen, TX 78551<br>956-389-7051 |

# DOCKET  PROCEEDINGS
## Click on the 📄 Icon to View the Document Display Cost.

## DATE  #  IMG          DOCKET  ENTRY

5/23/02  1  📄  PETITION for writ of habeas corpus; filed    FILING FEE $
5.00  RECEIPT # 116305 (1tm)

5/23/02  --    CASE REFERRED  to Magistrate Judge Felix Recio (1tm)

6/6/02  2  📄  FIRST AMENDED PETITION for writ of habeas corpus by Juan
Larin-Ulloa, amending [1-1] petition, filed. (1gar)
[Entry date 06/07/02]

GOVERNMENT
EXHIBIT
"B"

Case 1:02-cv-00107     Document 14     Filed in TXSD on 07/23/2002     Page 9 of 26

| 6/6/02 | 3 | Amended Opposed MOTION to dismiss, alternative to consolidate cases B-02-26 with B-02-107 by Juan Larin-Ulloa, Motion Docket Date 6/26/02 [3-1] motion, 6/26/02 [3-2] motion , filed. (og) [Entry date 06/07/02] [Edit date 06/07/02] |
|--------|---|-----|
| 6/14/02 | 4 | NOTICE of withdraw of opposed motions to Joint or in the alternative to consolidate cases  by Juan Larin-Ulloa , filed (og) |
| 6/21/02 | -- | SUMMONS issued for INS (U S Attorney, Houston Texas, E M Trominski, and John Ashcroft) (og) [Entry date 06/24/02] |
| 7/1/02 | 5 | Points and authorities by Juan Larin-Ulloa  in support of [2-1] amended petition , filed (og) |
| 7/8/02 | 6 | RETURN OF SERVICE executed as to E M Trominski for INS 6/24/02 filed. ;Govt's Answer due on 8/23/02. (og) [Entry date 07/09/02] [Edit date 07/10/02] |
| 7/8/02 | 7 | RETURN OF SERVICE executed as to U S Attorney, Houston Texas for INS 7/3/02 filed. ;Govt's Answer due on 9/1/02. (og) [Entry date 07/09/02] [Edit date 07/10/02] |
| 7/15/02 | 8 | ORDER  set status conference for 9:00 7/18/02  before Magistrate Judge Felix Recio , entered; Parties notified. ( signed by Magistrate Judge Felix Recio ) (og) |
| 7/16/02 | 9 | ORDER  reset status conference for 9:00 7/19/02  before Magistrate Judge Felix Recio , entered; Parties notified. (og) [Entry date 07/17/02] |

Case Flags:
MAG

END OF DOCKET: 1:02cv107

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/22/2002 17:23:34 | | | |
| **PACER Login:** | dj0009 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 1:02cv00107 |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

Cost displayed is for docket sheet only.

Immigration and Naturalization Service

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act

In the Matter of:

File No: _____ A 92 800 131

Inmate Number: _____

Respondent:   Juan LARIN-Ulloa aka

currently residing at:

C/O  SEDGWICK COUNTY DETENTION FACILITY  WICHITA, KS,
(Number, street, city, state and ZIP code)                                                  (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☑ You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that:

1. You are not a citizen or national of the United States

2. You are a native of **El Salvador** and a citizen of **El Salvador**

3. You entered the United States at or near **El Paso, Texas** on or about **May 11, 1981**

4. You were not admitted or paroled after inspection by an immigration officer;

5. Your status was adjusted to that of Lawful Permanent Resident on November 28, 1989 under section 245(A) of the I&N Act;

6. You were, on March 28, 2000, convicted in the District Court of Sedgwick County, at, Wichita, Kansas for the offense of Aggravated Battery, in violation of K.S.A. 21-3414(a)(1)(A), for which a 12 month sentence was imposed.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

9747 N. Conant Ave, Kansas City, Missouri 64153
(Complete Address of Immigration Court, including Room Number, if any)

on _____ to be set _____ at _____ to be set _____ to show why you should not be removed from the United States based on the
      (Date)                                          (Time)

charge(s) set forth above.

