UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 8 2002

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA,  )
   Petitioner,  )
                )
v.  )  C.A. B-02-107
                )
JOHN ASHCROFT, UNITED STATES  )
   ATTORNEY GENERAL et al.  )
_____)

**PETITIONER'S (OPPOSED) MOTION TO STRIKE, AS NON-RESPONSIVE,
THE ALLEGED "CERTIFIED ADMINISTRATIVE RECORD" IN THE INSTANT CASE**

Petitioner, through counsel, hereby files the instant Motion to Strike, as non-responsive, the alleged "Certified Administrative Record" herein. The instant petition for writ of habeas corpus, seeks a determination that Mr. Larin is not subject to the "mandatory detention" provisions of 8 U.S.C. §1226(c), and that, in the alternative, that said provision is unconstitutional as applied to him. The appropriate administrative record would, therefore, be the record relating to the bond proceedings. Pursuant to 8 C.F.R. §3.19(d), said proceedings are distinct from the underlying removal proceedings, and a separate record is maintained. As stated therein (emphasis added):

> Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding. The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service.

Said procedure was apparently followed herein, as none of the documents pertinent to the bond proceedings are included in the "Certified Administrative Record." Indeed, said record does not

even include the decision of the BIA, dismissing Petitioner's bond appeal. *See,* Petitioner's Exhibit B. Nor does the "Certified Administrative Record" even purport to be the record of the bond proceedings. Rather, it is the record, to date, of the pending removal proceedings, and as such is irrelevant to the instant case.

On Friday, August 23, 2002, the undersigned spoke at length with counsel for Respondents, Nancy Masso and Paul Fiorino, about Respondents' position that, because the issue of whether he is subject to removal as charged is also an issue in the bond proceedings, he has not "exhausted his remedies" on the bond issue until the underlying removal case is resolved. No agreement was reached with respect thereto. After examining the "Certified Administrative Record," and discovering that it related only to the removal proceedings, and not the bond proceedings, the undersigned attempted to call both Attorneys again. She was transferred to a voice mail recording in the Office of Mr. Fiorino, and was advised by Ms. Masso's staff that Ms. Masso was out of the office. Therefore, the instant motion will be deemed as opposed.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586          Fed. ID.  1178
(956) 421-3226                Texas Bar 03052800
(956) 421-3423 (fax)

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing, and Proposed Order, was personally served on the office of Nancy Masso, AUSA, Brownsville, Texas, this 26th day of August, 2002. I further certify that copies of the same were this day mailed, first class postage prepaid, to Paul Fiorino, Box 878 Ben Franklin Sta. Wash. D.C. 20044.