22

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 6 2002

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA,  )
   Petitioner,  )
  )
v.  )   C.A. B-02-107
  )
JOHN ASHCROFT, UNITED STATES  )
   ATTORNEY GENERAL et al.  )
_____)

PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO
PETITIONER'S (OPPOSED) MOTION TO STRIKE, AS NON-RESPONSIVE,
THE ALLEGED "CERTIFIED ADMINISTRATIVE RECORD" IN THE INSTANT CASE

Petitioner, through counsel, hereby files his Reply to Respondents' Response, (herein cited as (INS:___)), to Petitioner's Motion to Strike the alleged "Certified Administrative Record" herein.

The instant petition seeks a determination that Mr. Larin is not subject to the "mandatory detention" provisions of 8 U.S.C. §1226(c), and that, in the alternative, that said provision is unconstitutional as applied to him. The appropriate administrative record would, therefore, be the record relating to the bond proceedings. Pursuant to 8 C.F.R. §3.19(d), said proceedings are distinct from the underlying removal proceedings, and a separate record is maintained. As stated therein (emphasis added):

> Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding.

Respondent's do not (and cannot) deny that the record in a bond proceeding must be "separate and apart" from the record in the removal proceeding. But they have still not filed the record of the bond proceedings, which would be the appropriate record to be filed herein as the "certified record of proceedings."

If Respondents also choose to file, as an Exhibit, the record to date in the removal case, it should be so labeled, and so presented. To present said record to this Court, *in lieu of* the record in the bond proceeding, is misleading to the extreme.

Respondents consider that Mr. Larin has "painted himself into a corner," (INS:2), by attempting to challenge the Respondents' position that he is not entitled to a bond while his removal proceedings are still pending before the BIA. The logic of this argument escapes the undersigned. Even the BIA recognizes that bond and removal cases proceed on separate tracks, notwithstanding that the issue in the two is the same. In fact, the Board has held that, in such cases, if it appears unlikely that INS will prevail in the underlying removal case, the person is entitled to a bond hearing, notwithstanding that INS has charged him in a manner which brings him under the provisions of 8 U.S.C. §1226(c)(1) *See, Matter of Joseph*, Int. Dec. 3387 (BIA 1999), holding that for purposes of determining the custody conditions of a lawful permanent resident under section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, and 8 C.F.R. § 3.19(h)(2)(ii) (1999), a lawful permanent resident will not be considered "properly included" in a mandatory detention category when an Immigration Judge or the Board of Immigration Appeals finds, on the basis of the bond record as a whole, that it is substantially unlikely that the Immigration and Naturalization Service will prevail on a charge of removability specified in section 236(c)(1) of the Act. A copy of said decision has already been provided to the Court, and counsel for Respondents.

However, recent events have overtaken the instant controversy. This Honorable Court has certified the class in *Reyna-Montoya et al v. Trominski*, C.A. B-02-026, and issued a Declaratory Judgement that 8 U.S.C. §1226(c)(1) is unconstitutional as applied to lawful permanent residents. Petitioner herein is a member of that class.

2

He is therefore filing, by separate pleading, a request for an injunction, based on the Decision in *Reyna-Montoya*, requiring that Respondents promptly provide him with a bond hearing.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586          Fed. ID. 1178
(956) 421-3226                Texas Bar 03052800
(956) 421-3423 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, to Paul Fiorino, Attorney, P.O. Box 878 Ben Franklin Sta. Wash. D.C. 20044, on September 16, 2002.