United States District Court
Southern District of Texas
FILED

NOV 0 1 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN LARIN-ULLOA, )
)
v. ) C.A. B-02-107
)
JOHN ASHCROFT et al. )
_____)

**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO STRIKE, AND OPPOSED MOTION TO CONSTRUE THEIR OPPOSITION TO INS' MOTION TO HOLD CASE IN ABEYANCE AS A MOTION TO RECONSIDER THE COURT'S PREMATURE RULING ON SAID MOTION, AND FOR ATTORNEYS' FEES, PURSUANT TO RULE 11**

Petitioner, through counsel, hereby opposes the "Government's Motion to Strike petitioner's Untimely Opposition to Respondent's Motion To Hold the Instant Case in Abeyance."[1] Simultaneously, Petitioner requests that the Court construe his timely filed opposition as a motion to reconsider the Court's (premature) ruling on INS' motion, and/or withdraw said Order, pursuant to Rule 60(a), FRCivP, as it was entered prematurely "from oversight or omission."

Petitioner also requests attorneys fees pursuant to Rule 11(b)(2) FRCivP, for defending INS' motion to strike. The legal contentions contained therein are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Indeed, INS cited *no* authority to support its claims that: 1) Petitioner's opposition to their motion to hold in abeyance was "untimely" and 2) that Petitioner's constitutional issues should be heard before the statutory claims. Also, the factual basis asserted is incorrect. As Respondents well know, it is simply not true that "Petitioner had a chance to state his opposition in a timely filed opposition to the motion and did not."

---

[1] INS claims that there was no need to consult with respect to the motion to strike because it was brought under Rule 12(f). However, said rule applies only to an "insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter." INS has not specified which of the above it considers applicable. If any pleading should be stricken, therefore, is should be INS' motion to strike, for failure to comply with local rule 7.1D.

## I. PROCEDURAL HISTORY

The instant case challenges Petitioner's detention without bond, pursuant to 8 U.S.C. §1226(c)(1). In addition to his claim that said provision is unconstitutional as applied to lawful permanent residents, Mr. Larin asserts that it does not apply to him, because the offense of which he was convicted is not an aggravated felony, and he is therefore not deportable as charged.

## II. INS' MOTION TO HOLD CASE IN ABEYANCE

INS' motion to hold the instant proceedings in abeyance was filed October 4, 2002. Lisa Putnam contacted the undersigned about the motion, and was advised that Petitioner opposed it, largely because the case presents both statutory and constitutional grounds. The motion accurately reflected Petitioner's opposition, although for unknown reasons it was entered on the docket sheet as an "unopposed motion," which fact did not come to the attention of the Petitioner until recently. The docket sheet did, however, reflect the fact that the motion docket date was October 24, 2002.

Possibly due to the error in the docket sheet, the Court granted INS' motion on October 7, 2002. The Order was entered October 10, 2002, and mailed to the undersigned, but was not received until after October 21, 2002, when the undersigned filed her opposition to INS' motion to hold the proceedings in abeyance.[2] Had she received it prior to that date, she would have styled her opposition as a motion to reconsider.

---

[2] The Order in the case at bar had not arrived when counsel returned from a trip to California on October 21, 2002, and filed the instant opposition. Rather, it was received between October 23 and 25, 2002, when she was in San Antonio for two days. The Order issued the same day in CA B-02-126 arrived in a timely fashion, and counsel assumed that the motion in that case was heard prematurely because that case does, in fact, present only constitutional issues. Because no order was received at that time in the case at bar, counsel assumed that the motion was still pending.

### III. INS' MOTION TO STRIKE

On October 31, 2002, INS' motion to strike was received. It calls Petitioner's Opposition to the motion to hold proceedings in abeyance a "two-week late opposition," and asserts, (at page 1):

> The Petitioner seeks to continue to litigate statutory claims while the constitutional claims are pending before the Fifth Circuit. Petitioner should have raised this argument while the government's motion to hold in abeyance was still pending before this Court. Petitioner had a chance to state his opposition in a timely filed opposition to the motion and did not. Accordingly, the petitioner's opposition is out of time. It should not be heard and should be stricken.

Respondents are well aware that Petitioner did not have "a chance to state his opposition in a timely filed opposition to the motion and did not." The motion was granted three days after it was filed, and before it had even *reached* the Petitioner. The irony of INS' position is that when Judge Tagle made a one-day error, in granting a motion filed by the plaintiffs in *Ascencio-Guzman et al v. Trominski et al*, CA B-94-215 on the nineteenth, rather than the twentieth day, after it was filed, and even though Judge Tagle withdrew that order, reissuing it only after considering INS' opposition, INS claimed that they had been denied Due Process before the Fifth Circuit.[3] Now that the shoe is on the other foot, INS is singing a whole new song.

