Southern District Court
rn L  rict of Texas
FILED

MAY 0 1 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN LARIN-ULLOA,           )
                            )
v.                          )      C.A. B-02-107
                            )
JOHN ASHCROFT et al.        )
_____)

**PETITIONER'S MOTION (WHICH RESPONDENTS NEITHER JOIN NOR OPPOSE), TO VACATE STAY AND PROCEED WITH HABEAS RELATING AFFIRMANCE, WITHOUT OPINION, OF IMMIGRATION JUDGE'S DETERMINATION THAT HE IS SUBJECT TO MANDATORY DETENTION, UNDER 8 U.S.C. §1226(c)**

Petitioner, through counsel, and in light of *Demore v. Kim*, ___ S.Ct. ___, (2003) 2003 U.S. LEXIS 3428, hereby requests that the stay on the instant proceedings be vacated, and that his habeas corpus, challenging the legality of his detention *on statutory grounds*, be restored to the active docket. The statutory issues were held in abeyance in October, 2002, pending resolution of the constitutional claims. [1] As these issues were decided adversely to him in *Demore v. Kim, supra*, Petitioner now seeks to pursue his statutory claims, and would request that the case be expedited.

In *Kim*, the Court reaffirmed that immigrants such as Mr. Larin may challenge whether they are properly included in the statute. As noted by Justice Renquist in the majority opinion, at *8, an immigrant is entitled to "raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category." For this proposition, the Court cited 8 C.F.R. §3.19(h)(2)(ii) (2002), and *In re Joseph*, 22 I. & N. Dec. 799 (1999). The Court also concluded that 8 U.S.C. §1226(e) did

---

[1] Although opposed, the motion was granted three days after it was filed, and Petitioner's opposition, filed within the twenty-day time limit for responding to opposed motions, was stricken as untimely. he opposed the motion on the grounds that the statutory claims should be addressed before the constitutional ones.

not deprive the Courts of jurisdiction to hear the case, because the challenge was not to a *discretionary* determination by the Attorney General, but was rather a constitutional challenge. *Id.* at *12 - *14. Although the instant challenge is now limited to the statutory issues, it still fits within the framework of 28 U.S.C. §2241, and may, under *Kim*, be heard in habeas corpus.

Mr. Larin has asserted from the beginning that the offense of which he was convicted is not a "crime of violence" within the meaning of 8 U.S.C. §1101(a)(43)(F). That challenge remains to be decided herein. Moreover, while his case has been held in abeyance, an additional case was decided by the Fifth Circuit, reinforcing his claim that his offense is not within the scope of §1101(a)(43)(F), and therefore, not an aggravated felony. *See, e.g., U.S. v. Gracia-Cantu*, 302 F.3d 308, 311-312 (5th Cir. 2002), holding that the Texas offense of "injury to a child " is not a crime of violence under 18 U.S.C. §16, because it is "results-oriented in that the culpable mental state must relate to the result of a defendant's conduct rather than to the conduct itself." Mr. Larin urges that the same analysis demonstrates that his offense is likewise not a crime of violence under 18 U.S.C. §16.

On the morning of April 30, 2003, counsel called Lisa Putnam, SAUSA, to seek the position of the Government on the instant motion. Ms. Putnam stated that she had to consult with Paul Fiorini, Attorney, from the Office of Immigration Litigation, who was handling the case. The undersigned therefore called Mr. Fiorini. On May 1, 2003, Mr. Fiorini stated that his office was unable to take a position on the instant motion, which was therefore neither opposed, nor unoppsed.

Respectfully Submitted,

2



Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586         Fed. ID.   1178
(956) 421-3226               Texas Bar 03052800
(956) 421-3423 (fax)

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2003, copies of the foregoing and Proposed Order were mailed, first class postage prepaid, to Paul Fiorini, Attorney, OIL, Box 878 Ben Franklin Sta., Washington DC 20044.