36

United States District Court
Southern District of Texas
FILED

JUL 2 1 2003

Michael N. Milby
Clerk of Court

**ATTACHMENTS    TO WRIT OF HABEAS CORPUS**

**EXHIBITS G,H,I,J,K,L**

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 2 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN LARIN-ULLOA, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. B-02-107 |
| | ) | |
| JOHN ASHCROFT, et al. | ) | |
| _____ | ) | |

**EXHIBIT "G" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**

Memorandum Decision of Immigration Judge dated April 18, 2002, denying request for bond.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. ID.  1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I certify that on July 21, 2003, a copy of the foregoing, with attachment, was mailed first-class postage prepaid to Paul Fiorino, Attorney, OIL, Box 878, Ben Franklin Sta., Washington, D.C. 20044.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas,
FILED

JUL 2 1 2003

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA,                       )
   Petitioner,                          )
                                   )
v.                                      )      C.A. B-02-107
                                   )
JOHN ASHCROFT, et al.                   )
_____ )

**EXHIBIT "H" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
(DOCUMENTS FROM OTHER RECENT CASES WHERE THE BIA MISLAID PLEADINGS)**

**1.  Ignacio Villarreal De La Garza, A34 349 562
(See also, Villarreal De La Garza v. Trominski, CA B-01-118)**

After two requests for a copy of the record of proceedings, and for time following receipt thereof in which to file a brief, the BIA dismissed Mr. Villarreal's appeal, without adjudicating the motion for a copy of the record.  Mr. Villarreal filed a habeas action, and the case was remanded to the BIA with instructions to provide the record and an opportunity to file a brief. The BIA provided the record, and Mr. Villarreal timely filed a brief, on May 18, 2003. On July 14, 2003, the BIA again dismissed his appeal, commenting that he had not filed a brief.

Attached are:  a.  BIA's Decision of April 30, 2001;
b.  The Court's Order in CA B-01-118;
c.  The Decision of the BIA, dated July 14, 2003; and
d.  A copy of Mr. Villarreal's brief, served May 18, 2003.

**2.  Documents relating to Aracely Zamora-Garcia, A37 005 740.**

Ms. Zamora's appeal was dismissed as untimely, and she filed a motion to reconsider.  After four requests that a transcript be prepared, the BIA responded that the correspondence had been mislaid. Then, her timely request for an extension of time in which to file a brief was also mislaid.

Enclosed are:   a.   "Motion To Reconsider and to Have Tape of Hearing Transcribed," filed February 2, 2002;

b.   BIA's decision granting motion to reconsider, dated December 12, 2002, with no mention of request for transcript; [1]

c.   Order dated December 16, 2002, setting Ms. Zamora's briefing date as January 6, 2003, still with no transcript;

d.   "Renewed Motion To Have Tape of Hearing Transcribed and for a new Briefing Date, Once the Transcript Has Been Prepared," filed December 19, 2002;

e.   "Respondent's Third Motion To Have Tape of Hearing Transcribed and For New Briefing Date," sent January 19, 2003.

f.   BIA Order dated January 29, 2003, granting INS' request for an extension of time to prepare the brief, until February 18, 2003, and reiterating Ms. Zamora's briefing date as January 6, 2003.   No mention was made of the transcript.

g.   "Respondent's Request for Ruling on Three (3) Prior Motions To Have Tape of Hearing Transcribed, and For a New Briefing Date," sent February 3, 2003;

h.   BIA letter dated March 20, 2003, stating as follows:

> The Board of Immigration Appeals has received your letter in the above-referenced case and acknowledges receipt of the correspondence. Due to an administrative oversight your request was not processed timely.   The previous deadline for filing your appeal brief was January 6, 2003, that date and opposing counsel's current due date are hereby suspending pending production of a full and complete transcript or other resolution of this matter by the Board.   Your appeal remains pending before the Board and notice of further action in this case will be forthcoming.

i. June 2, 2003, the BIA sent the transcript, with a new briefing schedule, setting June 23, 2003 for receipt of Ms. Zamora's brief. However, both the date of appeal, (shown as February 7, 2002), and

---

[1]   Transcripts of proceedings, and the oral decision of the Immigration Judge, are routinely provided on appeal.

the nature of the appeal, (shown as a motion to reopen/reconsider, BIA jurisdiction), were incorrect.  On June 6, 2003, Ms. Zamora filed a pleading captioned "Request for Extension of Time In Which To File Brief On Appeal And Request to Correct Designation of 'Type of Appeal.'" [2]

j.  As of June 30, 2002, when the brief was prepared, no response had been received.  Therefore, on June 30, 2003, Ms. Zamora filed her brief, with a cover letter, noting that no response had been received to her request for an extension of time;

k.  By notice dated July 10, 2003, and received on July 15, 2003, the BIA granted the request for extension of time.  The notice alleged that the request had been received on July 2, 2003, and granted an extension only until July 14, 2003.  From this, it can be inferred that the notice was precipitated by the receipt by the BIA of Ms. Zamora's brief, and cover letter, on or about July 2, 2003.  INS' briefing date was reset for August 4, 2003.


Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. ID.  1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

On July 21, 2003, copies of the foregoing and indicated attachments were mailed first-class postage prepaid to Paul Fiorino, Attorney, OIL, Box 878 Ben Franklin Sta., Washington, D.C. 20044.

---

[2]  If timely sought, 21-day extensions are routinely granted.

3

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A34 349 562 - Harlingen                    Date:

APR 3 0 2001

In re:   IGNACIO VILLARREAL-DELAGARZA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:  Kyle D. Brown
                       Assistant District Counsel

ORDER:

      PER CURIAM. The appeal is dismissed.  The respondent checked the box on the Notice of Appeal (Form EOIR-26) to state that a separate written brief or statement would be filed.  The record reflects that the respondent was granted until January 5, 2000, to submit a brief or statement in support of the respondent's appeal.  Upon written request, the respondent, through counsel, was granted an additional extension to file such brief or statement with a new due date of February 7, 2000.  However, the respondent never filed a separate written brief or statement, or offered an explanation as to the failure to do so.  We thus find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D) in this case.

