IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN LARIN-ULLOA | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. B-02-107 |
| | ) | A92 800 131 |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
|     Respondent. | ) | |

**GOVERNMENT'S MOTION TO DISMISS HABEAS PETITION AS MOOT**

Petitioner filed the instant habeas petition challenging his detention, pending a final order of removal, under Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c). However, on August 20, 2003, the Board of Immigration Appeals issued a final order of removal against the Petitioner. See attached Exhibit. With the Board's decision, Petitioner has a final order of removal and the basis for the instant habeas petition is now moot. Therefore, the Petition should be dismissed.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General
Civil Division

RICHARD. M. EVANS
Assistant Director

*[signature]*

For PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion To Dismiss was mailed to Lisa Brodyaga, Attorney at Law, Landrum Park, San Benito, TX 78586 via Certified Mail, Return-Receipt Requested on September 2, 2003.

Lisa M. Putnam
**Special Assistant U.S. Attorney**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN LARIN-ULLOA )<br>   Petitioner, )<br> ) | | |
| v. ) | CIVIL ACTION NO. B-02-107 | |
| ) | A92 800 131 | |
| DEPARTMENT OF HOMELAND ) <br>SECURITY, )<br>   Respondent. ) | | |

ORDER

Upon consideration of Respondents' Motion To Dismiss, the Court finds that the motion should be granted.

This is a final Order.

Done in Brownsville, Texas, on this _____ day of _____, 2003.

_____

U.S. Department of Justice 
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A92 800 131 - Los Fresnos   Date:

In re: JUAN LARIN-ULLOA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Lisa S. Brodyaga, Esquire

ON BEHALF OF DHS: Sean D. Clancy
Assistant District Counsel

CHARGE:

   Notice: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony

APPLICATION: Termination of proceedings

RECEIVED DISTRICT COUNSEL 03 AUG 25 PM 3:38 HARLINGEN, TX

The respondent's appeal of the Immigration Judge's May 22, 2002, decision finding him removable as charged and denying his applications for withholding of removal under both section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and the Convention Against Torture, 8 C.F.R. §§ 1208.16-18 (2003), will be dismissed.

On appeal, the respondent contends that the Immigration Judge erred in finding him removable as charged on the basis of the conviction documents proffered by the Department of Homeland Security ("DHS," formerly the Immigration and Naturalization Service) because the conviction documents render the conviction "void on its face" under relevant Kansas statutes. *See* Respondent's Brief at 2-13. According to the respondent, the charging document and/or information to which the respondent pled is incomplete as it fails to specify under which sub-section of section 21-3414(a)(1) of the Kansas Statutes Annotated the respondent pled guilty and, therefore, fails to state a charge thereby rendering the respondent's conviction "void." *Id.*

Despite the respondent's contentions on appeal, we cannot conclude that the respondent's conviction is "void on its face." In particular, we point out that the information charges the respondent with having "unlawfully, intentionally, in a manner whereby [he] could have... cause[d] great bodily harm or disfigurement" assaulted another person (Exh. 2 at 13). Section 21-3414(a)(1)(B) of the statute defines "aggravated battery," in relevant part, as "intentionally causing bodily harm to another person... in any manner whereby great bodily harm, disfigurement or death can be inflicted" (Exh. 2 at 13). *See Kansas v. Long*, 58 P.3d 706 (Kan.2002) (finding information sufficient if it "substantially follows the language of the statute or charges the offense in equivalent words or words of same import").

Second, we note that, although it appears from the record that the respondent entered a plea to an offense under sub-section (B) of the Kansas statute, he conceded to a conviction under sub-section (A) of the statute as charged in the Notice to Appear (Exh. 1; Tr. at 8). In this regard, we find that a conviction under both sections 21-3414(a)(1)(A) and (B) of the statute, each containing as an element "intentionally causing bodily harm," would constitute a conviction for a "crime of violence" as defined in 18 U.S.C. § 16(a), and, therefore, an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F). In this regard, the respondent seeks to rely upon the holding by the United States Court of Appeals for the Fifth Circuit, in which this case arises, in *U.S. v. Gracia-Cantu*, 302 F.3d 308 (5th Cir. 2002), wherein the Court concluded that the Texas statute criminalizing injury to a child is not a "crime of violence" under 18 U.S.C. § 16(a) because it is "results-oriented" in that the culpable mental state must relate to the result of the perpetrator's conduct rather than to the conduct itself. *Id.* at 311.

However, the Fifth Circuit has subsequently limited its holding in *Gracia-Cantu, supra*, applying the "results-oriented" language solely to crimes that can be committed by omission. *See U.S. v. Calderon-Pena*, ___ F.3d ___, 2003 WL 21665000 at 8 (5th Cir. 2003) (accepting and reestablishing its holding in *U.S. v. Shelton*, 325 F.3d 553 (5th Cir. 2003), limiting the *Gracia-Cantu* "results-oriented" language solely to crimes that can be committed by omission). For our purposes, it is clear that crimes under both sub-section (A) and (B) of the relevant Kansas statute require bodily injury, therefore, in accordance with the precedent of the Fifth Circuit, each necessarily includes, as an element, the use of physical force. *See U.S. v. Shelton, supra* at 561 (where a predicate offense requires bodily injury, it necessarily includes, as an element, the use of physical force). As a result, convictions under both Kansas Statutes Annotated sections 21-3414(a)(1)(A) and (B) constitute a "crime of violence" as defined in 18 U.S.C. § 16(a) and, therefore, an aggravated felony under section 101(a)(43)(F) of the Act.

Accordingly, the respondent's appeal will dismissed.

ORDER: The appeal is dismissed.

 

_____
FOR THE BOARD

2