United States District Court
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SEP 2 2 2003

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA, )
)
v. ) C.A. B-02-107
)
JOHN ASHCROFT et al. ) WITH RENEWED REQUEST FOR
_____ ) PROMPT HEARING

### PETITIONER'S OPPOSITION TO "GOVERNMENT'S MOTION TO DISMISS HABEAS PETITION AS MOOT"

Juan Larin-Ulloa, ("Mr. Larin"), files the instant opposition to the "Government's Motion To Dismiss Habeas Petition As Moot," herein referenced as Respondents' "Motion," and cited as (DHS:_), and renews his request for a prompt hearing.

### I. THE BIA'S DISMISSAL OF MR. LARIN'S APPEAL DOES NOT RENDER THE INSTANT CASE MOOT, PARTICULARLY WHERE HE HAS FILED A PETITION FOR REVIEW OF SAID DECISION, AND HAS FILED A HABEAS CORPUS PETITION IN KANSAS, CHALLENGING THE UNDERLYING "CONVICTION."

Respondents assert that the mere fact that the BIA has dismissed Mr. Larin's appeal from the removal order [1] renders moot his petition for habeas corpus, challenging the lawfulness of his detention. No authority is cited in support of this proposition.

Mr. Larin asserts that his detention violates the laws and Constitution of the United States, within the meaning of 28 U.S.C. §2241. Just because the BIA issued a decision which ignores the issues presented [2] and its own precedent, and, is in essence a logical *non sequitur*, does not render Mr. Larin's detention lawful.

In dismissing his appeal, the BIA apparently missed the point, characterizing the information as follows, (BIA:1):

---

[1] A petition for review of said decision was filed September 3, 2003. *Larin-Ulloa v. Ashcroft*, No. 03-60721 (5th Cir.).

[2] Mr. Larin's "Brief on Appeal and Motion to Terminate" is incorporated herein as Exhibit N, and cited, by page, as (N:__).

> In particular, we point out that the information charges the respondent with having "unlawfully, intentionally, in a manner whereby [he] could have ... cause[d] great bodily harm or disfigurement" assaulted another person (Exh. 2 at 13). Section 21-3414(a)(1)(B) of the statute defines "aggravated battery," in relevant part, as "intentionally causing bodily harm to another person ... in any manner whereby great bodily harm, disfigurement or death can be inflicted" (Exh. 2 at 13). *See Kansas v. Long,* 58 P.3d 706 (Kan.2002) (finding information sufficient if it "substantially follows the language of the statute or charges the offense in equivalent words of same import").

First, the BIA ignored Mr. Larin's argument, (N:3-8), that the Information fails to charge an offense, because it contains no verb, and does not say *what, if anything,* Mr. Larin did "unlawfully, intentionally, in a manner whereby [he] could have ... cause[d] great bodily harm or disfigurement." Instead, the BIA inserted a phrase, to wit, "assaulted another person," as if that phrase were included in the Information.

But even assuming, *arguendo,* that one could read the Information to include the phrase "assaulted another person," it would still not charge an offense under K.S.A. §21-3414(a)(1)(B), because it fails to charge that he "caus[ed] bodily harm." Not all assaults under §21-3414 involve bodily harm. As Mr. Larin pointed out in his brief to the BIA, (N:9-13), the Information at best charges an offense under §21-3414(a)(1)(C), to wit:

> 21-3414. Aggravated battery.
> (a) Aggravated battery is:
> (1) ...
> (C) intentionally causing physical contact with another person when done ... in any manner whereby great bodily harm, disfigurement or death can be inflicted ...

Even reading the phrase "assaulted another person" into the

2

Information, there is no reason to assume that said assault caused "bodily harm," under subsection (B), rather than just consisting of "physical contact," under subsection (C). And, as argued to the BIA (N:10-12), an assault which merely causes "physical contact" is not, either under Kansas law, or Fifth Circuit precedent, a crime of violence. *See, e.g., U.S. v. Rodriguez-Guzman*, 56 F.3d 18, 20,n.8 (5th Cir. 1995):

> We perforce interpret "force" to mean more than the mere asportation of some property of the victim. The clear import of defining a "crime of **violence**" is that "force" as used in the definition is synonymous with destructive or violent force.

It is also noteworthy that the BIA did not take issue with the fundamental tenet of Mr. Larin's appeal, (L:2-3), to wit, that the BIA *can* "go behind" a judgment of conviction, and determine whether, as asserted herein, it is void on its face. *See, e.g., Matter of Rodriguez-Carrillo*, 22 I&N Dec. 1031, 1034 (BIA 1999):

> [I]t is clear that an Immigration Judge and the Board cannot entertain a collateral attack on a judgment of conviction, **unless that judgment is void on its face**, and cannot go behind the judicial record to determine the guilt or innocence of an alien. See Matter of Madrigal, Interim Decision 3274 (BIA 1996).

As Mr. Larin argued to the BIA, (N:3-8), it is respectfully submitted that the case at bar is one of those rare instances where that test is met. The Information is fatally defective. It fails to charge *anything*, much less an offense under KSA §21-3414(a)(1)(A) or (B). Under Kansas law, this is a jurisdictional defect, and any conviction obtained thereunder is void. And since the purported conviction is void on its face, it cannot support the charge of removability, even though Mr. Larin has only recently found an attorney to challenge it in Kansas.

**II. ALTERNATIVELY, THE CONDITIONS OF RESPONDENTS' DETENTION, INCLUDING THE UNCONSCIONABLE DELAY IN PROCESSING HIS APPEAL, AND THE REFUSAL TO CONSIDER HIS REQUEST FOR HUMANITARIAN PAROLE, RENDER HIS CONTINUED DETENTION UNCONSTITUTIONAL.**

Finally, Mr. Larin's mental health has suffered greatly in the twenty months that he has been detained at the Port Isabel Service Processing Center. He apparently was once hospitalized, but is not receiving adequate medical treatment, and has at times been incoherent, if not delusional. On August 21, 2003, counsel wrote Respondents, requesting humanitarian/medical parole. (Exhibit O, incorporated by reference). To date, there has been no response, and Mr. Larin's condition continues to deteriorate. This demonstrates deliberate indifference, and the likelihood of substantial injury, which would, if not corrected, give rise to a cause of action under 42 U.S.C. §1983. If Respondents are to continue Mr. Larin's detention, they must take responsibility for providing adequate medical care. Their failure to do so renders his continued detention unconstitutional.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. ID. 1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2003, a copy of the foregoing was mailed first-class postage prepaid to Paul Fiorino, Attorney, OIL, Box 878 Ben Franklin Sta., Washington, D.C. 20044.

4