41

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA,　　　　　　　　）
　　Petitioner,　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　）　　C.A. B-02-107
　　　　　　　　　　　　　　　　　　）
JOHN ASHCROFT, et al.　　　　　　　）
_____）

EXHIBIT "N" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, through counsel, respectfully submits a copy of his
Brief on Appeal and Motion To Terminate, filed with the BIA on or
about May 27, 2003.


Respectfully Submitted,


Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586　　　　　　　　Fed. ID.　1178
(956) 421-3226　　　　　　　　　　　　Texas Bar 03052800
(956) 421-3423 (fax)

CERTIFICATE OF SERVICE

I certify that on September 22, 2003, a copy of the foregoing, with
attachment, was mailed first-class postage prepaid to Paul Fiorino,
Attorney, OIL, Box 878, Ben Franklin Sta., Washington, D.C. 20044.

**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BEFORE THE BOARD OF IMMIGRATION APPEALS**

In re

**JUAN LARIN-ULLOA**
**A92 800 131**

**RESPONDENT'S BRIEF ON APPEAL AND MOTION TO TERMINATE**

Comes Respondent, through the undersigned, files the instant brief
in support of his appeal and motion to terminate. He urges that he
is not removable as charged, in that the alleged conviction is void
on its face. He therefore moves that the proceedings be terminated.
Alternatively, he argues that if a valid conviction exists, it
cannot be a "crime of violence" within the meaning of 8 U.S.C.
§1101(a)(43)(F), since the redacted Complaint/Information on which
it is based does not allege sufficient facts to conclude that he
has been convicted of an offense which falls within its scope. [1]

**I.   ISSUES PRESENTED**

A.   THE REDACTED INFORMATION IS SO DEFICIENT THAT, UNDER KANSAS
LAW, IT FAILED TO CONFER JURISDICTION IN THE CRIMINAL PROCEEDINGS,
    AND THE ALLEGED CONVICTION IS THEREFORE VOID ON ITS FACE.

    1.   THE BOARD CAN ONLY GO BEHIND A PURPORTED CRIMINAL
         CONVICTION WHERE IT IS VOID ON ITS FACE.

    2.   UNDER KANSAS LAW, THE INSTANT CONVICTION IS VOID.

B.   IN THE ALTERNATIVE IT IS CLEAR THAT MR. LARIN WAS NOT CONVICTED
UNDER KANSAS STATUTES ANNOTATED 21-3414(a)(1)(A), AND THE REDACTED
COMPLAINT DOES NOT ALLEGE SUFFICIENT FACTS TO DETERMINE THAT HE WAS
    CONVICTED UNDER ANY STATUTE CONSTITUTING A CRIME OF VIOLENCE.

C.   MR. LARIN IS ENTITLED TO RAISE THESE ISSUES, NOTWITHSTANDING
8 C.F.R. §1003.1(d)(2)(i)(B), INSOFAR AS HE HAS COMPLIED WITH THE
    REQUISITES OF *MATTER OF LOZADA*, 19 I&N Dec. 637 (BIA 1988).

---

[1]   It appears that prior counsel did not notice the error on
the complaint, which had been amended by interlineation in an
attempt to charge a lesser offense, but which actually charged
nothing. He therefore erroneously admitted that Mr. Larin had been
"convicted," even though he denied removability.

## II.  ARGUMENT

**A.  THE REDACTED INFORMATION IS SO DEFICIENT THAT, UNDER KANSAS LAW, IT FAILED TO CONFER JURISDICTION IN THE CRIMINAL PROCEEDINGS, AND THE ALLEGED CONVICTION IS THEREFORE VOID ON ITS FACE.**

As seen from the Notice to Appear as found in the record of proceedings, with the notes made by the Immigration Judge as to how Respondent pled to the allegations, (all of which were admitted), prior counsel made an extremely important error, one which was also overlooked by the Immigration Judge.  Counsel "admitted" that Respondent's conviction was under Kansas Statutes Annotated 21-3414(a)(1)(A), and the Immigration Judge followed that erroneous admission, finding that the Respondent had been convicted of an aggravated felony.  This is incorrect. The Information shows on its face that it was redacted by interlineation, and the offense to which Respondent pled guilty was **not** K.S.A. 21-3414(a)(1)(A).  To the contrary, it fails to charge any offense at all.

### 1.  THE BOARD CAN ONLY GO BEHIND A PURPORTED CRIMINAL CONVICTION WHERE IT IS VOID ON ITS FACE.

Neither the Immigration Court nor the BIA can go behind a judgment of conviction, unless it is void on its face.  *See, e.g., Matter of Rodriguez-Carrillo,* 22 I. & N. Dec. 1031 (BIA 1999) (emphasis added):

> [I]t is clear that an Immigration Judge and the Board cannot entertain a collateral attack on a judgment of conviction, **unless that judgment is void on its face**, and cannot go behind the judicial record to determine the guilt or innocence of an alien. See Matter of Madrigal, Interim Decision 3274 (BIA 1996).

