UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA, )
   Petitioner, )
    )
v. ) C.A. B-02-107
    )
JOHN ASHCROFT, et al. )
_____)

**EXHIBIT "O" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, through counsel, respectfully submits a copy of the letter sent to Respondents on August 21, 2003, requesting his release on humanitarian grounds. No response was ever received.

Respectfully Submitted,

/s/ Lisa S. Brodyaga

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. ID.  1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2003, a copy of the foregoing, with attachment, was mailed first-class postage prepaid to Paul Fiorino, Attorney, OIL, Box 878, Ben Franklin Sta., Washington, D.C. 20044.

/s/

**LAW OFFICES OF LISA S. BRODYAGA**
17891 Landrum Park Rd.
San Benito, Texas 78586
**(956) 421-3226**
FAX: 421-3423

August 21, 2003

Aaron Cabrera, Deputy District Director, D&R
Bureau of Citizenship & Immigration Enforcement
Port Isabel Service Processing Center
By Fax: 547-1702

Re: Juan Larin-Ulloa, A92 800 131
Attn: Officer Adame

Gentlepersons:

Request is hereby made that Mr. Larin be released on humanitarian grounds. He has been detained for a year and a half, and is suffering from extreme depression. According to his son, he has been hospitalized on at least one occasion, is under medication, and now appears to be losing his orientation in reality.

His son called yesterday, saying that his father had learned that his appeal had been dismissed by the BIA (a fact which I confirmed, by calling 1-800-898-7180, and that he had been visited by a deportation officer, who had pressured him to sign his deportation and go back to El Salvador. He said that he had declined to do so, saying that he had an attorney. I found that hard to understand, since the BIA's decision was just issued yesterday, and I was surprised that it would have been received so quickly.

Mr. Larin's son also expressed concern about his father's mental state, saying that in a recent conversation, he had been talking about a "quincenera," and asking his son to ensure that it was well planned, because he did not want to go to a poorly organized party. He talked of his father's extreme mood swings, and said that he was afraid he was losing touch with reality.

It took a while to find another attorney in Kansas to attack the underlying criminal conviction, but we have finally been able to do so, and the habeas action will be filed in the next few days. If you take a look at the A-file, you will see why we consider that it is vulnerable to collateral attack, and that, at the very least, we can either arrange to have the sentence reduced by one day, or plead him to a parallel charge that is not a crime of violence. In the interim, as soon as I receive the BIA's decision, I will file a habeas petition challenging it. The so-called conviction

documents are so flawed that I believe it was void on its face, and should have been recognized as such by the BIA.

In any event, now that the BIA's decision has been issued, Mr. Larin is no longer subject to §236(c), and can be released, for humanitarian reasons, on an Order of Supervision. I strongly urge you to do so, to avoid more serious problems in the future. If anything, I expect that his mental state will continue to deteriorate in the future, if he his not released. Since it may well be a number of months before the case is finally cleared up, continued detention does not serve anyone's interest.

Thank you for your consideration.

Sincerely,

*Lisa S. Brodyaga*
Lisa S. Brodyaga,
Attorney at Law

cc: Lisa Putnam, SAUSA