43

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

JUAN LARIN-ULLOA,            )
    Petitioner,          )
                            )
v.                           )            C.A. B-02-107
                            )
JOHN ASHCROFT, et al.        )
_____)

## EXHIBIT "P" IN SUPPORT OF
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, through counsel, respectfully submits a copy of the file-stamped Petition For Relief Pursuant to K.S.A. 60-1507, currently pending in Sedgwick County, Kansas.  It should be noted that Mr. Larin's detention made it difficult for him to find an attorney to bring said action, further illustrating the prejudice he suffered due to the unlawful custody of which he complains.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586            Fed. ID.  1178
(956) 421-3226                  Texas Bar 03052800
(956) 421-3423 (fax)

### CERTIFICATE OF SERVICE

I certify that on September 22, 2003, a copy of the foregoing, with attachment, was mailed first-class postage prepaid to Paul Fiorino, Attorney, OIL, Box 878, Ben Franklin Sta., Washington, D.C. 20044.

Gary W. Owens, Ks.Sp.Ct. #16012
ROGER L. FALK & ASSOCIATES, P.A.
301 West Central Avenue
Wichita, KS 67202-1077
Telephone (316) 265-5115



FILED

2003 AUG 25 P 3: 2

CLERK OF THE
18TH JUD DIST

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK COUNTY, KANSAS
## CRIMINAL DEPARTMENT

JUAN LARIN,                         )
                                    )
            Petitioner,             )
                                    )
vs.                                 )          Case No. 03 C V 3635
                                    )
STATE OF KANSAS,                    )
                                    )
            Respondent.             )
_____)

Pursuant to Chapters 60, 21 and 22
of the Kansas Statutes Annotated

## PETITION FOR RELIEF PURSUANT TO K.S.A. 60-1507

COMES NOW the Petitioner, Juan Larin, by and through his attorney of record, Gary W.

Owens, of the law office of Roger L. Falk & Associates, P.A., and respectfully petitions this Court

for its order, judgment and decree setting aside: (a) the finding of guilty on the charge of Aggravated

Battery; and (b) the subsequent sentence imposed as a result of said conviction in *State of Kansas*

*v. Juan Larin*, Sedgwick County District Court Case No. 99 CR 2312, pursuant to K.S.A. 60-1507

and Kansas Supreme Court Rule 183, and that this Court further enter its order directing that the case

of *State of Kansas v. Juan Larin*, Sedgwick County District Court Case No. 99 CR 2312 be returned

to this Court's jury trial docket.

In support of his Petition, the Petitioner would show the Court as follows:

1.   Place of detention:

     Port Isabel Processing Center
     Route 3. Box 341
     Los Fresnos, Texas 78566;

2.   Name and location of court which imposed sentence:

     The Eighteenth Judicial District. District Court, Sedgwick County, Kansas, the

     Honorable Clark V. Owens II, Judge of the District Court, presiding.

3.   The case number and the offense or offenses for which the sentence was imposed:

     Case No. 99 CR 2312, Count I, Aggravated Battery, in violation of K.S.A. 21-
     3414(a)(1)(B)..

4.   The date upon which sentence was imposed and the terms of the sentence:

     Sentence was imposed on March 28, 2000, for 24 months probation with an
     underlying sentence of 12 months in KDOC.

5.   Check whether a finding of guilty was made after a plea:

     (a) of guilty                    X

     (b) of not guilty               ___

6.   If you were found guilty after a plea of not guilty, check whether that finding was

     made by:

     (a) a jury                       ___

     (b) a judge without a jury       ___

7.   Did you appeal from the judgment of conviction or the imposition of sentence?

     No.

8.   If you answered "yes" to 7, list:

     (a)    The name of each court to which you appealed:

       (1)    N/A

    (b)    The result in each such court to which you appealed and the date of such result:

       (1)    N/A

9.    If you answered "no" to 7 state your reasons for not so appealing: Waiver of right to appeal in plea agreement.

10.    State concisely all grounds on which you base your allegation that you are being held in custody unlawfully:

    (a)    The conviction for aggravated battery is void because the complaint did not properly make out a charge of aggravated battery and thus is fatally defective.

