

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 21 2003

Michael N. Milby
Clerk of Court

```
JUAN LARIN-ULLOA,             )
    Petitioner,               )
                              )
v.                            )    C.A. B-02-107
                              )
JOHN ASHCROFT, et al.         )
_____)
```

**EXHIBIT "Q" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, through counsel, respectfully submits a copy of the Nunc Pro Tunc Order of the Sentencing Court, granting relief, and specifying that his conviction is under K.S.A. 21-3414(a)(1)(C). Also submitted is a copy of his motion to reopen to the BIA, which is being sent this day by overnight express.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586          Fed. ID. 1178
(956) 421-3226                Texas Bar 03052800
(956) 421-3423 (fax)

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2003, a copy of the foregoing, with attachment, was mailed first-class postage prepaid to Paul Fiorino, Attorney, OIL, Box 878, Ben Franklin Sta., Washington, D.C. 20044.

BKD/acf

# ORDER NUNC PRO TUNC
## JOURNAL ENTRY OF JUDGMENT


FILED COPY  2003 NOV 14 A 9 21

### SECTION I. CASE IDENTIFICATION INFORMATION

| Case Name | Court O.R.I. Number | K.B.I. Number |
|---|---|---|
| STATE v. JUAN LARIN<br>SSN: 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<br>ADDRESS: 2348 South Greenwood<br>Wichita, Kansas 67211 | KSO8702SG | |

| County | Court Case Number | Sentencing Judge | Sentencing Date |
|---|---|---|---|
| SEDGWICK | 99CR2312 | CLARK V. OWENS, II | 3/28/00 |

| Type of Counsel | Type of Trial | Date of Conviction | Pre-Trial Status of Offender |
|---|---|---|---|
| Retained | Plea | 1/31/00 | Released on Bond |

### SECTION II. CRIMINAL HISTORY CLASSIFICATION

| Offender's Overall Criminal History Classification as Found by the Court: | Objections to Criminal History<br>No | If Yes, By: |
|---|---|---|
| Nondrug   I | Court's Ruling on Objection: | |

### SECTION III. SENTENCING DISPOSITION FOR COUNT

| PRIMARY Offense of Conviction<br><br>AGGRAVATED BATTERY<br><br>Count No. _1_  Date of Offense _8/22/99_ | K.S.A. Number<br><br>21-3414<br>(a)(1)(C) | Grade of Offense<br><br>Felony<br><br>Person | Offense Severity Level<br><br>Level _7_<br><br>Nondrug Grid | Case Tracking No.<br><br>308729901068 |
|---|---|---|---|---|

| Presumptive Sentencing Range: | Mid _12_ | High _13_ | Low _11_ | Presumptive Prison |
|---|---|---|---|---|

| Sentence Imposed:<br><br>Probation for  __24__ months<br>Underlying Prison Term  __12__ months | Guideline Range Imposed<br><br>Mid | Special Rule Applicable to Sentence:<br><br>-- Person felony committed with a firearm |
|---|---|---|

| Postrelease Supervision Term:<br><br>12 months | Probation to:<br><br>Community Corrections Field Services |
|---|---|

State v. Juan Larin
Case No. 99CR2312
Page - 2 -

## SECTION V: CONDITIONS

**General/Special Conditions of Probation**
In addition to the provisions set forth in K.S.A. 21-4610, the defendant is ordered to comply with the following special conditions of probation:
- Obey the laws of the United States, the State of Kansas, and any other jurisdiction to whose laws he/she may be subject.
- Report to Community Corrections (I.S.O.) as directed.
- Remain within the area of the State of Kansas unless permission to leave is first obtained from the Court.
- Notify the I.S.O. within 24 hours of changes in employment, residence, and phone number.
- No possession or consumption of alcohol or drugs without a legal prescription from a physician.
- Gain and maintain employment; if unemployed longer than 2 weeks, defendant must perform 15 hours of community service per week and spend 20 hours per week seeking employment.
- Avoid injurious or vicious habits as directed by I.S.O.
- Avoid persons or places of disreputable or harmful character as directed by I.S.O.
- Obey all rules, regulations, and requirements of Community Corrections.

| Costs Ordered: | Comments: |
|---|---|
| Total Restitution . . . . . . . . . . . . . . . . . . . . $ 3,000.00<br>Court Costs . . . . . . . . . . . . . . . . . . . . . . . . . 134.50<br>Probation Fee . . . . . . . . . . . . . . . . . . . . . . . 50.00<br>Booking Fee . . . . . . . . . . . . . . . . . . . . . . . . 33.00 | Restitution to be paid to the Clerk of this Court and shall be disbursed as follows:<br>Wesley Medical Center . . . . . . . . . . . . . . . . . . . . . . . . $ 3,000.00<br>Attn: Patient Accounts (#8535075 - Rios-Rosas, Israel)<br>P.O. Box 47130<br>Wichita, Kansas 67201 |

