IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN LARIN-ULLOA | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | B-02-107 |
| JOHN ASHCROFT, et al. | ) | |
| | ) | |
|     Respondent. | ) | |
| | ) | |

**RESPONDENTS' OPPOSED MOTION TO DISMISS
THE PETITION FOR WRIT OF HABEAS CORPUS
WITH INCORPORATED POINTS AND AUTHORITIES**

COME NOW the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and file this Opposed Motion to Dismiss the Petition for Writ of Habeas Corpus with Incorporated Points and Authorities in this case.  The petition for writ of habeas corpus should be dismissed.  I have spoken to Lisa Brodyaga and she is opposed to this motion.

**STATEMENT OF THE FACTS**

The Petitioner, Juan Larin-Ulloa ("Larin-Ulloa") is an alien who has had his case remanded to the Board of Immigration Appeals ("Board") after the Fifth Circuit Court of Appeals ("Fifth

Circuit") found Larin-Ulloa was not subject to removal on the grounds charged. The case is now before the Board.

Immigration Judge Eleazar Tovar set a bond of $1500 for Larin-Ulloa. Ms. Brodyaga paid the bond and Larin-Ulloa was released on September 1, 2006. He has returned to Kansas, his prior place of residence.

Larin-Ulloa reserved appeal of the bond redetermination. However, by notice dated September 12, 2006, the Board rejected his appeal for failing to pay the required fee of $110 or filing a Fee Waiver Request Form (EOIR 26A). Government Exhibit "A". It is unknown whether he has cured the problem and resubmitted his Notice of Appeal.

Larin-Ulloa's immigration case is pending at the Board.[1] Larin-Ulloa's removability is at issue. The Government has not determined whether there are other grounds for which Larin-Ulloa may be removable from the United States. The Government has not reached that determination in part because the Board has not set

---

[1] A call to the Board's 1-800 number, used to determine the status of a case, did not indicate whether the case was being considered by the Board on remand. It may be possible that the Board is unaware of the remand and, therefore, has not set up a briefing schedule. The situation is unclear to the Government at this time.

J

up any briefing schedule for briefs in support of the respective positions.

Therefore, Government's conclusion of Larin-Ulloa's present position is: (1) he has been released from detention on a $1500 bond paid for by his attorney, Lisa Brodyaga; (2) his case has been remanded to the Board to determine if he is removable from the United States; and (3) the Government is unclear where the immigration case stands in respect to the remand.

### ARGUMENT

#### I. THIS PETITION SHOULD BE DISMISSED BECAUSE PETITIONER RESIDES OUTSIDE THE JURISDICTION OF THIS COURT.

Larin-Ulloa is no longer detained by the Department of Homeland Security. Government Exhibit "B". He is free and living in Wichita, Kansas.

Since Larin-Ulloa is not detained by the Department of Homeland Security and is now residing in Wichita, Kansas, jurisdiction with this Court is improper. Therefore, the case should be dismissed.

K

## II.  THE PETITIONER NO LONGER HAS A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE HIS CASE HAS BEEN REMANDED TO THE BOARD FOR FUTHER CONSIDERATION.

Larin-Ulloa's main argument on his petition for habeas corpus is that he is not subject to removal as charged in the Notice to Appear.  Incidental to that claim is that he was being detained and should be released from custody.  The Fifth Circuit found Larin-Ulloa's convictions were not aggravated felonies and remanded the case to the Board for reconsideration based on the finding.  That has been done.

As for his detention claim, he has been released from detention.  His claimed disagreement with the immigration judge's conclusion notwithstanding, he no longer has a viable claim of unlawful detention before this Court.

Consequently, because the claims raised in this original habeas corpus have been taken care of, his petition for writ of habeas corpus should be dismissed.

L

**CONCLUSION**

Based on the foregoing, the Petition for Writ of Habeas Corpus should be dismissed.

                                    Respectfully submitted,

                                    MICHAEL T. SHELBY
                                  United States Attorney
                                  Southern District of Texas

                                  /s/ Lisa M. Putnam
                                  LISA M. PUTNAM
                                  Special Assistant U.S. Attorney
                                  P.O. Box 1711
                                  Harlingen, Texas 78551
                                  Tel: (956) 389-7051
                                  Georgia Bar No. 590315
November 9, 2006                  Federal Bar No. 23937

M

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Opposed Motion to Dismiss the Petition for Habeaus Corpus with Incorporated Points and Authorities was automatically accomplished through the Notice of Electronic Filing, on November 9, 2006, to Lisa Brodyaga, Esquire.

/s/ Lisa M. Putnam _____
LISA M. PUTNAM
Special Assistant United States Attorney

N