OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN LARIN-ULLOA,<br>    Petitioner,<br><br>V.<br><br>JOHN ASHCROFT, ET AL<br>    Respondents. | §<br>§<br>§<br>§   CIVIL ACTION NO. B-02-107<br>§<br>§<br>§ |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Juan Larin-Ulloa's 28 U.S.C. § 2241 Application for Writ of Habeas Corpus (Doc. #2) seeking a declaratory judgment declaring that the indefinite detention of a lawful permanent resident, without bond, during pendency of removal proceedings, 8 U.S.C. § 1226(c)(1), violates both substantive and procedural due process.  Petitioner also seeks a preliminary and permanent injunction, restraining and enjoining Respondent from holding him as a "mandatory detainee" pursuant to 8 U.S.C. § 1226(c)(1) without affording a bond hearing.   For the reasons set out below, Petitioner's 28 U.S.C. § 2241 Application for Writ of Habeas Corpus should be DENIED.

### Background

Petitioner Larin-Ulloa, a citizen of El Salvador, entered the United States on May 11, 1981, without inspection.  He adjusted his status to that of a lawful permanent resident on November 28, 1984 (Doc. #17).

On March 18, 2000, Petitioner was convicted in the District Court of Sedgewick County, Kansas, for the offense of aggravated battery with the use of a firearm, in violation of K.S.A. 21-3414.  He was sentenced to 12 months confinement and two years probation.

On January 24, 2002, a Notice to Appear was issued by the Immigration and Naturalization Service, charging Petitioner with removal under Immigration and Naturalization Act, Sec. 237(a)(2)(A)(iii), as an alien convicted of an aggravated felony (Doc. #43).  On March 14, 2002, the Petitioner appeared before an immigration judge and admitted he was convicted but denied he was convicted of the charges as stated in the Notice to Appear.  Petitioner claimed that he pleaded guilty to a lessor offense.  Petitioner argued that the charges originally cited in the charging instrument were amended by interlineation, pursuant to a plea bargain, to a lessor offense.  Unfortunately, the preprinted statutory charge was not changed in the order of conviction corresponding with the charging instrument.  The immigration judge found that the INS had sufficiently proven Petitioner had been convicted of an aggravated felony upon the presentation of the conviction documents.

On that same date, the immigration judge found that he had no jurisdiction to set a bond for Petitioner because he had been convicted of an aggravated felony, pursuant to 8 U.S.C. § 1226(c), which makes detention of aliens convicted of an aggravated felony mandatory.  Petitioner appealed to the Board of Immigration Appeals (BIA) on the denial of the bond.  On June 25, 2002, the BIA affirmed the immigration judge's decision to deny bond.

It must be noted that subsequent to Petitioner's denial of a bond on March 14, 2002, he made an application with the immigration judge for relief from removal under the Convention Against Torture.  Petitioner's claims were denied on May 22, 2002.  He appealed to the BIA on June 10, 2002.  In this appeal he argued he was not convicted of

2

an aggravated felony.  This appeal was pending at the time he filed the 28 U.S.C. § 2241 Application currently under consideration in this Court.

On August 24, 2006, the Fifth Circuit Court of Appeals issued its decision concluding that Larin-Ulloa had not been convicted of an aggravated felony (Doc. #57).  Larin-Ulloa subsequently requested a new bond hearing.

On September 1, 2006, Immigration Judge Eleazar Tovar granted Larin-Ulloa a $1,500.00 bond and ordered his release upon payment of same (Doc. #60–see custody order of the immigration judge).  The bond amount was paid by Larin-Ulloa's attorney and he was released from custody (Doc. #60).  Larin-Ulloa has returned to Kansas, his place of residence (Doc. #64).

## **Discussion**

Petitioner Larin-Ulloa filed the Writ of Habeas Corpus while detained by the government.  Since the immigration judge's decision on September 1, 2006, granting his request for a bond pending his appeal to the BIA, Petitioner Larin-Ulloa was released from detention.  Accordingly, he no longer has a present interest for which this Court could grant the relief requested and thus his claim for relief is moot.  Likewise, because Petitioner Larin-Ulloa is not detained by the Department of Homeland Security, he no longer meets the custody requirement for a Habeas Corpus Motion.  28 U.S.C. § 2241(c)(3).  Lastly, should Petitioner Larin-Ulloa seek to challenge the immigration's decisions regarding his deportation, the 5th Circuit of Appeals is the appropriate court to seek review.  8 U.S.C. § 1252(b)(2).

### Recommendation

It is therefore RECOMMENDED that Larin-Ulloa's 28 U.S.C. § 2241 Writ of Habeas Corpus be DENIED and that Respondent John Ashcroft's Motion to Dismiss (Doc. #64) be GRANTED.

### Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of April 2007.

Felix Recio
United States Magistrate Judge