_____   Deputy District Director
(Signature and Title of Issuing Officer)

Date:   **January 24, 2002**                          Kansas City, Missouri
                                                                              (City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

GOVERNMENT
EXHIBIT
"C"

# JOURNAL ENTRY OF JUDGMENT

## SECTION I: CASE IDENTIFYING INFORMATION

| Case Name | Court O.R.I. Number | K.B.I. Number |
|---|---|---|
| STATE v. JUAN (NMI) LARIN<br>SSN: 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<br>ADDRESS: 2348 South Greenwood<br>Wichita, Kansas 67211 | KS08702SG | |

| County | Court Case Number | Sentencing Judge | Sentencing Date |
|---|---|---|---|
| SEDGWICK | 99CR2312 | CLARK V. OWENS II | 3/28/00 |

| Type of Counsel | Type of Trial | Date of Conviction | Pre-Trial Status of Offender |
|---|---|---|---|
| Retained | Plea | 1/31/00 | Released on Bond |

## SECTION II: CRIMINAL HISTORY CLASSIFICATION

| Offender's Overall Criminal History Classification as Found by the Court: | Objections to Criminal History | If Yes, By: |
|---|---|---|
| Nondrug        I | No | |
| | Court's Ruling on Objection: | |

## SECTION III: CURRENT CONVICTION INFORMATION

| PRIMARY Offense of Conviction | K.S.A. Number | Grade of Offense | Offense Severity Level | Case Tracking No. |
|---|---|---|---|---|
| AGGRAVATED BATTERY | 21-3414 (a)(1)(A) | Felony Person | Level 7 Nondrug Grid | 308729901068 |
| Count No. 1     Date of Offense: 5/12/99 | | | | |

| Presumptive Sentencing Range: | Mid | High | Low | Presumptive Probation |
|---|---|---|---|---|
| | 12 | 13 | 11 | |

| Sentence Imposed: | Guideline Range Imposed: | Special Rule Applicable to Sentence, If Any: |
|---|---|---|
| Probation for:         24  months<br>Underlying Prison Term is  12  months | Mid | — Person Felony Committed With a Firearm |

| Postrelease Supervision Term: | Probation To: |
|---|---|
| 24  months | Community Corrections Field Services |

OK   F/S COPY to BKPG
4-26-00 pw

GOVERNMENT
EXHIBIT
"D"

Sr   Juan Larin
Case No. 99CR2312
Page - 2 -

## SECTION V OTHER CONDITIONS

General/Special Conditions of Probation

In addition to the provisions set forth in K.S.A. 21-4610, the defendant is ordered to comply with the following special conditions of probation:

- Obey the laws of the United States, the State of Kansas, and any other jurisdiction to whose laws he/she may be subject.
- Report to this Court as directed by Community Corrections.
- Remain within the area of the State of Kansas unless permission to leave is first obtained from the Court.
- Notify the I.S.O. of changes in employment, residence, and phone number within 24 hours.
- No possession or consumption of alcohol or drugs without a legal prescription from a physician.
- Gain and maintain employment. If unemployed longer than 2 weeks, defendant must perform 15 hours of community service per week and spend 20 hours per week seeking employment.
- Avoid injurious or vicious habits as directed.
- Avoid persons or places of disreputable or harmful character as directed.
- Obey all rules, regulations, and requirements of Community Corrections.

| Costs Ordered: | | Comments: |
|---|---|---|
| Total Restitution | $  3,000.00 | Restitution shall be paid to the Clerk of the District Court and distributed to: |
| Court Costs | 134.50 | |
| Probation Fees | 50.00 | Wesley Medical Center . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,000.00 |
| Booking Fee | 33.00 | ATTN: Patient Accounts (#8535075 – Rios-Rosas, Israel) |
| | | P. O. Box 47130 |
| | | Wichita, Kansas 67201 |

## SECTION VI RECAP OF SENTENCE

| Total Period of Confinement in DOC:<br><br>12 months | | Prior Case(s) to Which the Current Sentence is to Run Concurrent or Consecutive |
|---|---|---|
| Probation Period<br><br>24 months | Postrelease Period<br><br>24 months | |
| Jail Time Credit<br><br>____10__ days | Sentence Begins Date | Maximum Good Time Credit:<br><br>15% |

3000 3003   035 2531

S___. Juan Larin
Ca__ No. 99CR2312
Page - 3 -

**Additional Comments:**

– The Court has ensured that the defendant has been processed and fingerprinted.

– The Court has informed the offender of the prohibition against carrying a firearm pursuant to K.S.A. 21-4204 and amendments thereto.

– Other: The court imposes a nonprison sentence upon finding that an appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time, and the nonprison sanction will serve community safety interests by promoting offender reformation.