### III. MOTION TO CONSTRUE OPPOSITION AS REQUEST TO RECONSIDER

In his opposition to INS' request that the instant case be held in abeyance, the Petitioner argued as follows:

> While it may be appropriate to withhold adjudication of the constitutional issue, pending resolution of that question by the Fifth Circuit in *Gonzalez-Sanchez*

---

[3] In *Ascencio*, the plaintiffs joined INS in urging the Court to withdraw the Order, because it had been issued prematurely.

(formerly, *Reyna-Montoya*) *et al v. Trominski et al*, No. 02-41323 (5th Cir.), there is no reason why the statutory claims should be held in abeyance. Habeas corpus under 28 U.S.C. §2241 reaches both statutory and constitutional claims raised in the immigration context, *see, e.g., Zadvydas v. Davis,* 533 U.S. 676 (2001). In fact, it is incumbent upon the Court to address any statutory bases prior to reaching the constitutional claims. *F.D.I.C. v. Lee,* 130 F.3d 1139,1142 (5th Cir. 1997), *quoting, Schweiker v. Hogan,* 457 U.S. 569, 584 (1982) ("where a party raises both statutory and constitutional arguments in support of a judgment, ordinarily we first address the statutory argument in order to avoid unnecessary resolution of the constitutional issue").

In its motion to strike, INS acknowledges that both statutory and constitutional issues are presented. But rather than address: 1) the fact that the Court prematurely granted INS' prior motion, and 2) the undisputed premise that statutory issues should be resolved before constitutional questions are reached, INS asks this Court ti "strike the petitioner's two-week late opposition ..." This is unworthy of the Department of Justice, whose attorneys have an obligation above and beyond that of ordinary litigants. *See, Brady v. Maryland,* 373 U.S. 83,88 (1963) (footnote omitted):

> An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: "The United States wins its point whenever justice is done its citizens in the courts."

### IV. MOTION FOR ATTORNEYS FEES

INS' initial motion to hold the instant case in abeyance did not take into consideration the fact that it presents both statutory and constitutional issues. This fact was discussed with Ms. Putnam, when she called to ask whether the undersigned would oppose the motion. The undersigned had also intended to oppose a like motion in the companion case, CA B-02-126, so that all the cases presenting the constitutional claims could be heard together by the Fifth Circuit, much as had been done in the series of cases headed

by *Cantu-Salinas et al v. Trominski et al,* CA B-97-183.[4]

She therefore called counsel for Respondents, hoping that he could be brought to recognize the weakness of his position, and concur in Petitioner's request that the Opposition be construed as a motion to reconsider. He declined. Therefore, the undersigned had to prepare a much more detailed motion than otherwise would have been required. As she worked on the instant pleading, it became increasingly clear that INS' motion to strike was beyond frivolous. So she made one more attempt, and called opposing counsel again, advising him that she intended also to request attorneys fees, pursuant to Rule 11. In the ensuing discussion, she was told that she should have captioned her Opposition as a motion to reconsider. She reminded him that, under the Federal Rules, the captions are not binding, and pleadings are to be construed so as to do substantial justice.[5] He was unmoved.

Therefore, it is respectfully urged that, pursuant to FRCivP Rule 60(a), the Court "correct" its Order of October 7, 2002, by reconsidering and withdrawing said Order, on the grounds that it was prematurely entered, and therefore arose from "oversight or omission." On reconsideration, Petitioner urges that Respondents' motion to hold the instant case in abeyance be denied, insofar as it relates to Mr. Larin's statutory claims, and that the Court proceed to a resolution of said statutory claims. Petitioner also urges that INS' motion to strike Petitioner's opposition to the motion to hold in abeyance be denied, and he be granted attorneys fees, for the time required to defend INS' motion to strike his opposition to their motion to hold in abeyance.

---

[4] Counsel acquiesced in the Court's Order in B-02-126, which presents only constitutional issues.

[5] *See,* Rules 8(e)(1), F.R.Civ.P., "... No technical forms of pleading or motions are required," and 8(f), "All pleadings shall be so construed as to do substantial justice."

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I certify that on November 1, 2002, a copy of the foregoing, and proposed Orders, were mailed first-class postage prepaid, to Paul Fiorino, OIL, Box 878 Ben Franklin Sta., Washington, D.C. 20044.