FOR THE BOARD

Board Member Anthony C. Moscato dissents without opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

NOV 3 0 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IGNACIO VILLARREAL-DE LA GARZA          )
                                        )
                                        )
                                        )
E.M. TROMINSKI, INS DISTRICT DIRECTOR   )       CIVIL ACTION NO. B-01-118
DIRECTOR, and JOHN ASHCROFT,            )
UNITED STATES ATTORNEY GENERAL          )
                                        )

## MEMORANDUM AND ORDER

### BACKGROUND

Ignacio Villarreal De La Garza (Petitioner) is a thirty-eight year-old native and citizen of

Mexico who has resided continuously in this country since his admission as a lawful permanent

resident on or about May 1, 1973. His wife and five minor children are all United States citizens.

On January 1, 1997, Mr. Villarreal was convicted in the Southern District of Texas, Brownsville

Division, for the offense of possession with intent to distribute approximately 28.6 kilograms of

marijuana. The court sentenced him to twelve months of imprisonment.

A Notice to Appear was issued on November 12, 1997 alleging removability from the

United States pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act)

for a conviction of an aggravated felony and Section 237(a)(2)(B)(i) of the Act for a controlled

substance violation. A removal hearing was held on March 16, 1999, with the Harlingen

Immigration Court where Petitioner appeared *pro se*. At this hearing, Petitioner admitted the

allegations and conceded removability as charged. The Harlingen Immigration Court ordered his

removal and Petitioner reserved appeal.

1

Petitioner, with newly retained counsel, filed a Notice of Appeal to the Board of Immigration Appeals (Board). Petitioner requested a copy of the record of proceedings (ROP) and an extension of time to file the appeal brief. An extension of time was granted by the Board but the record of proceedings was not provided. Petitioner requested the ROP for a second time but none was provided. On April 30, 2001, the Board dismissed Mr. Villarreal's appeal for failure to timely file his appellate brief pursuant to the provisions of 8 C.F.R. Section 3.1(d)(2)(i)(D).

Petitioner filed this habeas corpus petition praying that the Board's decision of April 30, 2001 be vacated and remanded with instructions to provide Petitioner with a complete copy of the record of proceedings and a period of at least thirty days to file a brief in support of his appeal. Petitioner stated that as a lawful permanent resident of the United States his due process rights were abridged when the Board dismissed his appeal without providing the ROP to Petitioner's attorney.

Respondent states that Petitioner's habeas corpus petition should be dismissed because he failed to exhaust his administrative remedies. Respondent alleges that Mr. Villarreal should have filed a motion to reconsider before the Board. Respondent states that pursuant to 8 U.S.C. Section 1252(d)(1) and Section 242(d)(1) of the Act, "a court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." Respondent states that in *Goonsuwan v. Ashcroft*, 252 F. 3d 383, 389 (5th Cir. 2001) the Court held that the Board "should be given the first opportunity to correct any procedural errors committed.... ."

Petitioner alleges that Respondent cites isolated phrases from *Goonsuwan v. Ashcroft*, *supra*, ignoring two crucial aspects of the case. First, Petitioner states that the cases upon which

2

*Goonsuwan* relied for its finding that a motion to reconsider was, in that case, a jurisdictional requirement were directly or indirectly overruled by the Supreme Court. *See Zadvydas v. Underdown,* 185 F. 3d 279 (5th Cir. 1999), *reversed, sub nom, Zadvydas v. Davis,* 121 S. Ct. 2491 (2001), *Requena-Rodriguez v. Pasquarell,* 190 F.3d 299 (5th Cir. 1999), *INS v. St. Cyr,* 121 S. Ct. 2271 (2001). In addition, Petitioner states that the Respondent's comparison to *Goonsuwan* is not accurate because that case involved a claim of ineffective assistance of counsel whereas the present case does not contain that claim. In *Goonsuwan,* the Court held that a motion to reopen was required because in *Matter of Lozada,* 19 I & N Dec. 637 (BIA 1988), the Board established a specific set of procedures for addressing a claim of ineffective assistance of counsel.

## ANALYSIS

Section 106(c) of the Immigration and Nationality Act (Act, INA) states that unless an alien exhausts his available administrative remedies, the deportation order "shall not be reviewed by any court." The provisions of Section 106(c) of the Act clearly apply to direct appeals to this Court from Board orders.

However, in *Goonsuwan,* the Court held that as a general matter the filing of a motion to reopen is not required to satisfy Section 106(c)'s exhaustion requirement.[1] Motions to reopen immigration hearings are not authorized by statute, but by the Attorney General in a regulation promulgated pursuant to the INA . *INS v. Doherty,* 502 U.S. 314, (S.Ct.1992); 8 C.F.R. Section 3.2 (1999). This regulation, Section 3.2, is framed in negative terms, stating that unless certain

---

[1]*See Arango-Aradondo v. INS,* 13 F.3d 610 (2d. Cir. 1994); *Gebremicael v. INS,* 10 F.3d 610 (1st Cir. 1993); *White v. INS,* 6 F.3d 1312 (8th Cir. 1993); *Rhoa-Zamora v. INS,* 971 F.2d 26 (7th Cir. 1992)

3

conditions are satisfied the Board shall not grant a motion to reopen. Furthermore, if the conditions are met, Section 3.2 merely permits, but does not require, the BIA to reopen the proceedings. *See* 8 C.F.R. Section 3.2(a)("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); 8 C.F.R. Section 3.2(c)(1) ("A motion to reopen proceedings ....may be granted if the alien demonstrates that he or she was statutorily eligible"...) Given the broad discretion in the Attorney General to grant or deny a motion to reopen, the Court in *Goonsuwan* held that it cannot be characterized as a remedy available "as of right." Thus, in general, a petitioner is not required to file a motion to reopen in order for the district court to have jurisdiction over his habeas petition.