It is respectfully submitted that the case at bar is one of those rare instances where that test is met.  The Complaint/Information is fatally defective.  It fails to charge *anything*, much less an offense under KSA 21-3414.  Under Kansas law, this is a jurisdictional defect, and any conviction obtained thereunder is void.  And since the purported conviction is void on its face, it

2

cannot support the charge of removability, even though Mr. Larin has not previously challenged it in Kansas. Therefore, it is submitted that the instant proceedings must be terminated.

**2. UNDER KANSAS LAW, THE INSTANT CONVICTION IS VOID.**

The redacted Complaint/Information, reads in its entirety:

> **COMES NOW** MARGARET A. MCINTIRE, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of said State gives the court to understand and be informed that in the County of Sedgwick, and State of Kansas, and on or about the 22nd day of August, 1999, A.D., one JUAN * LARIN did then and there unlawfully, intentionally, in a manner whereby [he] could have [?] cause great bodily harm or disfigurement to another person, to wit, Israael Rosas;
>
>
> Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, Severity Level 7, Person Felony.

The large blank space in the Complaint should have contained a statement of what Mr. did then and there DO. It does not.

K.S.A. §21-3414 provides, in totality, as follows:

> 21-3414. Aggravated battery.
> (a) Aggravated battery is:
> (1) (A) Intentionally causing great bodily harm to another person or disfigurement of another person; or
> (B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
> (C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
> (2) (A) recklessly causing great bodily harm to another person or disfigurement of another person; or
> (B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.
> (b) Aggravated battery as described in subsection

3

> (a)(1)(A) is a severity level 4, person felony.
> Aggravated battery as described in subsections (a)(1)(B)
> and (a)(1)(C) is a severity level 7, person felony.
> Aggravated battery as described in subsection (a)(2)(A)
> is a severity level 5, person felony. Aggravated battery
> as described in subsection (a)(2)(B) is a severity level
> 8, person felony. A person convicted of aggravated
> battery shall be subject to the provisions of subsection
> (h) of K.S.A. 21-4704 and amendments thereto.

Even though the statutory section of the printed form was not amended, when the Information is viewed in the context of Kansas Statutes 21-3414, it is clear that it initially charged a violation of 21-3414(a)(1)(A), intentionally causing great bodily harm, (a level 4 offense), and was amended by interlineation, in an attempt to charge a level 7 offense. However, the language of the Information, as amended, is a grammatical non sequitur. It has no verb, and does not say **what** it was that the Respondent did, "in a manner which could have... cause[d] greatly bodily harm or disfigurement" to Mr. Rosas. It is therefore fatally defective.

As amended, the Information not only fails to charge an offense under 21-3414(a)(1)(A), it fails to charge **anything.** It does not charge an offense under the first clause of 21-3414(a)(1)(B), because it neither states that he caused bodily harm, nor that he did so with a deadly weapon. Likewise, it does not charge an offense under the second clause of 21-3414(a)(1)(B), because it does not allege that he actually caused bodily harm. Similarly, it fails under both subclauses of 21-3414(a)(1)(C), because it does not allege that there was physical contact. No degree of liberal construction can save it. As held in *Kansas v. Hall*, 793 P.2d 737, 764 (S.Ct.Kans 1990) (emphasis added):

> Tardily challenged informations are to be construed
> liberally in favor of validity. The validity of an
> information is to be tested by reading the information as
> a whole. The elements of the offense may be gleaned from
> the information as a whole. **An information not
> challenged before verdict or finding of guilty or**

4

**pursuant to K.S.A. 22-3502 by a motion for arrest of judgment will be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted.** *United States v. Watkins*, 709 F.2d at 478.

Even more to the point is *Kansas v. Howell,* 601 P.2d 1141, 1143 (S. Ct. Kan. 1979) (emphasis added):

> In a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial. *State v. Minor,* 197 Kan. 296, Syl. para. 5, 416 P.2d 724 (1966).
>
> **A conviction based upon an information which does not sufficiently charge the offense for which the person is convicted is void.** *State v. Daniels,* 223 Kan. 266, Syl. para. 4, 573 P.2d 607 (1977); *State v. Minor,* 197 Kan. 296.
>
> If the facts alleged in a complaint or information do not constitute an offense in the terms and meaning of the statute upon which it is based, a complaint or information is fatally defective.