11.    State concisely and in the same order the facts which support each of the grounds set out in 10 and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts:

    (a)    The Petitioner was initially charged with aggravated battery under K.S.A. 21-3414(a)(1)(A), a severity level 4 person felony. Subsequently, the complaint was amended by interlineation to charge aggravated battery under K.S.A. 21-3414(a)(1)(B), a severity level 7 person felony. The complaint read as follows (with changes marked <<>>): Comes now Margaret A. McIntire, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of said State gives the court to understand and be informed that in the County of Sedgwick, and State of Kansas, and on or about the 22nd day of August, 1999 A.D., one Juan * Larin did then and there unlawfully, intentionally <<in a

manner whereby he could have cause great bodily harm or disfigurement to another person, to wit: Isarael Rosas; Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, severity level 4 <<7>> person felony.

(b)     The Petitioner then entered into a plea agreement with the State whereby the State agreed to recommend mid number and not oppose an argument for probation. The Petitioner was sentenced to 24 months probation with an underlying prison sentence of 12 months.

(b)     Witnesses that can testify to the above are:

   1.     The Petitioner, Juan Larin;

   2.     Petitioner's prior counsel, Thomas T. Inkelaar, Attorney at law, 727 North Waco, Suite 275, Wichita, Kansas 67203;

   3.     Barry K. Disney, Assistant District Attorney, Sedgwick County Courthouse, 535 North Main, Wichita, Kansas 67203.

(e)     Exhibits which are relied upon to prove the allegations made herein include:

   1.     The entire contents of the court file in the underlying criminal case, Sedgwick County District Court Case No. 99 CR 2312;

   2.     Transcripts of all proceedings before the District Court of Sedgwick County, District Court Case No. 99 CR 2312;

12.   Prior to this motion, have you filed with respect to this conviction:

(a)     Any petition in State or federal courts for habeas corpus:     No.

(b)     Any petition in the United States Supreme Court for certiorari other than petitions already specified in 8?     No.

(c)     Any other petitions, motions or applications in this or any other court?  No.

13.  If you answered "yes" to any part of 12, list with respect to each petition, motion or application:

(a)  the specific nature thereof: N/A

(b)  the name and location of each court in which each was filed: N/A

(c)  the disposition thereof and the date of the disposition: N/A

(d)  if known, citations of any written opinions or orders entered pursuant to each disposition: N/A

14.  Has any ground set forth in 10 been previously presented to this or any other court, *state or federal*, in any petition, motion or application which you have filed?  No.

15.  If you answered "yes" to 14 please identify:

(a)  Which grounds have been previously presented:    N/A

(b)  The proceedings in which each ground was raised:  N/A

16.  If any ground set forth in 10 has not previously been presented to any court, *state or federal*, set forth the ground and state concisely the reasons why such ground has not previously been presented: Petitioner waived his right to a direct appeal by entering into a plea agreement with the State.

17.  Were you represented by an attorney at any time during the course of:

(a)  your preliminary hearing?

Yes.

(b)  Your arraignment and plea?  Yes.

(c)  Your trial, if any?

No.  There was no trial.

(d)  Your sentencing?  Yes.

(e)    Your appeal, if any, from the judgment of conviction or the imposition of sentence?

No.

(f)    Preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed?    N/A

18.    If you answered "yes" to one or more parts of 17 list:

(a)    the name and address of each attorney who represented you:

(i)    Thomas T. Inkelaar
Attorney at Law
727 North Waco, Suite 275,
Wichita, Kansas 67203

(b)    the proceedings at which each attorney represented you:

(i)    Thomas T. Inkelaar represented the Petitioner throughout his proceedings in the Sedgwick County District Court.

(c)    Was said attorney:

(i)    Appointed by the court?  No.

(ii)    Of your own choosing?   Mr. Inkelaar and present counsel are retained.

19.    If your motion is based upon the trial court's refusing you counsel, attach the transcript of the proceedings which support your allegations.    N/A

20.    If your motion is based upon the failure of counsel to adequately represent you, state concisely and in detail what counsel failed to do in representing your interests:

(a)    N/A.

21.    Are you now serving a sentence from any other court that you have not challenged? No I am not.

22.    If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information?    No. I am represented by retained counsel and will pay any filing fee required for the filing of this action.

WHEREFORE, and by reason of the above and foregoing, the Petitioner respectfully moves this Court for its order, judgment and decree setting aside his conviction and returning this case to the Court's jury trial docket.

IT IS SO MOVED.