## SECTION VI: RECAP OF SENTENCE

| Total Period of Confinement in DOC:<br>12 months | Prior Case(s) to Which the Current Sentence is to Run Concurrent or Consecutive: | | |
|---|---|---|---|
| **Probation Period**<br>24 months | **Postrelease Period**<br>12 months | **Sentence Begins Date:** | **Maximum Good Time Credit**<br>15% |

**Dates of Jail Credit Earned**

| Dates in Custody | Location | Number of Days |
|---|---|---|
| 8/22/99 to 8/31/99 | Sedgwick County Jail | 10 |
| | Total Days of Jail Credit Earned = | 10 Days |

**Additional Comments:**

- The Court has ensured that the defendant has been processed and fingerprinted.

- The Court has informed the offender of the prohibition against carrying a firearm pursuant to K.S.A. 21-4204 and amendments thereto.

- The Court imposes a nonprison sentence upon finding that an appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; and the nonprison sanction will serve community safety interests by promoting offender reformation.

State v. Juan Larin
Case No. 99CR2312
Page - 3 -

| *[signature]* | 11-14-03 |
|---|---|
| **CLARK V. OWENS, II**<br>**JUDGE OF THE DISTRICT COURT** | Date |

| *[signature]* | *[signature]* |
|---|---|
| BARRY K. DISNEY, #13284<br>Assistant District Attorney | THOMAS T. INKELAAR, #13504<br>Attorney for Defendant GARY W. OWENS<br>#16012 |
| Address:  Sedgwick County Courthouse<br>535 North Main<br>Wichita, Kansas  67203 | Address:  727 North Waco, Suite 275<br>Wichita, Kansas  67203 |
| Phone No.: (316) 383-7281 | Phone No.: (316) 265-3390 |

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.
Dated this __14__ day of __November__, __03__
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

*[SEAL: DISTRICT COURT SEDGWICK COUNTY, KANSAS]*

**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS**

In re

**JUAN LARIN-ULLOA
A92 800 131**

### RESPONDENT'S MOTION TO REOPEN AND TERMINATE PROCEEDINGS

Respondent, through the undersigned, files the instant motion to reopen, and to terminate proceedings. He urges that, in accordance with the Order Nunc Pro Tunc, filed November 14, 2003, specifying that the conviction was under K.S.A. 21-3414(a)(1)(C), he is not removable as charged. Under Fifth Circuit precedent, said offense is not a "crime of violence" within the meaning of 8 U.S.C. §1101(a)(43)(F).[1] Although prior counsel "admitted" that the conviction was under K.S.A. 21-3414(a)(1)(A), the record showed on its face that this was not the case. Similarly, although there were indications that, as the Board previously found, the plea had been under 21-3414(a)(1)(B), this was also incorrect, as shown by the attached Order. Exhibit A, herein incorporated by reference.

### I. BACKGROUND

By decision dated August 20, 2003, the Board rejected Mr. Larin's claim that the prior Judgment was void on its face. In said Decision, the BIA read the information as charging that he had committed an "aggravated battery" in a manner whereby great bodily harm could have been inflicted. The Board did not, however, address Mr. Larin's argument that in order for the "aggravated battery" to have been under K.S.A. §21-3414(a)(1)(B), the information would also have had to allege that Mr. Larin had "caus[ed] bodily harm" to the victim, and that the information included no such allegation. Absent such an allegation in the

---

[1] Mr. Larin would advise the Board that its prior decision, issued August 20, 2003, is currently under review by the Fifth Circuit, No. 03-60721.

information, Mr. Larin asserted, the judgment was void on its face. This is the primary argument he intended to raise in his pending petition to the U.S. Court of Appeals for the Fifth Circuit.

In the interim, however, Mr. Larin mounted a successful effort to reform the judgment. As he argued to this Board, even under the most liberal interpretation of the information, it cannot allege any offense under K.S.A. §21-3414 other than that of K.S.A. §21-3414(a)(1)(C), also a level 7 offense, but one which requires only "physical contact," i.e. touching, and involves neither the use of force or bodily injury. [2] As a result, the Judgment has been amended nunc pro tunc. Since the action of the Sentencing Court was based on the infirmity in the initial judgment, rather then a rehabilitative statute, or for equitable reasons, it is congizable under *Matter of Pickering,* 23 I&N Dec. 621 (BIA 2003). *See also, Matter of Song,* 23 I&N Dec. 173 (BIA 2001) (giving effect to a judgment re-sentencing an immigrant from one year to 360 days, as removing offense from category of "aggravated felony."). Therefore, the instant proceedings must be reopened and terminated.