**SECTION VII. SIGNATURES**

_____
CLARK V. OWENS II
JUDGE OF THE DISTRICT COURT

Date _____



BARRY K. DISNEY, #13284
Assistant District Attorney

Address: Sedgwick County Courthouse
535 North Main
Wichita, Kansas 67203

Phone No: (316) 383-7281

THOMAS T. INKELAAR, #13540
Attorney for Defendant

Address: Attorney at Law
727 North Waco, Suite 275
Wichita, Kansas 67203

Phone No: (316) 265-3390

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.
Dated this _____ day of January, 2002
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

## KANSAS SENTENCING GUIDELINES - PRESENTENCE INVESTIGATION REPORT
### Face Sheet

FILED

**18th Judicial District**

**COUNTY:** SEDGWICK

**CASE #:** 99CR2312

**NAME:** Larin, Juan *

**AKA:** Juan L. Ulloa

**DOB:** 5-15-55    **SSN:** 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

**AGE:** 45    **KBI:**

**SEX:** MALE    **RACE:** WHITE

**ETHNICITY:** HISPANIC

**ADDRESS:** 2348 S. Greenwood
Wichita, Kansas 67211
**CITIZENSHIP:** U.S.

**DETAINER OR OTHER CHARGES PENDING?** NO

**SUBJECT IN CUSTODY AWAITING SENTENCING?** NO

**IF OFFENDER WAS UNDER 18 YEARS OF AGE WHEN THE CRIME(S) WERE COMMITTED AND WAS TRIED AS AN ADULT, OFFENDER WAS:**

☐ ADJUDICATED CONSIDERED AN ADULT UNDER K.S.A. 38-1636

☐ AUTOMATICALLY CONSIDERED AN ADULT BECAUSE OF PRIOR FELONY

**NAMES OF CODEFENDANTS, IF ANY:**

**NAME OF DEFENSE ATTORNEY:**
Thomas Inkelaar

**TYPE OF COUNSEL PRIOR TO SENTENCING:** ☒RETAINED ☐APPOINTED ☐SELF
☐ OTHER

**NAME OF PROSECUTING ATTORNEY**
Barry Disney

**NAME OF SENTENCING JUDGE:**
HONORABLE Clark Owens

**DATE OF GUILTY PLEA OR JUDGMENT:** 1-31-00

**DATE OF SENTENCING:** 3-28-00

**NAME OF PRESENTENCE INVESTIGATOR**
Donivan/Steven C.

**DATE ASSIGNED:**    **DATE SUBMITTED:**
1-31-00    3-13-00

---

**OFFENSES:**
**NAME OF PRIMARY OFFENSE**
Aggravated Battery
**K.S.A. No.:** 21-3414    ☒Felony ☐Misd.
☒PERSON  ☐DRUG  ☒NONDRUG  ☐ATTEMPT
☐CONSPIRACY
☐NONPERSON  ☐NONGRID  ☐OFFGRID  ☐SOLICITATION

**SEVERITY LEVEL:** 7  **CRIM. HISTORY SCORE:** I

**SENTENCING RANGE:**  STANDARD    12

Firearm used    AGGRAVATED  13

MITIGATED  11

☐PRESUMPTIVE PRISON  ☒PRESUMPTIVE PROBATION  ☐BORDER BOX

**POSTRELEASE SUPERVISION DURATION:**  ☒24 MOS.
☐36 MOS.
☐

**PROBATION DURATION:**  ☒24 MOS.
☐36 MOS.  ☐

---

**NAME OF ADDITIONAL OFFENSE**

**K.S.A. No.:**    ☐Felony ☐Misd.
☐PERSON  ☐DRUG  ☐NONDRUG  ☐ATTEMPT
☐CONSPIRACY
☐NONPERSON  ☐NONGRID  ☐OFFGRID  ☐SOLICITATION

**SEVERITY LEVEL:**    **CRIM. HISTORY SCORE:**

**SENTENCING RANGE:**  STANDARD

AGGRAVATED

MITIGATED

☐PRESUMPTIVE PRISON  ☐PRESUMPTIVE PROBATION  ☐BORDER BOX

**POSTRELEASE SUPERVISION DURATION:**  ☐24 MOS.
☐36 MOS.
☐

**PROBATION DURATION:**  ☐24 MOS.
☐36 MOS.  ☐

---

**NAME OF ADDITIONAL OFFENSE**

**K.S.A. No.:**    ☐Felony ☐Misd.
☐PERSON  ☐DRUG  ☐NONDRUG  ☐ATTEMPT
☐CONSPIRACY
☐NONPERSON  ☐NONGRID  ☐OFFGRID  ☐SOLICITATION