In *Goonsuwan*, the appropriate inquiry was not whether Goonsuwan filed a motion to reopen, but rather whether he presented to the BIA the issue of ineffective assistance of counsel raised in his habeas petition, thus exhausting his administrative remedies as to that issue. In the present case, Petitioner is not alleging ineffective assistance of counsel in his habeas petition.

Furthermore, the Court in *Ramirez-Osorio v. INS*, 745 F.2d 937 (5th Cir.1984), held that even when exhaustion is a jurisdictional bar, the Court recognizes an exception "when administrative remedies are inadequate." In this case, administrative remedies were inadequate because Petitioner asked the Board for the record of proceedings two times without receiving a response. The Board is the only agency that can provide the ROP to the Petitioner because the Board had jurisdiction over the case. The Service alleges that Petitioner could have acquired information from their files because their administrative file contains a complete record of proceedings. However, the Boards' ROP is complete and contains different materials than the

4

Service's file.  It is not possible to see the actual composition of the record of proceeding from the Service's file.

Accordingly, it is ORDERED that Petitioner's Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 be GRANTED, and Respondent's Motion to Dismiss be DENIED.  The Board's Order of April 30, 2001 is vacated and the case is remanded to the Board with instructions to provide Petitioner with a complete copy of the record of proceedings and a period of thirty days to file a brief in support of his appeal.

DONE at Brownsville, Texas this 30 day of November, 2001.

Filemon B. Vela
United States District Judge

5

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Brodyaga, Lisa S., Esquire**
**17891 Landrum Park Road,**
**San Benito, TX 78586-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: VILLARREAL-DELAGARZA, IGNACIO\***          A34-349-562

**Date of this notice: 07/14/2003**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    HURWITZ, GERALD S.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A34 349 562 - Harlingen                          Date:

In re: IGNACIO VILLARREAL-DELAGARZA                      JUL 1 4 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Lisa Brodyaga, Esquire

ON BEHALF OF DHS:          Mark R. Whitworth
                           Assistant District Counsel

CHARGE:

   Notice:  Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                   Convicted of aggravated felony

            Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                   Convicted of controlled substance violation

APPLICATION:  Cancellation and adjustment


ORDER:

      PER CURIAM. This case was last before us on April 30, 2001, when we summarily dismissed
the respondent's appeal for failure to file a brief. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E). On November
30, 2001, the United States District Court for the Southern District of Texas vacated our order and
remanded the case to us with instructions "to provide Petitioner with a complete copy of the record
of proceedings and a period of thirty days to file a brief in support of his appeal." On April 24, 2003,
we sent a complete copy of the record of proceedings to the respondent's counsel of record, as well
as a briefing schedule, which granted both parties 30 days to file briefs.

      The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization
Service) filed a brief stating that the Immigration Judge's March 16, 1999, decision in this case was
correct and should be upheld. The respondent has not filed a brief. He has not to date identified any
error in the Immigration Judge's decision, which found him removable based on his own admissions,
and which noted that he had made no application for relief from removal. The respondent's Notice
of Appeal stated only that it was a violation of due process, and cruel and unusual punishment, to
deport a person for a first offense, with no opportunity for relief, where the respondent has an United
States citizen spouse and children and has otherwise been a productive member of society.

A34 349 562

The respondent admitted at the hearing that he is removable based on his criminal conviction. No application for relief from removal has been made, nor does the respondent appear to be eligible for relief. Accordingly, the respondent's appeal must be and hereby is again dismissed.

FOR THE BOARD

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re
IGNACIO VILLARREAL-DE LA GARZA
A34 349 562

RESPONDENT'S BRIEF ON APPEAL

Comes Respondent, by and through the undersigned, and files the
instant brief, in support of his appeal from the Oral Decision

## I.  THE FACTS AND PROCEDURAL HISTORY

Ignacio Villarreal De La Garza, is a forty year-old, married,
Mexican native, who has resided in this country since his admission
as an LPR on May 1, 1973.  His wife and five minor children are all
U.S. citizens, and depend upon him for support.  Indeed, his entire
immediate family resides lawfully in this country.

On January 1, 1997, Mr. Villarreal was convicted of possession with
intent to distribute approximately 63 pounds of marijuana.  For
this offense, he was sentenced to twelve months incarceration.  It
was his first, and only, such offense during the thirty years he
has resided lawfully in this country.  On or about November 12,
1997, an NTA was issued, alleging deportability for conviction of
an aggravated felony, and controlled substance violation.  At his
hearing, Mr. Villarreal admitted the allegations, and conceded that
he was removable as charged.  The Immigration Judge therefore
ordered his deportation.  An appeal to the BIA was timely filed.

## II.  ARGUMENT

As a lawful permanent resident, Mr. Villarreal has a fundamental
liberty interest in being able to live and work in the United
States, and in remaining here with his family. *See, Landon v.
Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S.

326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S. 494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645,651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit. As an LPR, Mr. Villarreal enjoys the same Due Process rights, to develop and enjoy intimate family relationships in the United States.

In *Stanley,* the Court addressed the state's ability to interfere with these relationships by establishing a "conclusive presumption" that certain categories of individuals, to wit, unwed fathers, were not worthy of the privilege of being custodians of their children. The Court reasoned as follows, 405 U.S. at 649 (emphasis added):

> ... Is a presumption that distinguishes and burdens all unwed fathers constitutionally repugnant? **We conclude that, as a matter of due process of law, Stanley was entitled to a hearing on his fitness as a parent before his children were taken from him** and that, by denying him a hearing and extending it to all other parents whose custody of their children is challenged, the State denied Stanley the equal protection of the laws guaranteed by the Fourteenth Amendment.