The most recent restatement by the Supreme Court of Kansas was apparently in *Kansas v. Long,* 58 P.3d 706 (S.Ct. Kansas 2002). In that case, among several traffic citations, the defendant was charged with having no liability insurance in violation of Kan. Stat. Ann. §40-3104 while driving a car he did not own. With the understanding that he was charged with violating subsection (d) of that statute, the trial court dismissed the charge. The State appealed. In dismissing the State's appeal, the Supreme Court of Kansas explained, 58 P.3d at 710 (emphasis added):

> Instead of designating the specific subsection under K.S.A. 40-3104 that Long was charged with, the officer cited only the statute 40-3104. The failure to designate the specific subsection helped create some of the confusion that later developed when the citation was filed with the court. This case illustrates the necessity of specifying in the citation the exact subsection the defendant is charged with violating.

**"The sufficiency of the charging document is measured by whether it contains the elements of the offense intended to be charged, sufficiently apprizes the defendant of what he or she must be prepared to meet, and is specific enough to make a subsequent plea of double jeopardy possible.** The charging document is sufficient if it substantially follows the language of the statute or charges the offense in equivalent words or words of the same import." *State v. Smith*, 268 Kan. 222, 226-27, 993 P.2d 1213 (1999).

**While the officer referred to the statute without citing the specific subsection, he described the charge as having no liability insurance. Thus, the charging document was sufficient to charge Long, who was not the owner of the vehicle, with a violation of K.S.A. 40-3104(c).** The facts surrounding the issuance of the citation support this conclusion, for Long handed the officer a document indicating that the insurance on the vehicle had expired 3 weeks before. K.S.A. 40-3104(d), involving the failure to display, was not charged in this case.

The questions reserved by the prosecution in this appeal assume that Long was charged under the provisions of K.S.A. 40-3104(d), when in fact he was charged with a violation of K.S.A. 40-3104(c). Both questions reserved require answers involving a charge not involved in this case....

... We therefore decline to answer the questions reserved and dismiss the appeal.

The failure to state an offense is jurisdictional, and cannot be waived. *See, Kansas v. Marshall*, 2 Kan. App. 2d 182, 194; 577 P.2d 803 (Kansas App. 1978), citing K.S.A. 22-3208(4) (emphasis added):

K.S.A. 22-3208(4) provides that "[a] plea of guilty or a consent to trial upon a complaint, information or indictment shall constitute a waiver of defenses and objections based upon the institution of the prosecution or defects in the complaint, information or indictment **other than it fails to show jurisdiction in the court or to charge a crime.**" If defendants had any meritorious objections to personal jurisdiction, they were waived by

6

the entry of plea, posting of bond and submission to the jurisdiction of the trial court without assertion of such objections until after trial.

To the contrary, a conviction obtained under a fatally defective information is void: not *voidable*, but *void*. *Kansas v. Schultz*, 252 Kan. 819, 835-836 (S.Ct. Kansas 1993) (emphasis added):

> In State v. Bird, 238 Kan. 160, 166, 708 P.2d 946 (1985), this court reviewed the principles governing sufficiency of the charge:
>
> "In a felony action, the **indictment or information is the jurisdictional instrument** upon which the accused stands trial. [Citation omitted.] **A conviction based upon an information which does not sufficiently charge the offense for which the accused is convicted is void.** Failure of an information to sufficiently state an offense is a fundamental defect which can be raised at any time, even on appeal. [Citations omitted.] **Sufficiency of the indictment or information is to be measured by whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and by whether it is specific enough to make a plea of double jeopardy possible.** [Citation omitted.]"

Finally, the sufficiency of a Complaint/Information is judged from the "four corners" of the document, without resort to extrinsic evidence. *Kansas v. Cook*, 193 Kan. 541, 543 (S.Ct. Kansas 1964):

> Extraneous evidence cannot be resorted to for the purpose of establishing the insufficiency of an information. (42 C. J. S., p. 1212.) In *Wolfe v. North Carolina*, 364 U.S. 177, 4 L. Ed. 2d 1650, 80 S. Ct. 1482, the Supreme Court of the United States recognized the rights of the state, in ruling on a motion to quash, to follow its established rule that matters of defense are not grounds for quashing an information and that a trial court, in ruling on a motion to quash, cannot consider extraneous evidence nor rest on matters dehors the record proper; therefore, when the defect must be established by evidence aliunde the record, the motion must be denied.

7

As applied to the case at bar, the following points emerge:

1)   The Information is a jurisdictional document, and if it is insufficient on its face, any conviction obtained thereunder is void.   Because a valid charging document is a jurisdictional requirement, such fundamental flaws cannot be waived by a guilty plea, or by the failure to mount a timely challenge.