Respectfully submitted,

ROGER L. FALK & ASSOCIATES, P.A.

By: _____

Gary W. Owens, Ks.Sp.Ct. #16012
Attorney for Petitioner,
Juan Larin

# VERIFICATION

STATE OF                             )
                                     ) ss:
COUNTY OF                            )

COMES NOW, Juan Larin, of lawful age, and after being first duly sworn, upon his oath

deposes and states as follows:

That he is the Petitioner above named; that he has read the above and foregoing
Petition for Relief Pursuant to K.S.A. 60-1507 and subscribed his name thereto; that
he is familiar with the contents thereof; and that the matters and allegations therein
set forth are true and correct to the best of my knowledge and belief.


_____
Juan Larin, Petitioner

SUBSCRIBED AND SWORN to before me, a Notary Public in and for the State and County aforesaid on this _21ᵗʰ_ day of August, 2003.

_____
Notary Public

My Commission Expires:


_01/23/07_

OLGA F. CANTARERO
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES 01-23-07

Gary W. Owens. Ks.Sp.Ct. #16012
ROGER L. FALK & ASSOCIATES. P.A.
301 West Central Avenue
Wichita. KS 67202-1077
Telephone (316) 265-5115

FILED_____

2003 AUG 25 P 3: 2⁻

CLERK OF DIST. COURT
18TH JUDICIAL DIST.

COPY

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK COUNTY, KANSAS
## CRIMINAL DEPARTMENT

JUAN LARIN.                          )
                                     )
            Petitioner,              )
                                     )
vs.                                  )      Case No. 03 CV 3635
                                     )
STATE OF KANSAS.                     )
                                     )
            Respondent.              )
_____)

Pursuant to Chapters 60. 21 and 22
of the Kansas Statutes Annotated

## MEMORANDUM BRIEF IN SUPPORT OF THE
## PETITION FOR RELIEF PURSUANT TO K.S.A. 60-1507

COMES NOW the Petitioner, Juan Larin. by and through his attorney of record, Gary Owens,

of the Law Office of Roger L. Falk & Associates, P.A.. and respectfully submits the following

memorandum brief in support of his Petition for Relief Pursuant to K.S.A. 60-1507.

### Factual Background

The Petitioner was charged with Aggravated Battery, contrary to K.S.A. 21-3414(a)(1)(A),

in Sedgwick County District Court Case No. 99 CR 2312.  Pursuant to a plea agreement between the

Petitioner and the State of Kansas. the State amended the complaint by interlineation in an attempt

to charge the Petitioner with Aggravated Battery under K.S.A. 21-3414(a)(1)(B) (a copy of the

-1-

complaint is attached to this brief as Exhibit A). The Petitioner's plea was accepted by the Court and he was sentenced to 24 months of probation with an underlying sentence of 12 months imprisonment. However, the journal entry reflects a conviction pursuant to K.S.A. 21-3414(a)(1)(A), although listed as a severity level 7 offense.

### Arguments and Authorities

**THE TRIAL COURT LACKED JURISDICTION TO CONVICT THE PETITIONER OF AGGRAVATED BATTERY BECAUSE THE COMPLAINT OMITTED ESSENTIAL ELEMENTS OF THE CRIME.**

An indictment, or the equivalent, is the jurisdictional instrument upon which a defendant stands trial. *See, State v. Howell*, 226 Kan. 511, 513, 601 P.2d 141 (1979). The general governing rule is that if an allegation of an information may be true and the defendant still innocent of the offense defined in the statute, the information is jurisdictionally defective. *Howell*, at 513-14, quoting *State v. Jamieson*, 206 Kan. 491, Syl. P.2, 480 P.2d 87 (1971). In the present case the Movant is claiming that the Complaint charging him with aggravated battery omitted essential elements of those crimes. The Movant makes no claims concerning the accuracy of the facts alleged in the Complaint. The Movant, however, notes that because they omit essential elements of the crimes they attempt to charge they do not charge any crime and thus, are jurisdictionally defective. Because the Complaint was jurisdictionally defective the trial court lacked jurisdiction to convict the Movant. *See, Howell* at 514.