---

[2] Because the determination of whether the offense is a crime of violence is a categorical one, the finding that it was committed with a firearm, as a "special rule applicable to sentence," does not change the character of the offense. *See, U.S. v. Gracia-Cantu,* 302 F.3d 308, 312 (5th Cir. 2002), quoting *U.S. v. Chapa-Garza,* 243 F.3d 921 (5th Cir. 2001):

> The words "by its nature" [in 18 U.S.C. §§ 16(b)] require us to employ a categorical approach when determining whether an offense is a crime of violence. This means that the particular facts of the defendant's prior conviction do not matter, e.g.[,] whether the defendant actually did use force against the person or property of another to commit the offense. The proper inquiry is whether a particular defined offense, in the abstract, is a crime of violence under 18 U.S.C. §§ 16(b).

2

## II. ISSUES PRESENTED

A. MR. LARIN IS ENTITLED TO RAISE THESE ISSUES, NOTWITHSTANDING 8 C.F.R. §1003.1(d)(2)(i)(B), INSOFAR AS HE HAS COMPLIED WITH THE REQUISITES OF *MATTER OF LOZADA,* 19 I&N Dec. 637 (BIA 1988).

B. IT IS NOW CLEAR THAT MR. LARIN HAS BEEN CONVICTED UNDER K.S.A. §21-3414(a)(1)(C), WHICH IS NOT A CRIME OF VIOLENCE.

## III. ARGUMENT

A. MR. LARIN IS ENTITLED TO RAISE THESE ISSUES, NOTWITHSTANDING 8 C.F.R. §1003.1(d)(2)(i)(B), INSOFAR AS HE HAS COMPLIED WITH THE REQUISITES OF *MATTER OF LOZADA,* 19 I&N Dec. 637 (BIA 1988).

In his appeal to the BIA, Mr. Larin urged that, as seen from the Notice to Appear as found in the record of proceedings, with the notes made by the Immigration Judge as to how Respondent pled to the allegations, (all of which were admitted), prior counsel made an extremely important error: he "admitted" that Respondent's conviction was under Kansas Statutes Annotated 21-3414(a)(1)(A). Unfortunately, the Immigration Judge followed that erroneous admission, finding that the Respondent had been convicted of an aggravated felony. This was incorrect. As Mr. Larin argued on appeal, the Information shows on its face that it was redacted by interlineation, and the offense to which he pled guilty was **not** K.S.A. §21-3414(a)(1)(A).

To the contrary, as the Sentencing Court has now found, if it charged any offense at all, it was, at best, under K.S.A. §21-3414(a)(1)(C). As a result of prior counsel's error, however, Mr. Larin has been unnecessarily detained for almost two years. And he has fully complied with the requisites of *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988), so that he could raise these issues.

B. **IT IS NOW CLEAR THAT MR. LARIN HAS BEEN CONVICTED UNDER K.S.A. §21-3414(a)(1)(C), WHICH IS NOT A CRIME OF VIOLENCE.**

It is now clear that Mr. Larin's conviction lies under the second clause of K.S.A. §21-3414(a)(1)(C), to wit:

> 21-3414. Aggravated battery.
> (a) Aggravated battery is:
> (1) ...
> (C) intentionally causing physical contact with another person when done ... in any manner whereby great bodily harm, disfigurement or death can be inflicted ...

Mr. Larin submits that said offense is not a crime of violence within the meaning of 18 U.S.C. §16. Under Kansas law, all that is required to constitute an offense under §21-3414(a)(1)(C) is that one "intentionally caus[e] physical contact" in a manner which could have caused great harm. However, the statute does not require that such harm ever materialized. Therefore, the offense does not require that force have been used, as would be necessary for it to constitute a crime of violence under §16(a).

Nor is it required that the intentional physical contact have been performed with the **knowledge** that it might cause such harm, or even that he was reckless with respect to the fact that such harm might occur, let alone with the **intention** to cause this harm. *See, State v. Esher*, 922 P.2d 1123 (1996):

> The language of 21-3414(a)(1)(C) simply requires proof that the defendant *intentionally* caused physical contact with another person. The statute, thus, incorporates the general intent required by 21-3201. Notably, however, the statute does not identify or require a further particular intent which must accompany the prohibited acts. Esher contends that 21-3414(a)(1)(C) should be read to require an "intent to injure." This contention is without merit. Although the pre-1993 version of the aggravated battery statute required proof of "the unlawful touching or application of force to the person of another *with intent to injure* that person or another," K.S.A. 21-3414 (Ensley 1988), the legislature deleted the "intent to injure"

4

language when it adopted the current version of the statute. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the Page 785 amendment." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). Moreover, when a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.