**SEVERITY LEVEL:**    **CRIM. HISTORY SCORE:**

**SENTENCING RANGE:**  STANDARD

AGGRAVATED

MITIGATED

☐PRESUMPTIVE PRISON  ☐PRESUMPTIVE PROBATION  ☐BORDER BOX

**POSTRELEASE SUPERVISION DURATION:**  ☐24 MOS.
☐36 MOS.
☐

**PROBATION DURATION:**  ☐24 MOS.
☐36 MOS.  ☐

2000  0002  023  2210

# Kansas Criminal History Worksheet

| KBH # | Case # 99CR2312 | | New ☒ | Prior Conviction ☐ | Offender Name (L,F,M) Larin, Juan * | | SSN # 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 |
|---|---|---|---|---|---|---|---|
| District # 18ᵗʰ | Court ORI # KSO 870250 | | | | Date of Birth 5-15-55 | | Date of Sentencing 3-28-00 |
| PSI Investigator (L,F,M) Donivan, Steven C. | | Date of Offense 8-22-99 | | Date of Conviction 1-31-00 | | Date of Worksheet 1-31-00 | |

Was Offender under custody supervision at the time He/She committed the current offense?
No ☒
Yes ☐
If Yes, then indicate what type of supervision:

Mark all that apply:
☐ Probation
☐ Parole
☐ Post Release Supervision
☐ Conditional Release
☐ Other

Jurisdiction
Jurisdiction
Jurisdiction
Jurisdiction
Jurisdiction
Jurisdiction

Case #
Case #
Case #
Case #
Case #
Case #

Date Sentenced
Date Sentenced
Date Sentenced
Date Sentenced
Date Sentenced
Date Sentenced
Date Sentenced
Date Sentenced

## Current Crime(s) of Conviction

| KSA Number | Description | M/F | PN | Level |
|---|---|---|---|---|
| 21-3414 | Aggravated Battery | F | P | 7 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Non drug Criminal History Category: A☐ B☐ C☐ D☐ E☐ F☐ G☐ H☐ I☒
Amended? Y☐ N☐   Amended to: A☐ B☐ C☐ D☐ E☐ F☐ G☐ H☐ I☐

Drug Criminal History Category: A☐ B☐ C☐ D☐ E☐ F☐ G☐ H☐ I☐
Amended? Y☐ N☐   Amended to: A☐ B☐ C☐ D☐ E☐ F☐ G☐ H☐ I☐

## Criminal History Convictions and/or Adjudications Prior to Sentencing

| Juvenile | Adult | Total | Type |
|---|---|---|---|
| 0 | 0 | 0 | Person or Off-grid Felonies |
| 0 | 0 | 0 | Nonperson Felonies |
| 0 | 0 | 0 | Person Misdemeanors |
| 0 | 0 | 0 | Nonperson Misdemeanors |

## Criminal History Convictions and/or Adjudications Prior to Sentencing

| Juvenile | Adult | Total | Type |
|---|---|---|---|
| | | | Person or Off-grid Felonies |
| | | | Nonperson Felonies |
| | | | Person Misdemeanors |
| | | | Nonperson Misdemeanors |

Number of Person Misdemeanors converted: 0☒ 3☐ 6☐ 9☐ 12☐
Amended? Y☐ N☐   Amended to: 0☐ 3☐ 6☐ 9☐ 12☐

Number of Decayed Juvenile Adjudications: Fel: 0 Misd: 0
Amended? Y☐ N☐   Amended to: Fel:   Misd:

2000
0002
023   2211

Offender's Name: (L,F,M) Larin, Juan *   Judicial District: 18th   County: Sedgwick   Case # 99CR2312   Page 2

| Season/Ordinance Number | Description | ST | Jurid. Code | County | City | Conviction Date | Case # | Conviction Code | Amended Code | KBI Update Required | Source of Information |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | No Scorable Convictions Found | | | | | | | | | | |
| 2. | | | | | | | | | | | |
| 3. | | | | | | | | | | | |
| 4. | | | | | | | | | | | |
| 5. | | | | | | | | | | | |
| 6. | | | | | | | | | | | |
| 7. | | | | | | | | | | | |
| 8. | | | | | | | | | | | |
| 9. | | | | | | | | | | | |
| 10 | | | | | | | | | | | |

KBI Update: Check if this conviction needs to be added to KBI record

Source of Information

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.