A similar question was raised in *Moore v. City of East Cleveland, supra.* There, the issue was whether the State had gone too far in regulating family relationships, by defining the characteristics of an "acceptable" family, *id.* at 499 (internal citations omitted):

2

> When a city undertakes such intrusive regulation of the
> family,.. the usual judicial deference to the legislature
> is inappropriate. "This Court has long recognized that
> freedom of personal choice in matters of marriage and
> family life is one of the liberties protected by the Due
> Process Clause of the Fourteenth Amendment." ... have
> consistently acknowledged a "private realm of family life
> which the state cannot enter." ... Of course, the family
> is not beyond regulation. ... But when the government
> intrudes on choices concerning family living arrange-
> ments, this Court must examine carefully the importance
> of the governmental interests advanced and the extent to
> which they are served by the challenged regulation. ...

Both forms of analysis are pertinent herein. Mr. Villarreal
asserts that the combination of provisions enacted by IIRIRA, 8
U.S.C. §1101(a)(48)(A), together with the repeal of §212(c), which
was replaced by 8 U.S.C. §1229b(a), containing an absolute
prohibition on granting discretionary relief to anyone convicted of
an "aggravated felony," (plus the overly expansive definition of
what now constitutes such "aggravated felonies"), creates an
unconstitutional "conclusive presumption" that all LPRs who have
been convicted of any offense in that list are unworthy of being
able to stay with their families in the United States. Similarly,
by failing to permit any showing of countervailing equities, these
provisions are unjustifiable. Thus, it is submitted, these
provisions are not sufficiently narrowly tailored to meet a
compelling state interest.

In *Landon v. Placencia,* the Court further noted as follows, *id.*:

> The government's interest in efficient administration of
> the immigration laws at the border also is weighty.
> Further, it must weigh heavily in the balance that
> control over matters of immigration is a sovereign
> prerogative, largely within the control of the executive
> and the legislature.

The Court resolved the seeming tension between these principles as follows, *id.*, at 34-35:

> The role of the judiciary is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause and does not extend to imposing procedures that merely displace congressional choices of policy.

The Court then applied the balancing test of *Mathews v. Eldridge*, 424 U.S. 319,334-335 (1976), and concluded that the exclusion procedures were not *per se* constitutionally inadequate, but that there was a question as to whether or the procedures actually received had been adequate, and remanded for further proceedings. In other words, the Court did *not* find that Congress' plenary control over immigration diminished the fundamental right involved. To the contrary, the Court analyzed the case as one involving Procedural Due Process, to which INS conceded she was entitled. There was no claim of any Substantive Due Process violation.

Nonetheless, the existence of this fundamental right, which, it must be emphasized, is enjoyed only by those who have a *right* to reside in this country, (i.e., by lawful permanent residents), triggers a "compelling state interest" analysis in determining whether a given abridgement passes Substantive Due Process muster. *Washington v. Glucksberg,* 521 U.S. 702,721 (1997):

> As we stated recently in [*City of Boerne v.]* Flores,* the Fourteenth Amendment "forbids the government to infringe ... 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."

A statute may violate Substantive Due Process either on its face, or, (as is the case herein), as applied in a particular situation. *See, Troxel v. Granville*, 120 S.Ct. 2054 (2000) (As applied,

4

Washington statute violated substantive due process rights of mother). *See also, Washington v. Glucksberg, supra* at 720 (The Fourteenth Amendment's Due Process Clause has a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests," including parents' fundamental right to make decisions concerning the care, custody, and control of their children); *M.L.B. v. S.L.J.*, 117 S.Ct. 555,557 (1996) ("The interest of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment").

This analysis is underscored by the recent decision of the Supreme Court in *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001). Rather than a fundamental right, *Zadvydas* involved a liberty interest, to wit, the indefinite detention of aliens under final deportation orders which could not be effectuated in a reasonable period of time. But by applying Substantive Due Process analysis to this issue, the Court reaffirmed the continued vitality of that doctrine. *See also, Reno v. Flores,* 507 U.S. 292, 304 (1993), finding that a regulation regarding detained juvenile aliens did not violate substantive due process, while noting, that "the child's fundamental rights must not be impaired."

Applying Substantive Due Process analysis to the case at bar, it is respectfully urged that 8 U.S.C. §1229b(a), when considered in light of §1101(a)(43), is not sufficiently narrowly tailored to serve a compelling state interest, and that as applied herein, it violates Substantive Due Process. To be narrowly tailored, a statute involving deportation of an LPR must allow for the consideration of factors beyond the fact that the person has

5

committed the offense of possession of marijuana, (including matters such as rehabilitation, and hardship to relatives in this country), just as a State must consider more factors than the fact that a father is unwed in determining whether he is a fit custodial parent. *Stanley, supra.*

It is therefore respectfully urged that, as applied, the denial of the opportunity for individualized consideration as to whether Mr. Villarreal deserves to be allowed to remain in the United States with his family violates Substantive Due Process.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was personally served on the Office of DHS District Counsel at 1709 Zoy St., Harlingen, Texas, on May 19, 2003.