2)   The fact that the Complaint/Information cited an incorrect subsection would not be fatal, if the facts as alleged therein actually stated an offense.

3)   Since no timely challenge was raised, in deciding whether the Complaint/Information herein was sufficient to vest the Court with jurisdiction, it will be construed liberally, within the four corners of the document, and will be found deficient only if it is "so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted."

It is submitted that a Complaint/Information which is grammatically incoherent, and does not even contain a verb, stating what the defendant **did**, is "so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted."   Since it does not charge an offense, under Kansas law, it is void. Not *voidable*, but **void**. Moreover, it is void *on its face*, as it is not permissible to examine anything other than the Information itself to determine its sufficiency.

It is therefore urged that Mr. Larin cannot be found to have been removable, and that the instant proceedings must be terminated.

**B.   IN THE ALTERNATIVE IT IS CLEAR THAT MR. LARIN WAS NOT CONVICTED UNDER KANSAS STATUTES ANNOTATED 21-3414(a)(1)(A), AND THE REDACTED COMPLAINT DOES NOT ALLEGE SUFFICIENT FACTS TO DETERMINE THAT HE WAS CONVICTED UNDER ANY STATUTE CONSTITUTING A CRIME OF VIOLENCE.**

In the alternative, and assuming, *arguendo*, that an exceptionally "liberal" reading of the redacted Information can be construed as charging some offense, it does not charge a crime of violence. Starting from the premise that the Court would only have had jurisdiction over an offense whose elements were stated in the Information, one cannot go beyond that document to determine that he was convicted of an offense which, under no stretch of the imagination, could flow therefrom.

The pertinent portion of the Information charges that Mr. Larin:

> did then and there unlawfully, intentionally, in a manner whereby [he] could have [?] cause great bodily harm or disfigurement to another person, to wit, Isarael Rosas...

Assuming, *arguendo*, that one could supply a generic missing verb, *e.g.*, "act," since said "act" must have been performed in a manner which could have caused great bodily harm, one could, *arguendo*, infer that there must have been some physical contact.  In such a case, the only portion of the statute which could conceivable be implicated would be the second clause of §21-3414(a)(1)(C), to wit:

> 21-3414. Aggravated battery.
> (a) Aggravated battery is:
> (1) ...
> (C) intentionally causing physical contact with another person when done ... in any manner whereby great bodily harm, disfigurement or death can be inflicted ...

Note that this is subtly, but crucially distinct, from an analysis involving a "divisible statute," whereby it is permissible to go beyond the four corners of the document to determine under which subsection he was convicted. Rather, it is a question of making the absolutely most liberal reading possible of the charging document itself, to determine what offense it could conceivably charge.  Particularly since the phrase regarding the potential for causing great bodily harm, or disfigurement is handwritten into the document, it would have to be a subclause involving that phrase.

However, one could not plausibly extract an offense under §21-3414(a)(1)(B). That would entail the addition of an entire phrase, to wit, "causing bodily harm." The phrase "cause great bodily harm" follows the redaction, "in a manner whereby [the defendant] could have []." To charge an offense under subsection (B), the Information would have to allege that he caused bodily harm. That phrase is not present, and no allegation that bodily harm occurred can be inferred from anything else in the redacted Information.

Further, even assuming, *arguendo*, that the redacted Information, if read with extreme liberality, levels a valid charge under K.S.A. §21-3414(a)(1)(C), Mr. Larin submits that it would not constitute a crime of violence within the meaning of 18 U.S.C. §16. Under Kansas law, all that is required to constitute an offense under §21-3414(a)(1)(C) is that one "intentionally caus[e] physical contact" in a manner which could have caused great harm. However, the statute does not require (and the Information does not allege), that such harm ever materialized. Therefore, the offense does not require that force have been used, as would be necessary for it to constitute a crime of violence under §16(a).

Nor is it required that the intentional physical contact have been performed with the **knowledge** that it might cause such harm, or even that he was reckless with respect to the fact that such harm might occur, let alone with the **intention** to cause this harm. *See, State v. Esher*, 922 P.2d 1123 (1996):

> The language of 21-3414(a)(1)(C) simply requires proof that the defendant *intentionally* caused physical contact with another person. The statute, thus, incorporates the general intent required by 21-3201. Notably, however, the statute does not identify or require a further particular intent which must accompany the prohibited acts. Esher contends that 21-3414(a)(1)(C) should be read to require an "intent to injure." This contention is without merit. Although the pre-1993 version of the aggravated battery statute required proof of "the unlawful touching or

10

application of force to the person of another *with intent to injure* that person or another," K.S.A. 21-3414 (Ensley 1988), the legislature deleted the "intent to injure" language when it adopted the current version of the statute. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the Page 785 amendment." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). Moreover, when a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.