It is also important to note that the Movant did not waive this jurisdictional issue by not raising it on direct appeal. When a prisoner asserts that the district court was without jurisdiction to impose a sentence, the prisoner may move the court to vacate the sentence at any time. *Carmichael v. State*, 18 Kan.App.2d 435, 443, 856 P.2d 934 (1993), *aff'd* and *rev'd on other*

-2-

*grounds.* 255 Kan. 10, 872 P.2d 240 (1994). The controlling authority on this issue is K.S.A. 60-

1507 and Supreme Court Rule 183. K.S.A. 60-1507 states:

> (a) Motion attacking sentence. **A prisoner in custody under sentence of
> a court of general jurisdiction claiming the right to be released upon
> the ground** that the sentence was imposed in violation of the
> constitution or laws of the United States, or the constitution or laws
> of the state of Kansas, or **that the court was without jurisdiction to
> impose such sentence**, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, **may at any time move the court which imposed the sentence to
> vacate, set aside or correct the sentence.**

> (b) Hearing and judgment. Unless the motion and the files and records
> of the case conclusively show that the prisoner is entitled to no
> relief, the court shall cause notice thereof to be served upon the
> county attorney, grant a prompt hearing thereon, determine the issues
> and make findings of fact and conclusions of law with respect thereto.
> The court may entertain and determine such motion without requiring
> the production of the prisoner at the hearing. **If the court finds that
> the judgment was rendered without jurisdiction,** or that the sentence
> imposed was not authorized by law or is otherwise open to collateral
> attack, or that there has been such a denial or infringement of the
> constitutional rights of the prisoner as to render the judgment
> vulnerable to collateral attack, **the court shall vacate and set the
> judgment aside and shall discharge the prisoner** or resentence said
> prisoner or grant a new trial or correct the sentence as may appear
> appropriate.

> (c) Successive motions. The sentencing court shall not be required to
> entertain a second or successive motion for similar relief on behalf
> of the same prisoner.

> (d) Appeal. An appeal may be taken to the appellate court as provided
> by law from the order entered on the motion as from a final judgment
> on application for a writ of habeas corpus.

> (e) Exclusiveness of remedy. An application for a writ of habeas
> corpus in behalf of a prisoner who is authorized to apply for relief
> by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced said applicant, or that such court has

-3-

> denied said applicant relief. unless it also appears that the remedy
> by motion is inadequate or ineffective to test the legality of said
> applicant's detention. (Emphasis added.)

Thus. K.S.A. 60-1507 authorizes the Movant to raise his claim that the district court did not have

jurisdiction to impose sentence upon him at any time without having to raise that issue on direct

appeal.

Supreme Court Rule 183 limits and clarifies what issues can be raised via K.S.A. 60-1507.

Supreme Court Rule 183 provides:

> (a) Nature of Remedy. K.S.A. 60-1507 is intended to provide in a
> sentencing court a remedy exactly commensurate with that which had
> previously been available by habeas corpus in district courts in whose
> jurisdiction the prisoner was confined. A motion challenging the
> validity of a sentence is an independent civil action which should be
> separately docketed. and the procedure before the trial court and on
> appeal to the Court of Appeals is governed by the Rules of Civil
> Procedure insofar as applicable. No cost deposit shall be required.
> When the motion is received and filed by the clerk. he shall forthwith
> deliver a copy thereof to the county attorney and make an entry of
> such fact in the appearance docket.
>
> (b) Exclusiveness of Remedy. The remedy afforded by K.S.A. 60-1507
> dealing with motions to vacate, set aside or correct sentences is
> exclusive. if adequate and effective. and a prisoner cannot maintain
> habeas corpus proceedings before or after a motion for relief under
> the section.
>
> (c) When Remedy May Be Invoked. (1) The provisions of K.S.A. 60-1507
> may be invoked only by one in custody claiming the right to be
> released. (2) a motion to vacate, set aside or correct a sentence
> cannot be maintained while an appeal from the conviction and sentence
> is pending or during the time within which an appeal may be perfected,
> (3) a **proceeding under K.S.A. 60-1507 cannot ordinarily be used as a
> substitute for direct appeal involving mere trial errors or as a
> substitute for a second appeal.  Mere trial errors are to be corrected
> by direct appeal. but trial errors affecting constitutional rights may
> be raised even though the error could have been raised on appeal,
> provided there were exceptional circumstances excusing the failure to**

-4-

**appeal.**

(d) Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

(e) Sufficiency of Motion. A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto which shall be furnished by the court.