*Kansas v. Esher* is also significant for its discussion of the prior history of the statute, which demonstrates that the Kansas legislature distinguished between unlawful touching, (contact), and the use of force. *Id.* at 1127 (emphasis added):

Contrary to Esher's contention that the current version of 21-3414(a)(1)(C) should be construed like the pre-1993 aggravated battery statute, the reference to "intentionally causing physical contact" in the current statute more closely parallels the language of the pre-1993 battery statute, K.S.A. 21-3412 (Ensley 1988). Battery under that statute was the "unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." The Supreme Court has concluded that battery under the pre-1993 statute does not require proof of the specific intent to injure. See *State v. Seely*, 212 Kan. 195, 203, 510 P.2d 115 (1973).

The Fifth Circuit has also held that not all "physical contact" involves the use of force. In *U.S. v. Rodriguez-Guzman*, 56 F.3d 18,20 n.8 (5th Cir. 1995), the Fifth Circuit defined the term "force" as used in 18 U.S.C. §16(b):

We perforce interpret "force" to mean more than the mere asportation of some property of the victim. The clear import of defining a "crime of violence" is that "force" as used in the definition is synonymous with destructive or violent force.

Therefore, for example, consensual sexual relations do not involve a "use of force" as used in 18 U.S.C. §16. However, if one partner were infected with HIV, such relations would constitute an offense under §21-3414(a)(1)(C), even if the infected partner had fully disclosed the infection, and had taken precautionary measures. The contact was intentional, and since such devices sometimes fail, "great bodily harm, disfigurement or death" could result.

Such a scenario would not constitute crimes of violence under *U.S. v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001) ("substantial risk that physical force... may be used" contemplates only reckless disregard for the probability that *intentional* force may be employed). Similarly, because the statute does not require that the harm, or injury, actually occurred, it would fail the "results-oriented" test of *U.S. v. Gracia-Cantu, supra* at 312-13:

> Utilizing the categorical approach endorsed by this court in *Chapa-Garza* and other cases, we focus only on the offense of injury to a child as defined under Texas law and not on the particular facts of Gracia-Cantu's conviction. Section 22.04(a) criminalizes acts or omissions that intentionally, knowingly, recklessly, or negligently result in injury to a child. *See* Tex. Penal Code Ann. § 22.04(a). Thus, as noted above, the culpable mental state relates to the result of a defendant's conduct rather than to the conduct itself. *See Patterson*, 46 S.W.3d at 301.

Therefore, under the categorical approach, K.S.A. §21-3414(a)(1)(C) is neither a crime of violence nor an aggravated felony, and the instant proceedings must be reopened, and terminated.

Respectfully Submitted,

*Lisa S. Brodyaga*

6

Lisa S. Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
(956) 421-3226

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with attachment, was mailed, first-class postage prepaid, to DHS District Counsel, P.O. Box 1711, Harlingen, Texas 78551, on November 14, 2003.



NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

**TYPE OF PROCEEDING:**
- [ ] Deportation
- [ ] Removal
- [ ] Exclusion
- [ ] Bond Redetermination
- [x] Motion to Reopen/Reconsider
- [ ] Rescission
- [ ] Disciplinary

**DATE:** 11/14/03

**ALIEN NUMBER(S)** (list lead alien number and all family member alien numbers if applicable): A92 600 131

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

**NAME** (First) Juan (Middle Initial) (Last) LARIN-ULLOA

**ADDRESS** (Number & Street) c/o PISPC Rt 3 Box 341 (Apt. No.) (City) Los Fresnos (State) TX (Zip Code) 78566

Please check one of the following:

[x] 1. I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

**Name(s) of Court(s):** Texas

**State Bar No. (if applicable):** 03052800

(Please use space on reverse side to list additional jurisdictions.)

I am not (or am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice law.

[ ] 2. I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization): _____

[ ] 3. I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**SIGNATURE OF ATTORNEY OR REPRESENTATIVE:** [signature]

**TELEPHONE NUMBER** (include Area Code): 956 421 3226

**DATE:** 11/14/03

**NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT):**
Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

**ADDRESS:** [ ] Check here if this is a new address

**Certificate of Service**

I, Lisa Brodyaga (Name), mailed or delivered a copy of the foregoing on 11/14/03 (Date), to the Immigration and Naturalization Service at PO Box 1711 Harlingen Tx 78551 (Address)

X [signature]
Signature of Attorney or Representative

OMB#1125-0005

FORM EOIR-27
August 99

(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)

(Internet Version)