Dated this _____ day of _____
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

CODES:

Jurisdiction:
F   Federal
S   State
M   Military
M   Municipal

Basic: Use 3-letter abbreviation

**Conviction and Amended Codes:**

| | |
|---|---|
| ADO | Adult Off grid |
| AFP | Adult Felony Person |
| AFN | Adult Felony Nonperson |
| AFU | Adult Felony Unsorted |
| AMP | Adult Misdemeanor Person |
| AMN | Adult Misdemeanor Nonperson |
| AMS | Adult Class A Misdemeanor Nonperson |
| AMB | Adult Class B Misdemeanor Select |
| AMU | Adult Misdemeanor Unscorable |

| | |
|---|---|
| JOO | Juvenile Off grid |
| JFP | Juvenile Felony Person |
| JFN | Juvenile Felony Nonperson |
| JFU | Juvenile Felony Unsorted |
| JMP | Juvenile Misdemeanor Person |
| JMN | Juvenile Misdemeanor Nonperson |
| JMS | Juvenile Misdemeanor Select |
| JMU | Juvenile Misdemeanor Unscorable |

| | |
|---|---|
| KBI | |
| NCIC | |
| Other Jurisdiction | |
| Other | |

| | |
|---|---|
| DV | Juvenile Decayed Felony |
| JOM | Juvenile Decayed Misdemeanor |

Code indicating exclusion from criminal history as determined by the judge at sentencing or at sentencing hearing.
NII   Not included in criminal history, by order of the court, reasons stated in Journal Entry.

SEARCH
CONVICTIONS
SEVENTEENTH
COURT
SEAL
SI SEARCH
Criminal
explain

NOTE: Unscorable convictions/adjudications are not counted on page 1 of the Worksheet.

2000   0002      023   2212

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CRIMINAL DEPARTMENT

99CR2312

FILED
APP DOCKET NO.

COPY

CLERK OF THE DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS

| | | |
|---|---|---|
| THE STATE OF KANSAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 99CR2312 |
| | ) | |
| JUAN * LARIN, | ) | |
| | ) | |
| Defendant, | ) | |

---

### DEFENDANT'S ACKNOWLEDGMENT OF RIGHTS AND ENTRY OF PLEA

COMES NOW, the Defendant Juan * Larin, and upon questioning by this Court, and upon receiving counsel from his attorney, Thomas T. Inkelaar, Attorney at Law, who also appears herein, does freely and voluntarily give such Court to understand as follows:

1.   My true name is Juan * Larin, and I am also known as _____ I am ____ years of age and have completed ____ years of schooling.

2.   Plea negotiations have been conducted, with my consent through my attorney, and I understand the plea bargain with the District Attorney to be as follows:

That the State will file an amended information charging me with one count of aggravated battery, contrary to K.S.A. 21-3414(a)(1)(B), a severity level 7, person felony. I will enter a plea of guilty. The State will recommend that I be sentenced to the mid number in the appropriate grid block. This offense involved the use of a firearm and the sentence is presumed imprisonment. The State will not oppose my attempt to have the court impose an optional nonprison sentence by establishing that a nonprison sanction will serve community safety interests by promoting offender reformation pursuant to K.S.A. 21-4704(h).

3.   I understand from my discussions with my attorney, and have been advised by the Court, that the following criminal charges remain against me pursuant to the plea bargain between myself, through my attorney, and the District Attorney:
Count (s) 1: Aggravated Battery, contrary to K.S.A. 21-3414(a)(1)(B).

4.   I understand that the Kansas Sentencing Guidelines Act will apply. Under this Act, a presumptive sentence will be determined by the court, by combining the severity level of the current crime of conviction and my prior criminal history. I have been informed by the State, at the time of my plea, that my criminal history is believed to be a criminal history category "I". I understand that if additional criminal history is discovered before sentencing, that it can be used to increase my sentence.

2000  0002   009  2587

Under some circumstances the court my depart from the presumptive sentence. The court may sentence me to a longer or shorter sentence than the presumptive sentence. The court may give me probation when prison is presumed. The court may order me to prison when probation is presumed.