6

**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BEFORE THE BOARD OF IMMIGRATION APPEALS**

In re

**ARACELY ZAMORA-GARCIA**
**A37 005 740**

**MOTION TO RECONSIDER, AND TO HAVE TAPE OF HEARING TRANSCRIBED**

Aracely Zamora-Garcia, through the undersigned, hereby seeks reconsideration of the Order of the Board, dated January 11, 2002, dismissing her appeal as untimely, and declining to take the case on certification. Simultaneously, Ms. Zamora requests that the tape be transcribed of the hearing of September 20, 2001, so that she can show that her representative at that time took responsibility for his failure to timely file the application for cancellation of removal, or to seek an extension of time in which to do so.  In support thereof, Ms. Zamora would show as follows:

**I.  THE PERTINENT FACTS AND PROCEDURAL HISTORY**

Aracely Zamora is a native and citizen of Mexico, who immigrated to the United States with her family on March 18, 1982, at the age of eight years, and has resided here continuously ever since.   In February of 2000, she was placed under proceedings, for helping two young girls enter the United States illegally, in order to reunite them with their mother.  She eventually posted bond, and hired Accredited Representative Alberto Cruz to represent her in removal proceedings.  Altogether, she paid Mr. Cruz about $1,120.  Several receipts are attached, and others will be provided as they are located.  (Respondent's Exhibit A, incorporated by reference).

At a hearing on April 11, 2001, the Immigration Judge ordered that Ms. Zamora have her fingerprints taken by April 30, 2001, and that the application for cancellation of removal be filed on or before September 4, 2001. (*See,* hearing notice dated April 11, 2001). Mr. Cruz obtained the pertinent information for the cancellation application, partly from Ms. Zamora while she was detained, and

already closed.  Therefore, the Board's admonitions regarding the "strict time limits" regarding motions to reopen and to reconsider were useless in relation to the former remedy.  Indeed, Ms. Zamora now has no remedy except that of a motion to reconsider.

Moreover, she has very good grounds for such a motion.  Her appeal **was** timely received by the Board.  The problem was that she sent a copy, rather than the original.  Indeed, as previously noted, that is not necessarily adequate grounds for rejecting a notice of appeal, particularly from an unrepresented respondent.  Moreover, when it returned the notice of appeal, the Board sent it to an incomplete address, causing an almost three week delay.  It arrived on the last day of the appeal period:  too late for Ms. Zamora to return the original to the Board in a timely fashion.

As noted above, it is highly likely that, if the instant motion is granted, Ms. Zamora will ultimately be successful in her appeal, and on her application for cancellation of removal.  To remove her from the United States on the instant charges would result in her permanent exclusion from the United States.  This would constitute a miscarriage of justice, given all the facts of the case.

It is therefore requested that the Board grant the instant motion for reconsideration, and either deem the appeal "filed" on the date that the copy, rather than the original, notice of appeal was received by the Board, or accept the case on certification, given that the appeal is meritorious, and the Board itself bears a significant share of the blame in the original not having been received until two days after the deadline.

It is further urged that the Board order the preparation of a transcript, so that Ms. Zamora may further demonstrate that the failure to file the application for cancellation of removal was due to the ineffective assistance of her accredited representative.

9

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, with Exhibits A through D, was mailed, first-class postage prepaid, to the Office of INS District Counsel, P.O. Box 1939, San Antonio, Texas 78297-1939, this 6th day of February, 2002.

10

U.S. Department of J⁀ice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Brodyaga, Lisa S., Esquire**
**17891 Landrum Park Road,**
**San Benito, TX 78586-0000**

**Office of the District Counsel/SN**
**P. O. Box 1939**
**San Antonio, TX 78297-1939**

**Name: ZAMORA-GARCIA, ARACELY**                A37-005-740

<u>D</u>ate of this notice: 12/12/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    BRENNAN, NOEL A.
    HURWITZ, GERALD S.
    OSUNA, JUAN P.

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia  22041

File:    A37 005 740 - San Antonio                    Date:DEC 1 2

In re: ARACELY ZAMORA-GARCIA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:        Lisa Brodyaga, Esquire

ON BEHALF OF SERVICE:           Allen Reid Tilson, Assistant District Counsel


The respondent, through counsel, has filed a motion on February 7, 2002, requesting that the Board's decision, dated January 11, 2002, dismissing the respondent's appeal as untimely be reconsidered. The motion will be granted.

The respondent's motion to reconsider requests that the Board reconsider its decision which dismissed the respondent's appeal as untimely filed. The appeal was due on or before October 22, 2001. A further review of the record has revealed that the respondent's appeal was filed with the Board on October 3, 2001, within the requisite time required for the respondent to appeal. However, we note from the record that the appeal was rejected as it was a copy and not the original appeal.

Accordingly, the motion will be granted, the appeal reinstated, and a decision on the merits of the respondent's appeal will be forthcoming. A briefing schedule will be set to afford the parties an opportunity to file a brief.

INTERIM ORDER:  The Board's order dated January 11, 2002, is hereby vacated.

FURTHER INTERIM ORDER:  The motion to reconsider is granted.

FURTHER INTERIM ORDER:  The appeal is reinstated.


_____
FOR THE BOARD



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Brodyaga, Lisa S., Esquire                           **Office of the District Counsel/SN**
17891 Landrum Park Road,                             **P. O. Box 1939**
San Benito, TX  78586-0000                           **San Antonio, TX  78297-1939**

Name: ZAMORA-GARCIA, ARACELY                         A37-005-740

Type of Proceeding: Removal                          **Date of this notice: 12/16/2002**

Type of Appeal: MTR BIA                              **Appeal filed by:  Alien**

Date of Appeal:  02/07/2002

### NOTICE -- BRIEFING SCHEDULE

o     Appealing party is granted until 01/06/2003 to submit a brief to the Board of
      Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this
      date.

o     Opposing party is granted until 01/27/2003 to submit a reply brief to the Board of
      Immigration Appeals .  The brief must be **RECEIVED** at the Board on or before this
      date.

o     **Briefing Schedule reset due to reinstatement of appeal.  See Board's order**
      **dated 11 January 2002.bwhodges.cpt**

**WARNING:**    If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail
to file the brief or statement within the time set for filing in this briefing schedule, the Board may
summarily dismiss your appeal.  *See* 8 C.F.R. § 3.1(d)(2)(i)(E).