*Kansas v. Esher* is also significant for its discussion of the prior history of the statute, which demonstrates that the Kansas legislature distinguished between unlawful touching, (contact), and the use of force. *Id.* at 1127 (emphasis added):

Contrary to Esher's contention that the current version of 21-3414(a)(1)(C) should be construed like the pre-1993 aggravated battery statute, the reference to "intentionally causing physical contact" in the current statute more closely parallels the language of the pre-1993 battery statute, K.S.A. 21-3412 (Ensley 1988). Battery under that statute was the "unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." The Supreme Court has concluded that battery under the pre-1993 statute does not require proof of the specific intent to injure. See *State v. Seely,* 212 Kan. 195, 203, 510 P.2d 115 (1973).

The Fifth Circuit has also held that not all "physical contact" involves the use of force. In *U.S. v. Rodriguez-Guzman*, 56 F.3d 18,20 n.8 (5th Cir. 1995), the Fifth Circuit defined the term "force" as used in 18 U.S.C. §16(b):

We perforce interpret "force" to mean more than the mere asportation of some property of the victim.   The clear import of defining a "crime of violence" is that "force" as used in the definition is synonymous with destructive or violent force.

11

Therefore, it is not a "use of force" as used in 18 U.S.C. §16 for a medical technician to take a blood sample, for a dentist to use a pick in cleaning someone's teeth, or to kiss or make love to a willing partner.  But under the Kansas statute, it could be an offense if the technician or dentist re-used "dirty" equipment, which was contaminated with HIV virus.

In such cases, even if the accused did not know that the patient on whom the equipment had previously been used was HIV positive, and that equipment was contaminated with that person's blood, an offense would have been committed. The touching was intentional, the touching occurred in a "manner whereby great bodily harm, disfigurement or death [could] be inflicted," and the required "general" criminal intent would therefore have been present. Similarly, consensual sexual relations, where one partner is infected with HIV, would constitute such an offense, even if the infected partner took precautionary measures.  The contact was intentional, and since such devices sometimes fail, "great bodily harm, disfigurement or death" could result.

Such scenarios would not constitute crimes of violence under *U.S. v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001) ("substantial risk that physical force... may be used" contemplates only reckless disregard for the probability that *intentional* force may be employed).   In the above hypotheticals, there might be "reckless disregard" for the possibility of injury, but not that "intentional force" would be employed.  Similarly, they would fail the "results-oriented" test of *U.S. v. Gracia-Cantu*, 302 F.3d 308,312-13 (5th Cir. 2002):

> Utilizing the categorical approach endorsed by this court in *Chapa-Garza* and other cases, we focus only on the offense of injury to a child as defined under Texas law and not on the particular facts of Gracia-Cantu's conviction.  Section 22.04(a) criminalizes acts or omissions that intentionally, knowingly, recklessly, or negligently result in injury to a child.  *See* Tex. Penal Code Ann. § 22.04(a).  Thus, as noted above, the culpable

mental state relates to the result of a defendant's conduct rather than to the conduct itself. *See Patterson*, 46 S.W.3d at 301.

Because the offense of injury to a child is results-oriented, many convictions for this offense involve an omission rather than an intentional use of force. *See Chapa-Garza*, 243 F.3d at 926 (noting that "a parent who leaves a young child unattended near a pool may risk serious injury to the child, but the action does not involve an intent to use force or otherwise harm the child") (internal citation and quotation omitted).

Under the categorical approach, §21-3414(a)(1)(C) is therefore not an aggravated felony, and from the face of the Information, even if construed so liberally that an offense under that section can be inferred, Mr. Larin has not been convicted of an aggravated felony.

**C.   MR. LARIN IS ENTITLED TO RAISE THESE ISSUES, NOTWITHSTANDING 8 C.F.R. §1003.1(d)(2)(i)(B), INSOFAR AS HE HAS COMPLIED WITH THE REQUISITES OF *MATTER OF LOZADA*, 19 I&N Dec. 637 (BIA 1988).**

Finally, although prior counsel erroneously "admitted" that Mr. Larin had been convicted under §21-3414(a)(1)(A), he is entitled to assert the contrary before the Board.[2] Should the Board dismiss his appeal, he would be entitled to reopening on the grounds of ineffective assistance of counsel. He may therefore raise the issue now. *See, Zamora-Morel v. INS,* 905 F.2d 833, 839 (5th Cir. 1990). Even though no remand is required to address the error, Mr. Larin has fulfilled the requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). He has written prior counsel, asking for an explanation of his conduct. A declaration under penalty of perjury is attached, in which Mr. Larin states that he hired Mr. Phillips to represent him and paid a substantial fee for his representation. Also, a grievance has been filed with the State Bar of Kansas,

---

[2] Fortunately, prior counsel did not concede that the offense was an aggravated felony, although his reasons for denying the charge were legally irrelevant. (T:8-12).