(f) Hearing. Unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief, the court shall notify the county attorney and grant a prompt hearing. "Prompt" means as soon as reasonably possible considering other urgent business of the court. All proceedings on the motion shall be recorded by the official court reporter.

(g) Burden of Proof. The movant has the burden of establishing his grounds for relief by a preponderance of the evidence.

(h) Presence of Prisoner. The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present.

(i) Right to Counsel. If a motion presents substantial questions of law or triable issues of fact the court shall appoint counsel to assist the movant if he is an indigent person.

(j) Judgment. The court shall make findings of fact and conclusions of law on all issues presented.

(k) Appeal. An appeal may be taken to the Court of Appeals from the order entered on the motion as in a civil case.

(l) Costs. If the court finds that a movant desiring to appeal is an indigent person it shall authorize an appeal in forma pauperis and

-5-

furnish him without cost such portions of the transcript of such
proceeding as are necessary for appellate review.

(m) Attorney.  If a movant desires to appeal and contends he is
without means to employ counsel to perfect the appeal, the district
court shall, if satisfied that the movant is an indigent person,
appoint competent counsel to conduct such appeal.  If for good cause
shown appointed counsel is permitted to withdraw while the case is
pending in either the district court or the supreme court, the
district court shall appoint new counsel in his stead. (Emphasis added).

The exceptional circumstance requirement of Rule 183(c)(3) applies only to trial errors affecting

constitutional rights and not to jurisdictional questions. *Carmichael v. State*, 18 Kan.App.2d 435,

443, 856 P.2d 934 (1993), *aff'd* and *rev'd on other grounds*, 255 Kan. 10, 872 P.2d 240 (1994).

Rule 183 does not require a showing of exceptional circumstances excusing failure to raise the issue

of jurisdiction in a direct appeal. *Id.* at 943-44.  Thus, the Movant is not barred from raising the claim

that the district court did not have jurisdiction to impose sentence upon him because Movant did not

raise that issue at trial level or on direct appeal.

An information that omits an essential element of the crime it attempts to charge is

jurisdictionally and fatally defective and a conviction of that offense must be reversed. *State v. Hall*,

246 Kan. 728, 747, 793 P.2d 737 (1990), *citing*, *State v. Wilson*, 240 Kan. 606, 607, 731 P.2d 306

(1987).  The statute governing charging documents is K.S.A. 22-3201, which states:

a) Prosecutions in the district court shall be upon complaint,
indictment or information.

(b) The complaint, information or indictment shall be a plain and
concise written **statement of the essential facts** constituting the
crime charged, which complaint, information or indictment, drawn in
the language of the statute, shall be deemed sufficient. The precise
time of the commission of an offense need not be stated in the
indictment or information; but it is sufficient if shown to have been
within the statute of limitations, except where the time is an

-6-

indispensable ingredient in the offense. An indictment shall be signed by the presiding juror of the grand jury. An information shall be signed by the county attorney, the attorney general or any legally appointed assistant or deputy of either. A complaint shall be signed by some person with knowledge of the facts. Allegations made in one count may be incorporated by reference in another count. The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule and regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall be not ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant.

(c) When relevant, the complaint, information or indictment shall also allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale.

(d) The court may strike surplusage from the complaint, information or indictment.

(e) The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced.

(f) When a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars. At the trial the state's evidence shall be confined to the particulars of the bill.

(g) Except as otherwise provided, the prosecuting attorney shall endorse the names of all witnesses known to the prosecuting attorney upon the complaint, information and indictment at the time of filing it. Except as otherwise provided, the prosecuting attorney may endorse on it the names of other witnesses that may afterward become known to the prosecuting attorney, at times that the court may by rule or otherwise prescribe. If any witness is to testify and the prosecuting attorney believes the witness who has provided information is in danger of intimidation or retaliation, the prosecuting attorney may delay identifying such informant witness until such informant witness

actually testifies but in no event shall identification of a witness be delayed beyond arraignment without further order of the court after hearing and an opportunity of the defendant to be heard. (Emphasis added)

Subsection (b) of K.S.A. 22-3201 states that a complaint, information or indictment must contain the essential facts constituting the offense charged. While a charging document may be written in "the language of the statute", citation to a statute cannot substitute for a missing element of a charge. *State v. Crane*, 260 Kan. 208, 223, 918 P.2d 1256 (1996), *citing, State v. Jackson*, 239 Kan. 463, 466, 721 P.2d 232 (1986). Incorporation by reference cannot be implied or inferred, it must be explicit. *Id*. Furthermore, even if a proper jury instruction concerning the charge would not remedy the defect in the charging document. *Crane*, at 223-24, *citing, State v. Howell*, 226 Kan. 511, 513 601 P.2d 1141 (1979).