I understand from discussions with my attorney, and have been advised by the court, that the following are the range of sentences and fines which may be imposed against me by the court if I choose to enter plea(s) of guilty or *nolo contendere* (no contest) to the criminal charge(s) pending against me.

Count(s) 1: 11 to 34 months and a fine of up to $100,000.00.

I understand that if I am entering plea(s) of guilty or *nolo contendere* (no contest) to more than one offense, the court may, in its discretion, order that the sentence imposed for each offense be served concurrently or consecutively. The length of the total sentence imposed, however, may not exceed twice the base sentence.

I understand that in addition to the penalties described above, upon the completion of any prison term, I will be required to serve a term of postrelease supervision. The length of the required postrelease supervision will depend upon the severity level of the offense and the amount of good time earned while imprisoned.

5.     I understand that if I am ordered to serve my sentence, I may receive a credit of up to fifteen percent for good time. I understand that the decision of whether I receive good time credits is not within the power of the sentencing judge.

6.     I understand that if I am not now a United States citizen, a conviction of a criminal offense may result in deportation from the United States, incarceration by immigration officials for an indefinite period until I am deported, exclusion form admission to the United States and/or denial of naturalization and citizenship in the United States.

7.     I understand from discussion with my attorney, and I have been advised by the court, that regardless of the plea agreement between myself, through my attorney, and the District Attorney, this court is not bound to agree to, nor to accept, the terms of the plea agreement. I further understand that if I enter a plea of guilty or *nolo contendere* (no contest), this court may impose against me any or all of the maximum penalties and the maximum fines in combination; will order the payment of court costs against me; may require that I pay full restitution and reparations for all personal injury, property loss or damage; may impose administrative costs of a probation program; will require me to reimburse the state for my reasonable attorney fees, if I am represented by appointed counsel; and may take whatever other action the court deems appropriate and which is permitted by law, to ensure the public safety.

8.     I understand from discussions with my attorney, and have been advised by the court, that by entering a plea of guilty or *nolo contendere* (no contest), that I am surrendering and waiving the following legal rights which I would be able to exercise if I chose to go to trial:

A plea of guilty is an admission of guilt to the crimes charged and relieves the State of Kansas of its burden to prove my guilt.

2000 0002   009 2588

A plea of *nolo contendere* (no contest) is an admission that the State of Kansas has sufficient evidence to prove my guilt and that I will not contest such evidence. Such a plea would require the prosecutor to advise the court of the evidence which the State would present to prove my guilt, and once my plea is accepted by the court, my plea of *nolo contendere* (no contest) is treated by the court as if I had entered a plea of guilty.

I have a right to a trial where my guilt or innocence on all of the criminal charges against me would be determined by a jury, or if I choose to waive a jury, by a judge.

At a trial, I would have the right to confront the witnesses against me and have them cross-examined by my attorney.

At a trial I would have the right to compel the attendance of witnesses who may have information favorable to me and to call these witnesses to testify on my behalf.

At a trial I would have the right to compel documentary and physical evidence favorable to me.

At a trial, it would be the burden of the State of Kansas to prove, beyond a reasonable doubt, each element of the charge(s) against me before I could be found guilty.

At a trial, the judge and the jury would presume that I am innocent unless and until the State of Kansas proved otherwise, beyond a reasonable doubt.

At a trial, I alone would have the final decision, after consulting with my attorney, whether I would testify on my own behalf, and I understand that I would not be required to testify or to present any evidence to prove my innocence. If I enter a plea of guilty, I waive the right to remain silent, and the court may require me to tell the court the facts known to me which would show that I am guilty.

If I were to be convicted of any offenses int his court, I would have the right to ask the court for a new trial based on any legal errors which may have denied me my right to a fair trial or which may have otherwise prejudiced me in my defense.

If I were to be convicted of any offenses in this court, and if my motion for a new trial were denied, I would have the right to appeal my conviction(s) and sentence(s) to a Kansas appellate court where I would be entitled to have such court review the transcripts and record of my trial for any prejudicial error.

During any such appeal, I would be entitled to the services of a competent appellate attorney and to the transcripts of my trial or to the proceedings which might be necessary to my appeal. If I could not afford an attorney or transcripts, t h e y would be provided to my by the court.

2000 0002 009 2589

If I go to trial, I retain the right to appeal from any adverse ruling or order made against me by the court or jury, including the legal sufficiency of the evidence presented against me to prove my guilt, any legal defects in the criminal proceedings, the sentences or other penalties imposed, and the denial of probation.