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT:  The Board of Immigration Appeals has included two copies of this notice.**
**Please attach one copy of this notice to the front of your brief when you mail or deliver it to**
**the Board, and keep one for records.  Thank you for your cooperation.**

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals
within the prescribed time limits.  It is NOT sufficient simply to mail the brief and assume
your brief will arrive on time.  We strongly urge the use of an overnight courier service to
ensure the timely filing of your brief.

. Use of an over-night courier service is strongly encouraged to ensure timely filing.

37-005-740

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

 Filing Address:

 To send by courier or overnight delivery service, or to deliver in person:
         Board of Immigration Appeals,
         Clerk's Office,
         5201 Leesburg Pike, Suite 1300,
         Falls Church, VA 22041

         Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

 To mail by regular first class mail:
         Board of Immigration Appeals
         Clerk's Office
         P.O. Box 8530
         Falls Church, VA  22041


**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause.  All extension requests must be in writing.  Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule.  Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days.  If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request.  The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS


In re

ARACELY ZAMORA-GARCIA
A37 005 740


RENEWED MOTION TO HAVE TAPE OF HEARING TRANSCRIBED
AND FOR A NEW BRIEFING DATE, ONCE THE TRANSCRIPT HAS BEEN PREPARED

Aracely Zamora-Garcia, through the undersigned, hereby renews her request that the tape of her removal hearing be transcribed. Now that her appeal has been reinstated, she needs the transcript in order to properly prepare her brief on appeal. Once the transcript has been prepared, she would also request that a new briefing date be set. In support thereof, Ms. Zamora would show as follows:

Aracely Zamora is a native and citizen of Mexico, who immigrated to the United States with her family on March 18, 1982, at the age of eight years, and has resided here continuously ever since. In February of 2000, she was placed under proceedings, for helping two young girls enter the United States illegally, in order to reunite them with their mother. She eventually posted bond, and hired Accredited Representative Alberto Cruz to represent her in removal proceedings. (Respondent's Exhibit A, previously submitted).

At a hearing on April 11, 2001, the Immigration Judge ordered that Ms. Zamora have her fingerprints taken by April 30, 2001, and that the application for cancellation of removal be filed on or before September 4, 2001. (See, hearing notice dated April 11, 2001). Mr. Cruz obtained the pertinent information for the cancellation application, partly from Ms. Zamora while she was detained, and partly from her parents, when they accompanied her to Court in San Antonio. He gave her a list of the documents he needed, (that list is attached to her Declaration), and instructed her to purchase two money orders, one for $100 (for the application), and one for $25,

(for the fingerprints). She bought both money orders on April 11, 2001. (Both stubs were also attached to her declaration). She gave Mr. Cruz the money order for $100, and he wrote on the stub the payee (INS) and purpose (cancellation application). The one for $25 she used that day, when her prints were taken. *Id.*.

On June 30, 2001, Ms. Zamora sent Mr. Cruz the documents he had requested, by priority mail. The envelope in which they were mailed was attached to her declaration, as well as copies of some of the documents. [1] He never told her that he needed anything else, or that there was any problem with her case. (Exhibit A).

On September 20, 2001, Ms. Zamora went to Court, supposedly for the merits of her application for cancellation. At that time, Judge Castro told her that she was very sorry, but that she would have to order her deported, because the application had not been filed on time. Mr. Cruz told the Judge that it was his fault, because he had not requested an extension of time in which to file the application. Ms. Zamora believes that he said this while the Court was on the record. She does not know, however, why Mr. Cruz needed an extension, because, so far as she knew, he had everything he needed to file the application, long before the deadline. *Id.* [2]

Ms. Zamora reserved appeal, and sent it to the Board on September 26, 2001. However, she sent a copy, rather than the original. It was received on October 3, 2001, and rejected the following day. (Exhibit B). Ms. Zamora resubmitted the appeal, but it was not received by the Board until after the 30-day window had closed, and

---

[1] The undersigned neglected to make copies of the tax returns.

[2] Through the Freedom of Information Act, it was learned that Mr. Cruz submitted the application to INS, and paid the required fee in a timely fashion. He simply *forgot* to file the application with the Immigration Court.

was dismissed as untimely on January 11, 2002.[3]  Ms. Zamora filed a timely motion to reconsider, which motion was recently granted.

Now that her appeal has been reinstated, Ms. Zamora will urge that the case should be remanded, on the grounds of the ineffective assistance of her accredited representative.  Alternatively, she will urge that the Immigration Judge abused her discretion by not granting a continuance, or proceeding on the application, which had been timely submitted to INS, even if it had not been filed with the Court.  In order to do so, however, she needs a transcript.

It is therefore urged that the Board order the preparation of a transcript, so that Ms. Zamora may fully demonstrate that the failure to file the application for cancellation of removal was due to the ineffective assistance of her accredited representative, and that the Judge abused her discretion in refusing to continue to case, and/or proceed with the hearing at that time.

It is also urged that, once the transcript is prepared, a new briefing notice be issued, giving Ms. Zamora thirty days in which to prepare and submit her brief.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586

---

[3]   In its decision, the Board noted her allegations of ineffective assistance of counsel, and advised her of the strict time limits on motions to reconsider, or to reopen, and that certain requirements had not been met on the ineffective assistance claim. So Ms. Zamora started trying to find an attorney.  However, the deadline for filing a motion to reopen had passed, even before the Board issued its decision.

3

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed first-class postage prepaid, to the INS District Counsel, P.O. Box 1939, San Antonio, Texas 78297-1939, this 19th day of December, 2002.