13

where Mr. Phillips is licensed.  *See,* Exhibit A.

Therefore, Respondent's appeal should be sustained, and the instant proceedings should be terminated.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
(956) 421-3226
May 22, 2003

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was personally served on DHS District Counsel at the Port Isabel Service Processing Center, Los Fresnos, Texas on May 22, 2003.

14

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re

JUAN LARIN-ULLOA
A92 800 131

EXHIBIT "A" IN SUPPORT OF

BRIEF ON APPEAL AND MOTION TO TERMINATE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS


In re

JUAN LARIN-ULLOA
A92 800 131

RESPONDENT'S DECLARATION UNDER PENALTY OF PERJURY

I, Juan Larin-Ulloa, hereby state under penalty of perjury that I hired attorney James Phillips, Jr., to represent me in my removal proceedings.  I paid a substantial amount for this representation, to wit, at least $3,000                .

I fully cooperated with attorney Phillips, in terms of providing all the information he requested, and relied on him to exercise his skills in such matters as pleading to the allegations of the Notice to Appear.  I had no independent knowledge of Kansas Statutes Annotated §31-3414, and insufficient English or legal skills to know whether the Complaint/Information in my criminal case was so defective that it could be challenged in Immigration Court.  These were matters entrusted to the attorney.

The foregoing was read and translated into Spanish by Attorney Lisa Brodyaga on May 22, 2003, and is true and correct to the best of my knowledge and belief.

_____
Juan Larin-Ulloa


CERTIFICATE OF TRANSLATION

I, Lisa S. Brodyaga, hereby certify that I am competent in the English and Spanish languages, and that the foregoing is a true and correct abstract of the Spanish original, to the best of my knowledge and belief.

_____
Lisa S. Brodyaga
May 22, 2003

IN THE DISTRICT COURT OF KANSAS
EIGHTEENTH JUDICIAL DISTRICT Aug 24  4/24 PH '99
SEDGWICK COUNTY, CRIMINAL DEPARTMENT

THE STATE OF KANSAS )
　　　　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　vs. )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
JUAN * LARIN, )
H/M, DOB: 05/15/55, )
SSN: 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, )
　　　　　　　　　　　　　Defendant. )
　　　　　　　　　　　　　　　　　　　)

Case No. **99CR2312**

## COMPLAINT/INFORMATION
### COUNT ONE

　　　　**COMES NOW** MARGARET A. MCINTIRE, a duly appointed, qualified and acting
Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf
of said State gives the court to understand and be informed that in the County of Sedgwick, and State
of Kansas, and on or about the 22nd day of August, 1999, A.D., one JUAN * LARIN did then and
there unlawfully, intentionally *in a manner whereby it could have caused* great bodily harm or disfigurement to another person, to-wit:
Israael Rosas;

*Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, Severity Level 4,
Person Felony*

000066

13

all of the said acts then and there committed being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Kansas.

99CR2312

_____
MARGARET A. McINTIRE, #13207
Assistant District Attorney

*State Of Kansas* )
                  ) ss:
*Sedgwick County* )

M. E. SILVA, being first duly sworn, states that I have read the above and foregoing Complaint/Information and know the contents thereof, and that the same is true in substance and in fact.

_____
M. E. SILVA
Complaining Witness

SUBSCRIBED AND SWORN to before me on this 24th day of August, 1999.

_____
NOTARY PUBLIC

[Notary stamp:]
DONNA J. MONAREZ
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 1-9-2003

*State Of Kansas* )
                  ) ss:
*Sedgwick County* )

MARGARET A. McINTIRE, Assistant District Attorney for the 18th Judicial District of Kansas, within and for said State, being first duly sworn states that I have read the above and foregoing Complaint/Information and know the content thereof, and that the same is true in substance and in fact to my best information and belief.

_____
MARGARET A. McINTIRE, #13207
Assistant District Attorney

SUBSCRIBED AND SWORN to before me on this 24 day of Aug, 1999.