In the present case the Movant was charged with aggravated battery. The complaint charging the Movant reads:

> COMES NOW MARGARET A. MCINTIRE, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of said State gives the court to understand and be informed that in the county of Sedgwick, and the State of Kansas, and on or about the 22nd day of August, 1999, A.D., one JUAN * LARIN did then and there unlawfully, intentionally cause great bodily harm or disfigurement to another person, to whit: Isarael Rosas;

> Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, Severity Level 4, Person Felony.

Count I was amended to read:

> COMES NOW MARGARET A. MCINTIRE, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of said State gives the court to understand and be informed that in the county of Sedgwick, and the State of Kansas, and on or about the 22nd day of August, 1999, A.D., one JUAN * LARIN did then and there unlawfully, intentionally in a manner whereby he could have cause great bodily harm or disfigurement to another person, to whit: Isarael Rosas;

Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, Severity Level 7, Person Felony.

Aggravated battery is defined in K.S.A. 21-3414 as:

**21-3414. Aggravated battery.** (a) Aggravated battery is:

(1)(A) Intentionally causing great bodily harm to another person or disfigurement of another person; or

(B) Intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

(C) Intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

(2)(A) Recklessly causing great bodily harm to another person or disfigurement of another person; or

(B) Recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.

(b) Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsection (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in subsection (a)(2)(B) is a severity level 8, person felony. A person convicted of aggravated battery shall be subject to the provisions of subsection (h) of K.S.A. 21-4704 and amendments thereto.

It is readily apparent that the original language charged the Movant with aggravated battery under subsection (a)(1)(A). The amendment to the complaint is apparently trying to charge aggravated battery under either subsection (a)(1)(B) or (a)(1)(C) but it has omitted the essential element of causing bodily harm or physical contact in a rude, insulting or angry manner. Therefore, the charging document is jurisdictionally and fatally defective and Movant's conviction based on that document must be reversed. *See, State v. Hall*, 246 Kan. 728, 747, 793 P.2d 737 (1990).

-9-

The proper procedure to be used by a defendant claiming that a charging document is defective is to file a motion for arrest of judgment pursuant to K.S.A. 22-3502. *Id* at 760. If the motion is denied by the trial court the denial may be appealed to the Court of Appeals or to the Supreme Court. *Id*. If a defendant does not file a motion for arrest of judgment and raises the issue of a defective charging instrument for the first time on appeal the "tardily" challenged charging document is to be liberally construed in favor of validity. *Id*. at 764. The elements of the offense may be gleamed from the charging document as a whole and the charging document will be upheld unless it is deemed to be so defective that it does not by any reasonable construction charge the offense the defendant has been convicted of. *Id*. Of paramount importance to the analysis is: (a) whether the defendant prejudiced in preparing a defense; (b) whether the defendant's ability to plead the conviction was impaired and; (c) whether any of the defendant's substantial rights to a fair trial where limited. *Id*. at 765. If the defendant did file a motion for arrest of judgment and that motion was denied by the district court the charging document is to be judged by the pre-*Hall* standard. *Id*. at 764.

The issue before the court is jurisdictional and thus, may be raised at any time. The Movant filed a proper motion pursuant to K.S.A. 60-1507 and is not barred from raising this jurisdictional issue by either K.S.A. 60-1507 or Supreme Court Rule 183. The Complaint and information are fatally defective as they omit the necessary element of bodily harm (in the case of subsection [a][1][B]) or physical contact in a rude, insulting or angry manner (in the case of subsection [a][1][C]). A fatally defective charging document does not confer jurisdiction to the district court. The district court did not have jurisdiction to impose sentence on the defendant.

-10-

Respectfully submitted.

ROGER L. FALK & ASSOCIATES. P.A.

By: _____

Gary W. Owens, Ks.Sp.Ct. #16012
Attorney for Petitioner,
Juan Larin