9. After fully discussing my potential defenses to the charges in this case, the legal options available to me in these proceedings, and the above-mentioned matters with my attorney, I advise this court that I understand it is my decision, alone, whether to accept or reject the plea agreement and whether to enter a plea of guilty or *nolo contendere* (no contest) to the charge(s) herein. My decision to accept the plea agreement and change my plea is completely voluntary without anyone having threatened me or promised me anything of benefit, and is without duress or coercion other than that which the plea agreement provides.

10. I understand that despite my plea of guilty or *nolo contendere* (no contest), I retain a limited right to appeal the sentence which may be imposed. If the sentence imposed is the presumptive sentence the appellate court will only have jurisdiction to hear appeals based on the accuracy of my criminal history score, the accuracy of the crime severity level determination. If the sentence imposed is not the presumptive sentence, claims of partiality, prejudice, oppression or corrupt sentence imposed is that agreed to in the plea agreement, the appellate court will not review my sentence. I understand that any appeal must be filed within 10 days of the date my sentence is pronounced in court and that if I cannot afford an attorney or the costs of an appeal, the court will appoint counsel to represent me and will order that a transcript of the necessary portions of the transcript be provided to my counsel.

11. I have read this "Defendant's Acknowledgment of Rights and Entry of Plea", or have had it read to me, and I fully understand its contents; I fully and completely understand the consequences of my plea(s) pursuant to the plea agreement, and I accept that the plea agreement in consideration of what I believe is in my best welfare and in my own best interests.

12. I have not been taking any drugs or medication, during the past 48 hours, except _____. Any such drugs or medications do not impair my mental faculties or judgement. I remain in full control of my mental faculties or judgement.

**WHEREFORE**, and for the reasons states above, I hereby advise this Court that I wish to withdraw my plea(s) of Not Guilty to Count(s) 1 as amended, and enter plea(s) of guilty to Count(s) 1 as amended.

Signed in open court on this_____ day of _____, 19__.

_____
Defendant

**CERTIFICATE OF COUNSEL**

2000 0002 009 2590

We affirm that the above statement of the plea agreement is correct and approved both by counsel for the defendant and for the State of Kansas. Defense counsel further affirms that he has read this document, has fully discussed the same with the defendant, and that to the best of his knowledge knows the contents of the same to be true.

Thomas T. Inkelaar #13504
Attorney for Defendant

Barry K. Disney #13284
Assistant District Attorney



Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.
Dated this _____ day of January 2002
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY KANSAS
By _____

2000 0002 009 259

IN THE EIGHTEENTH JUDICIAL DIST......
DISTRICT COURT. SEDGWICK COUNTY. KANSAS
CRIMINAL DEPARTMENT

FOR CLERKS USE ONLY

STATE OF KANSAS

_____ PLAINTIFF.

VS

Juan Larin

_____ DEFENDANT.

99 CR 2313
FILED
DOCKET NO. ____
FEB 2  10.25 AM '00
CLERK OF THE DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
BY _____

CASE NO. 99  CR 23-

## RECORD OF TRIAL OR PLEA

On this  1-31  _____, 19 2009, this matter comes
on for ☐ trial ☐ plea. defendant being present in person and by counsel  Thomas Ihrelong
State being present by counsel  Barry Disney

TRIAL:

Thereupon, the case proceeds to ☐ Jury Trial ☐ Bench Trial. and after hearing all of the evidence and statements of
counsel. a verdict is returned on _____, 19 _____. finding the defendant:

| | | |
|---|---|---|
| Count One _____ | ☐ Guilty | ☐ Not Guilty |
| Count Two _____ | ☐ Guilty | ☐ Not Guilty |
| Count Three _____ | | ☐ Not Guilty |
| or: The Court Declares a _____ | | ☐ Mistrial |

(I, the undersigned Clerk of the District Court. The above is
a true and correct copy of the original instrument, which
is on file or of record in this court.
Dated this ____ day of January 2002
CLERK OF THE DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____)

PLEA:

The defendant announces that he pleads ☐ Guilty ☐ Nolo Contendere to:

Count One  Aggravated Battery / S.I. 7° Person Fel

Count Two _____

Count Three _____

P.S.I. The Court orders a presentence investigation to be made, and schedules sentencing for  28 March
19 2000 at  1:30  P .M.   Judge Owens