4

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re

**ARACELY ZAMORA-GARCIA**
**A37 005 740**

### RESPONDENT'S THIRD MOTION TO HAVE TAPE OF HEARING TRANSCRIBED AND FOR A NEW BRIEFING DATE

Aracely Zamora-Garcia, through the undersigned, hereby renews her request that the tape of her removal hearing be transcribed. In January 2002, her initial appeal, filed in October, 2001, was dismissed as untimely, and for that reason, no transcript was prepared. However, her motion to reconsider that dismissal was granted, and her appeal reinstated. This should put her on the same footing as any other appellant. The transcript of the hearing is part of the record of proceedings, and she should be given access to it, to prepare her brief. *See,* 8 C.F.R. §103.8 (2001):

> (d) The term record of proceeding is the official history of any hearing, examination, or proceeding before the Service, and in addition to the application, petition or other initiating document, includes the transcript of hearing or interview, exhibits, and any other evidence relied upon in the adjudication; papers filed in connection with the proceedings, including motions and briefs; the Service officer's determination; notice of appeal or certification; the Board or other appellate determination; motions to reconsider or reopen; and documents submitted in support of appeals, certifications, or motions.

*See also,* 8 C.F.R. 3.3(c) (2001) (emphasis added):

> (c) Briefs. (1) Appeal from decision of an Immigration Judge. Briefs in support of or in opposition to an appeal from a decision of an Immigration Judge shall be filed directly with the Board. **In those cases that are transcribed, the briefing schedule shall be set by the Board after the transcript is available.** [1] An appellant

---

[1]    This qualification is apparently intended to cover, for example, appeals from denials of motions to reopen, where transcripts are not routinely provided.

shall be provided 30 days in which to file a brief, unless a shorter period is specified by the Board. The appellee shall have the same period of time in which to file a reply brief that was initially granted to the appellant to file his or her brief. ...

Since the undersigned did not represent her below, Ms. Zamora needs the transcript in order to properly document the ineffective assistance of the accredited representative who failed to timely file her application for relief. Once the transcript has been prepared, she would also request that a new briefing date be set.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed first-class postage prepaid, to the INS District Counsel, P.O. Box 1939, San Antonio, Texas 78297-1939, this 16th day of January, 2003.

2

**U.S. Department of** ~~Justice~~

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Brodyaga, Lisa S., Esquire
17891 Landrum Park Road,
San Benito, TX 78586-0000

Office of the District Counsel/SN
P. O. Box 1939
San Antonio, TX 78297-1939

Name: ZAMORA-GARCIA, ARACELY   A37-005-740

~~Type of Proceeding: Removal~~   Date of this notice: 01/29/2003

Type of Appeal: MTR BIA   Appeal filed by: Alien

Date of Appeal: 02/07/2002

NOT TRUE

### NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 01/06/2003   INS' <u>original</u> due date: 01/27/2003

o  The request by the INS for an additional amount of time to submit a brief, which was received on 01/27/2003, is GRANTED.

o  The alien's brief must be **received** at the Board of Immigration Appeals on or before 01/06/2003.

o  The INS' brief must be **received** at the Board of Immigration Appeals on or before 02/18/2003.

<u>**PLEASE NOTE**</u>

  **WARNING:** If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file the brief or statement within the time set for filing, the Board may summarily dismiss your appeal. *See* 8 C.F.R. § 3.1(d)(2)(i)(E).

  <u>The Board generally does not grant extensions for more than 21 days.</u> Each party's current due date is stated above.

  <u>The Board rarely grants more than one briefing extension to each party.</u> Therefore, if you have been granted an extension, you should assume that you will not be granted any further extensions.

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re ARACELY ZAMORA-GARCIA
A37 005 740

RESPONDENT'S REQUEST FOR RULING ON THREE (3) PRIOR MOTIONS TO
HAVE TAPE OF HEARING TRANSCRIBED, AND FOR A NEW BRIEFING DATE.

Aracely Zamora-Garcia, through the undersigned, hereby requests a
ruling on her three (3) prior requests that the tape of her removal
hearing be transcribed.   In January 2002, her initial appeal was
dismissed as untimely, and for that reason, no transcript was
prepared. However, her motion to reconsider that dismissal was
granted, and her appeal reinstated.  Contrary to the indication on
the attached, that the instant case is an "MTR BIA," this puts her
on the same footing as any other appellant, not that of a
Respondent filing a motion to reopen or reconsider. The transcript
is part of the record of proceedings, and she should be given
access to it, to prepare her brief.  To date, her various requests
for a transcript have been ignored.  If the Board intends to deny
said motions, they should be denied.  If they are to be granted,
they should be granted.  Ignoring them is improper.

WHEREFORE, it is respectfully urged that the Board rule on
Respondent's three (3) pending requests for a transcript.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, and attachment, was mailed
first-class postage prepaid, to the INS District Counsel, P.O. Box
1939, San Antonio, Texas 78297-1939, this 3rd day of February, 2003.



**U.S. Department of Justice**
Executive Office for Immigration Review
Board of Immigration Appeals, Office of the Clerk
P.O. Box 8530
5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

March 20, 2003

Ms. Lisa S. Brodyage, Esquire
17891 Landrum Park Road,
San Benito, TX  78586

Re:  A# 37-005-740, Zamora-Garcia, Aracely

Subject:  Receipt of Correspondence

Dear Ms. Brodyage:

The Board of Immigration Appeals has received your letter in the above-referenced case and acknowledges receipt of the correspondence.  Due to an administrative oversight your request was not processed timely.  The previous deadline for filing your appeal brief was January 6, 2003, that date and the opposing counsel's current due date are hereby suspended pending production of a full and complete transcript or other resolution of this matter by the Board.  Your appeal remains pending before the Board and notice of further action in this case will be forthcoming.