_____
JUDGE OF THE DISTRICT COURT

STATE WITNESSES:
CW: DET. M. E. SILVA, #1389, WPD (99C78280)

[STATE'S WITNESS LIST CONTINUED]

[Seal: DISTRICT COURT — SEAL — SEDGWICK COUNTY KANSAS]

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.
Dated this _____ day of _____ 2002
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

000067

14



STATE'S WITNESS LIST - LARIN - 99C78280

99CR2312

Off. J. Barrier, #1625, WPD
Off. E. Padron, #1722, WPD
Off. P. Marshall, #1773, WPD
Off. D. Halverson, #1611, WPD
Off. Tejeda, #1782, WPD
Lab. Inv. Siwek, #V0967, WPD
Dr. Fakhani
Records Custodian,                    DUCES TECUM
    Wesley Medical Center
Isarael R. Rosas
Tracy R. Wiebe
Hope M. Grim


djm/MAM/WPD
08/24/99

000068

# LAW OFFICES OF LISA S. BRODYAGA
## 17891 Landrum Park Rd.
## San Benito, Texas 78586
## (956) 421-3226
## FAX: 421-3423
May 20, 2003

Stan Hazlett, Disciplinary Administrator
State Bar of Kansas
701 Jackson St 1ˢᵗ Floor
Topeka, KS 66603

Re:  Juan Larin vs. James S. Phillips, Jr.

Gentlepersons:

Attached please find a letter, which I would appreciate being taken
as a grievance against Mr. Phillips.  Also attached are some of the
pertinent documents.  Please feel free to contact me, if you need
any additional information.

Your attention would be greatly appreciated.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

Encl/  As stated.

**LAW OFFICES OF LISA S. BRODYAGA**
**17891 Landrum Park Rd.**
**San Benito, Texas 78586**
**(956) 421-3226**
**FAX: 421-3423**
May 20, 2003

James S. Phillips, Jr.
Attorney at Law
530 East Central Ave.,
Wichita, Kansas 67202

Re:  Juan Larin-Ulloa
     A92 800 131

Dear Mr. Phillips:

In my research into Mr. Larin's case, I have discovered that the Complaint/Information upon which the criminal conviction was based is facially invalid, for failure to charge an offense. The handwritten change from a level 4 to level 7 offense clearly demonstrates that the conviction was not under K.S.A. §21-3414(a)(1)(A), which is what the printed form states. Moreover, the interlineations create a grammatical non-sequitur. As amended, the key sentence contains no verb. It says with what intent, and how, Mr. Larin did, but fails to say **what** he did.

It also appears that, under Kansas law, this renders the conviction void, for lack of jurisdiction. Nonetheless, you "admitted" the allegation that Mr. Larin had been convicted under K.S.A. §21-3414(a)(1)(A). In connection with Mr. Larin's appeal, I recently obtained the transcript of the hearing, and discovered that, although you declined to admit that the offense was an aggravated felony, upon repeated questioning by the Immigration Judge as to the basis of your denial, all you said was that to admit that it was an aggravated felony would prejudice Mr. Larin's application for TPS. Since you had "admitted" that the conviction was under §21-3414(a)(1)(A), and particularly absent any meaningful argument to the contrary, the Immigration Judge found it to be an aggravated felony. You then attempted a pointless application for relief.

On appeal to the BIA, I am arguing that the judgment of conviction is void on its face. But I am concerned that, since you "admitted" the allegation that he had been convicted under §21-3414(a)(1)(A), we will be barred by 8 C.F.R. §1003.1(d)(2)(i)(B) from raising the issue, unless we comply with the requirements of *Matter of Lozada,*

19 I&N Dec. 637 (BIA 1988).   Hence I am forced to take the unpleasant step of writing you to ask why you admitted the allegation regarding the conviction, which was clearly false, and why you did not research Kansas law sufficiently to realize that Mr. Larin had a very strong defense against deportability.

Your prompt response would be greatly appreciated.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

ɔjs

1          Q.    How does he plead to the six factual allegations?

2     Let's go down --

3          A.    All right, as to number 1 that is agreed to.

4          Q.    He's not a citizen or national of the United

5     States?

6          A.    Right.

7          Q.    He's a native of El Salvador, citizen of El

8     Salvador?

9          A.    Yes, that is admitted.

10         Q.    And did he entered the United States at or near El

11    Paso, Texas on or May 11, 1981?

12         A.    That is admitted.

13         Q.    At that time, is it true that he entered without

14    inspection?

15         A.    That is admitted.

16         Q.    And number 5, is it true that he was adjusted to a

17    lawful permanent resident on November 20, 1989, under 245(a) of

18    the Act?

19         A.    Yes, that is admitted.

20         Q.    Okay.  And was he on March 20, 2000, convicted in

21    the District Court of Sedgwick County at Wichita, Kansas for the

22    offense of aggravated battery in violation of KSA21-3414A1A for

23    which a 12-month sentence was imposed?

24         A.    That is admitted.

25         Q.    Okay.  And does respondent concede that pursuant

bjs

1    to Section to 237(a)(2)(A)(iii) of the Immigration and

2    Nationality Act, as amended, in that at any time after admission

3    he's been convicted of an aggravated felony as defined in Section

4    101(a)(43)(F) of the Act and, therefore, he's subject to removal.