_____
Paul W Clark
Judge, Div.  09

Record Taken By  Mary Ann Shilling
1st Copy:  Court Files
2nd Copy:  Judge
3rd Copy:  PSI
Form No. CR 3, (Rev 5/99)

2000 0002  009 258

IN THE DISTRICT COURT OF KANSAS
EIGHTEENTH JUDICIAL DISTRICT
SEDGWICK COUNTY, CRIMINAL DEPARTMENT

FILED
Aug 24  4/24 PH '99
CLERK OF THE DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
BY-

THE STATE OF KANSAS )
                         Plaintiff, )
                                      )
                                      )
vs.                                   )
                                      )
                                      )
JUAN * LARIN,                         )
H/M, DOB: 05/15/55,                   )
SSN: 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,                     )
                         Defendant.   )

Case No. 99CR2312

## COMPLAINT/INFORMATION
### COUNT ONE

COMES NOW MARGARET A. MCINTIRE, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of said State gives the court to understand and be informed that in the County of Sedgwick, and State of Kansas, and on or about the 22nd day of August, 1999, A.D., one JUAN * LARIN did then and there unlawfully, intentionally *in a manner whereby I could have caused* cause great bodily harm or disfigurement to another person, to-wit: Isarael Rosas;

*Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, Severity Level 4, Person Felony*

all of the said acts then and there committed being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Kansas.

99CR2312

*Margaret A McIntire*
MARGARET A. McINTIRE, #13207
Assistant District Attorney

**State Of Kansas** )
                                ) ss:
**Sedgwick County** )

M. E. SILVA, being first duly sworn, states that I have read the above and foregoing Complaint/Information and know the contents thereof, and that the same is true in substance and in fact.

*Michael E. Silva* 1389
M. E. SILVA
Complaining Witness

SUBSCRIBED AND SWORN to before me on this 24th day of August 1999.

DONNA J. MONAREZ
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 1-4-2003

*Donna J. Monarez*
NOTARY PUBLIC

**State Of Kansas** )
                                ) ss:
**Sedgwick County** )

MARGARET A. McINTIRE, Assistant District Attorney for the 18th Judicial District of Kansas, within and for said State, being first duly sworn states that I have read the above and foregoing Complaint/Information and know the content thereof, and that the same is true in substance and in fact to my best information and belief.

*Margaret A McIntire*
MARGARET A. McINTIRE, #13207
Assistant District Attorney

SUBSCRIBED AND SWORN to before me on this 24 day of Aug 1999.

*Carol Cleveland*
JUDGE OF THE DISTRICT COURT

STATE WITNESSES:
CW: DET. M. E. SILVA, #1389, WPD (99-58280)

SEAL

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.
Dated this ___ day of _____ 2002
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

[STATE'S WITNESS LIST CONTINUED]

STATE'S WITNESS LIST – LARIN – 99C78280

79CR2312

Off. J. Barrier, #1625, WPD
Off. E. Padron, #1722, WPD
Off. P. Marshall, #1773, WPD
Off. D. Halverson, #1611, WPD
Off. Tejeda, #1782, WPD
Lab. Inv. Siwek, #V0967, WPD
Dr. Fakhani
Records Custodian,                         DUCES TECUM
  Wesley Medical Center
Isarael R. Rosas
Tracy R. Wiebe
Hope M. Grim


djm/MAM/WPD
08/24/99

## PART II.—PROHIBITED CONDUCT

## ARTICLE 34.—CRIMES AGAINST PERSONS

COPR. © 2001 By Revisor of Statutes of Kansas

Current through End of 2001 Reg. Sess.

### 21-3414. Aggravated battery.

(a) Aggravated battery is:

(1) (A) Intentionally causing great bodily harm to another person or disfigurement of another person; or

(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

(C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

(2) (A) recklessly causing great bodily harm to another person or disfigurement of another person; or

(B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.

(b) Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in subsection (a)(2)(B) is a severity level 8, person felony. A person convicted of aggravated battery shall be subject to the provisions of subsection (h) of K.S.A. 21-4704 and amendments thereto.

**History:** L. 1969, ch. 180, § 21-3414; L. 1992, ch. 298, § 12; L. 1993, ch. 291, § 29; July 1.

<General Materials (GM) - References, Annotations, or Tables>

### SOURCE OR PRIOR LAWS

1995 Main Volume SOURCE OR PRIOR LAWS

7/15/02 3:57

GOVERNMENT EXHIBIT "E"