Sincerely,

Kendra F. Johnson
Appeal Examiner
Case Processing Team

cc:
Office of the District Counsel/SN
P.O. Box 1939
San Antonio, TX  78297-1939

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re

ARACELY ZAMORA-GARCIA
A37 005 740

REQUEST FOR EXTENSION OF TIME IN WHICH TO FILE BRIEF ON APPEAL
AND REQUEST TO CORRECT DESIGNATION OF "TYPE OF APPEAL"

Comes Respondent, by and through the undersigned, and respectfully
requests an extension of time, to and including August 4, 2003, in
which to submit her brief on appeal.  In support of this request
the undersigned would note that she has a heavy work load,
including numerous cases currently pending in federal district
court, and petitions for review at both the Fifth and Ninth
Circuit, which consume most of her time.  Furthermore, she will be
on vacation the second week in July.

Petitioner would also request that the Board correct its records
with respect to the procedural status of the case at bar.  What is
currently before the Board is Ms. Zamora's direct appeal, which was
initially received by the Board on October 3, 2001.  It was
rejected and returned (because she mistakenly sent a copy, rather
than the original), but mailed to an incomplete address.  By the
time she received it, and returned it, the 30-day appeal window had
closed.  Nonetheless, the Board waited until January 11, 2002, to
dismiss it as untimely.  Ms. Zamora's motion to reconsider that
dismissal, filed February 7, 2002, was granted, thereby reinstating
the direct appeal.  The incorrect recording of the procedural
status of the case has caused significant delay, as it took four
requests before the undersigned was able to get the Board to order
a transcript.  To prevent such problems in the future, it is
therefore requested that the records be corrected to show that the
case is now on a direct appeal, filed October 3, 2001.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, Texas 78586
(956) 421-3226

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to the Office of the DHS District Counsel, Box 1711, Harlingen, Texas, 78551, on June 6, 2003.

2



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Brodyaga, Lisa S., Esquire                              **Office of the District Counsel/SN**
17891 Landrum Park Road,                            **P. O. Box 1939**
San Benito, TX 78586-0000                           **San Antonio, TX 78297-1939**

**Name: ZAMORA-GARCIA, ARACELY**          A37-005-740

**Type of Proceeding: Removal**                       <u>Date of this notice: 06/02/2003</u>

**Type of Appeal:** ~~M~~ *Appeal* ~~R~~ BIA               **Appeal filed by: Alien**

**Date of Appeal:** ~~02/07/2002~~
                        *10/3/01*        **NOTICE -- BRIEFING SCHEDULE**

   o      Enclosed is a copy of the decision of the Immigration Judge.
   o      Enclosed is a copy of the transcript of the testimony of record.
   o      Appealing party is granted until 06/23/2003 to submit a brief to the Board of
          Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this
          date.
   o      Opposing party is granted until 07/14/2003 to submit a reply brief to the Board of
          Immigration Appeals .  The brief must be **RECEIVED** at the Board on or before this
          date.


      **WARNING:**    If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail
to file the brief or statement within the time set for filing in this briefing schedule, the Board may
summarily dismiss your appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to
the Board, and keep one for records.  Thank you for your cooperation.**

      A fee is not required for the filing of a brief.  Your brief must be RECEIVED at the Clerk's
      Office at the Board of Immigration Appeals within the prescribed time limits.  It is NOT
      sufficient simply to mail the brief and assume your brief will arrive on time.  We strongly
      urge the use of an overnight courier service to ensure the timely filing of your brief.

      <u>Use of an over-night courier service is strongly encouraged to ensure timely filing.</u>

# LAW OFFICES OF LISA S. BRODYAGA
## 17891 Landrum Park Rd.
## San Benito, Texas 78586
## (956) 421-3226
## FAX: 421-3423
June 30, 2003

Board of Immigration Appeals
P.O. Box 8530
Falls Church, VA 22041

Re: Aracely Zamora-Garcia
     A37 005 740

Gentlepersons:

On or about June 6, 2003, I received the transcript of proceedings, and of the Oral Decision of the Immigration Judge herein, along with a briefing schedule, setting a due date of June 23, 2003 for Ms. Zamora's brief on appeal. I immediately sent a request for extension of time in which to file the brief, and to clarify the fact that it was a direct appeal, not an "MTR BIA." (Copies enclosed). To date, I have received no response.

However, I have now completed the brief on appeal, which is enclosed. It would thus be appreciated if you would accept it for filing, even without the notice granting the requested extension.

Thank you for your consideration.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

Encl/  As stated
CC/  General Counsel, DHS

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

 Rec'd 7/15/03

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

**Brodyaga, Lisa S., Esquire**
**17891 Landrum Park Road,**
**San Benito, TX 78586-0000**

**Office of the District Counsel/SN**
**P. O. Box 1939**
**San Antonio, TX 78297-1939**

Name: **ZAMORA-GARCIA, ARACELY**                                A37-005-740

Type of Proceeding: Removal                                <u>Date of this notice</u>: 07/10/2003

Type of Appeal: MTR BIA                                Appeal filed by:   Alien

Date of Appeal: 02/07/2002

### NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 06/23/2003                DHS' <u>original</u> due date: 07/14/2003

o        The request by the alien for an additional amount of time to submit a brief, which
          was received on  07/02/2003, is GRANTED.

o        The alien's brief must be **received** at the Board of Immigration Appeals on or before
          07/14/2003.

o        The INS' brief must be **received** at the Board of Immigration Appeals on or before
          08/04/2003.

o

## PLEASE NOTE

    **WARNING:**    If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail
to file the brief or statement within the time set for filing, the Board may summarily dismiss your
appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

    <u>The Board generally does not grant extensions for more than 21 days</u>.  Each party's current
due date is stated above.

    <u>The Board rarely grants more than one briefing extension to each party</u>.  Therefore, if you
have been granted an extension, you should assume that you will not be granted any further

extensions.

If you file your brief late, you must file it along with a motion for consideration of your late-filed brief. There is no fee for such a motion. The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

## FILING INSTRUCTIONS

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review
the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
Board of Immigration Appeals,
Clerk's Office,
5201 Leesburg Pike, Suite 1300,
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041.