5         A.   He's going to deny that, Your Honor.

6         Q.   Okay.  The Service has submitted to the Court

7    conviction documents, and those are marked as Exhibit 2.  Any

8    objection to the conviction documents, Mr. --

9         A.   I have reviewed it, Your Honor, it appears to be a

10   certified copy --

11        Q.   Yes.  And --

12        A.   -- (indiscernible).

13        Q.   And I paginated them at the last hearing, 1

14   through 15, any objection to the documents in Exhibit 2?

15        A.   What's that, Your Honor?

16        Q.   Any objection to its admission?

17        A.   No objection.

18   JUDGE FOR THE RECORD

19        So Exhibit 2, pages 1 through 15, are hereby admitted

20   into the record.

21   JUDGE TO MR. PHILLIPS

22        Q.   Now the issue is is this conviction an aggravated

23   felony as respondent is denying that it's an aggravated felony.

24   And the basis for that Mr. --

25        A.   Well, our argument, Your Honor, is that, one

pjs

1    reason we don't want to make this admission is because, one

2    argument we want to make is that he may be eligible for TPS,

3    temporary protective status, since he's from El Salvador.

4              Q.    Presently he's a permanent resident.

5              A.    Yes, I understand.  But I mean, he also may be

6    eligible for TPS even if he's deportable.  That's our position.

7              Q.    Okay.

8              A.    Even if he would be deported or removed or have a

9    removal order --

10             A.    Okay.

11             Q.    -- that he's eligible for TPS.  Now we recognize

12   as the grant of TPS refers to felonies, it applies the asylum

13   standards for pretty serious exception, pretty serious offense,

14   and it's our position that whether this was constituted pretty

15   serious offense maybe depend on the particular facts because this

16   was a sentence less than five years.  He was given --

17             A.    (Indiscernible.)  Right now what we're dealing

18   with, I understand you're talking about relief, and right now

19   we're --

20             Q.    Well --

21             A.    I'm putting the cart before the horse, we haven't

22   gotten to whether or not he's subject to removal.

23             Q.    Well, I understand.  I'm just arguing that

24   although the felony itself may be evidence of a pretty serious

25   crime --

ojs

1      A.   Well, right now what I'm dealing with, later on we

2   can deal with whether or not it's particularly serious crime or

3   not.  Right now what we're dealing with is is this or not an

4   aggravated felony and does it fit within the definition of an

5   aggravated felony.  I believe the Service is proceeding under

6   101(a)(43)(F) which is --

7   JUDGE TO INS ATTORNEY

8      Q.   Is that a crime of violence, Ms. --

9      A.   I believe so, Your Honor.

10  JUDGE TO MR. PHILLIPS

11     Q.   It's a crime of violence.  So they're proceeding

12  under a crime of violence, aggravated battery, is that a crime of

13  violence because it fits within that category.  And so,

14  therefore, I was asking what's your argument as to why it's not a

15  crime of violence under 101(a)(43)(F)?

16     A.   Well, as I say, I don't really want to make that

17  admission because I'm not sure he would be eligible to make that

18  argument for TPS if he makes that admission.

19  JUDGE FOR THE RECORD

20          Hold on, let me go get my (indiscernible).  Off the

21  record.

22                    (OFF THE RECORD)

23                    (ON THE RECORD)

24  JUDGE FOR THE RECORD

25          Back on the record.

92 800 131                 11              March 14, 2002

bjs

1          The 101(a)(43)(F) is a crime of violence

2     (indiscernible) is it or is it not a crime of violence then.   I

3     think based on what I'm reading here that the documents submitted

4     which are Exhibit 2, unless there's something that I'm seeing,

5     I'm going to find that it is a crime of violence, Mr. Phillips.

6     MR. PHILLIPS TO JUDGE

7          Q.    All right.

8          A.    So, therefore --

9     JUDGE FOR THE RECORD

10          Off the record.

11                    (OFF THE RECORD)

12                    (ON THE RECORD)

13    JUDGE FOR THE RECORD

14          Based on Exhibit 2, the Court finds the respondent is

15    subject to removal as the respondent has been convicted with

16    aggravated battery which is a crime of violence.

17    JUDGE TO MR. PHILLIPS

18          Q.    Does your client wish to designate a country for

19    removal in case it becomes necessary?

20          A.    He'll decline, Your Honor.

21          Q.    Okay.

22    JUDGE FOR THE RECORD

23          Therefore, the Court will designate El Salvador if

24    removal is necessary.

25    JUDGE TO MR. PHILLIPS